UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

DENNIS DIMON,
    Plaintiff

05-11073 REK

vs.

COMPLAINT

MICHAEL B. LATTI, LATTI
ASSOCIATES, LATTI & ANDERSON
LLP, METROPOLITAN LIFE
INSURANCE COMPANY, KEMPER
INSURANCE COMPANY, and
MORGAN STANLEY DW, INC.,
    Defendants

MAGISTRATE JUDGE _____

AMOUNT $ N/A
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED

5/73/05

## INTRODUCTION

1. This is a contract and malpractice action for monetary relief resulting from the premature cancellation of the plaintiff's structured settlement payments, which occurred on or about May 5, 2003 when the defendants ceased paying the settlement due the plaintiff as a result of a personal injury action in 1983. The plaintiff released the defendant shipowner in his personal injury action in consideration of a life annuity guaranteed for 20 years which the court approved. The plaintiff asserts a cause of action against the defendants based upon their breach of the settlement contract and for the breach of fiduciary duties by his former attorney.

## JURISDICTION

2. Jurisdiction is proper pursuant to 28 U.S.C., sec. 1332(a). Venue is proper in the

1

District Court of Massachusetts pursuant to 28 U.S.C., sec. 1391(c).

## PARTIES

3. The plaintiff, Dennis Dimon, is of legal age and resides in West Kingston, Rhode Island.

4. The defendant, Michael B. Latti, is now a resident of the State of Maine and a lawyer licensed to practice law in the Commonwealth of Massachusetts who formerly resided in and practiced law in the Commonwealth of Massachusetts in 1983.

5. The defendant, Latti Associates, was a law firm created under the laws of the Commonwealth of Massachusetts by Michael B. Latti, with a principal place of business at 30-31 Union Wharf, Boston, Massachusetts.

6. The defendant, Latti & Anderson, LLP, is a law firm created under the laws of the Commonwealth of Massachusetts, with a principal place of business at 30-31 Union Wharf, Boston, Massachusetts and is the successor in interest to Latti Associates.

7. The defendant, Metropolitan Life Insurance Company is an insurance company with a principal place of business in New York, New York, and regularly conducts business in the Commonwealth of Massachusetts.

8. The defendant, Kemper Insurance Company is an insurance company with a principal place of business in Long Grove, Illinois, which regularly conducts business in the Commonwealth of Massachusetts.

9. The defendant, Morgan Stanley, is a brokerage company with a principal place of business in New York, New York, and regularly conducts business in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

10. In 1981, the plaintiff was severely injured while serving as a member of the crew aboard the F/V/ JENNY C, resulting in the loss of his eye.

11. On or about February 4, 1983, following a trial, a jury awarded the plaintiff $710,000 for his injuries against the defendant, Jenny C., Inc.

12. The plaintiff was represented at all times for the trial and subsequent settlement by Latti Associates, operated under the authority of Michael B. Latti.

13. Latti & Anderson, LLP is the successor in interest to Latti Associates.

14. Following the verdict, the parties entered into a settlement agreement, approved by the United States District Court for the District of Rhode Island and a *guardian ad litem* appointed by the court, providing the plaintiff with a lump sum payment of $250,000 and an annuity for the life of the plaintiff and guaranteed for twenty (20) years which would continue for the life of the plaintiff. The annuity would pay the plaintiff a set amount (beginning at $1,450.45) each month with the amount increasing by three (3) percent each year.

15. Prior to the settlement the court appointed Leonard Decof, Esquire as *guardian ad litem* to review the settlement and to report to the court.

16. The *guardian ad litem* was appointed by the court due to the plaintiff's inability to read or understand the settlement contract and was an extra measure by the court to protect the plaintiff even though he had separate counsel through Latti Associates.

17. American Motorists Insurance Company (now Kemper Insurance Company) applied for the annuity.

18. Dean Witter, Inc.(now Morgan Stanley), acting as the agent and broker for American Motorists Insurance Company, arranged for the lifetime annuity.

19. The defendant Metropolitan Life Insurance Company (formerly Charter Security Insurance Company), provided the annuity beginning June 5, 1983.

20. On or about June 14, 1983, Charter Security Life Insurance (now Metropolitan Life Insurance Company) informed Dean Witter, Inc. (now Morgan Stanley) that a clerical error had been made on the annuity contract and that the contract should have read for 240 months (20 years) rather than for life with a guarantee of twenty (20) years.

21. On or about September 26, 1983, Charter Security Life Insurance (now Metropolitan Life Insurance Company) informed American Motorists (now Kemper Insurance) and Latti Associates of the clerical error described in paragraph 20.

22. A supplementary document changing the contract from life, guaranteed for twenty (20) years to twenty (20) years only was forwarded to each of the insurance companies and Latti Associates.

23. The plaintiff was not advised of this change nor was the court or *guardian ad litem* informed of the alleged clerical error upon which the plaintiff, court, and *guardian ad litem* had relied in accepting the settlement agreement.

24. On May 5, 2003, the defendant Metropolitan Life Insurance Company, stopped payment on the plaintiff's settlement, stating that the annuity was only for a fixed period of twenty years rather than for the life of the plaintiff.

25. Upon the suspension of payments, the plaintiff attempted to contact his former lawyer at Latti Associates, now Latti & Anderson, but was informed that no file

33. The defendant failed to act reasonably in not informing the plaintiff of the alleged clerical error changing the terms of the annuity.

34. Due to the actions of the defendant, the plaintiff suffered financial loss.

### REQUEST FOR RELIEF

1. That this Court, under Count II, enter judgment in favor of the plaintiff.

2. For such other relief as this Court deems appropriate.

### COUNT III
(Dennis Dimon v. Michael B. Latti -
Breach of Contract)

35. Paragraphs 1-34 are realleged and incorporated by reference.

36. The plaintiff and the defendant entered into a contract for the defendant to provide legal representation for injuries suffered by the plaintiff in a fishing boat accident.

37. The defendant breached this contract by failing to provide competent legal representation, in failing to inform the plaintiff of an alleged clerical error changing the plaintiff's settlement agreement, and failing to ensure that the plaintiff understood the alleged changes to the settlement agreement.

38. The plaintiff suffered financial losses as a result of the defendant's breach of contract.

### REQUEST FOR RELIEF

1. That this Court, under Count III, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2. For such other relief as this Court deems appropriate.

### COUNT IV
### (Dennis Dimon v. Latti Associates-
### Breach of Fiduciary Duty)

39. Paragraphs 1-38 are realleged and incorporated by reference.

40. A lawyer has a duty to act in the best interest of his client and not to act in any way adverse or contrary to the interests of the client.

41. The plaintiff relied upon the defendant law firm for advice, counsel, and information in order to make an informed decision prior to entering into any settlement agreement whereby the plaintiff would forfeit his rights to future compensation for his injuries.

42. Due to the defendant's breach, the plaintiff has suffered financial loss.

### REQUEST FOR RELIEF

1. That this Court, under Count IV, enter judgment in favor of the plaintiff against the defendant for breach of fiduciary duty.

2. For such other relief as this Court deems appropriate.

### COUNT V
### (Dennis Dimon v. Latti Associates -
### Negligence)

43. Paragraphs 1-42 are realleged and incorporated by reference.

44. A lawyer has a duty to act with reasonable care and to use the skill of a reasonably competent lawyer in representing a client.

45. The defendant failed to act reasonably in not informing the plaintiff and ensuring that the plaintiff understood the changes to the settlement agreement.

46. Due to the actions of the defendant, the plaintiff suffered financial loss.

REQUEST FOR RELIEF

1. That this Court, under Count V, enter judgment in favor of the plaintiff.

2. For such other relief as this Court deems appropriate.

### COUNT VI
(Dennis Dimon v. Latti Associates - Breach of Contract)

47. Paragraphs 1-46 are realleged and incorporated by reference.

48. The plaintiff and the defendant entered into a contract for whereby the defendant was to provide legal representation for injuries suffered by the plaintiff in a fishing accident.

49. The defendant breached this contract by failing to provide competent legal representation, failing to inform the plaintiff of changes to the plaintiff's settlement agreement, and failing to ensure that the plaintiff understood the changes to the settlement agreement.

50. The plaintiff suffered financial losses as a result of the defendant's breach of contract.

REQUEST FOR RELIEF

1. That this Court, under Count VI, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2. For such other relief as this Court deems appropriate.

### COUNT VII
(Dennis Dimon v. Latti & Anderson LLP - Breach of Fiduciary Duty)

51. Paragraphs 1-50 are realleged and incorporated by reference.

52. A lawyer has a duty to act in the best interest of his client and not to act in any way adverse or contrary to the interests of the client.

53. The plaintiff relied upon the defendant for advice, counsel, and information in order to make an informed decision prior to entering into any settlement agreement whereby the plaintiff would forfeit his rights to future compensation for his injuries.

54. Due to the defendant's breach, the plaintiff has suffered financial loss.

### REQUEST FOR RELIEF

1. That this Court, under Count VII, enter judgment in favor of the plaintiff against the defendant for breach of fiduciary duty

2. For such other relief as this Court deems appropriate.

### COUNT VIII
(Dennis Dimon v. Latti & Anderson LLP -
Negligence)

55. Paragraphs 1-54 are realleged and incorporated by reference.

56. A lawyer has a duty to act with reasonable care and to use the skill of a reasonably competent lawyer in representing a client.

57. The defendant failed to act reasonably in not informing the plaintiff and ensuring that the plaintiff understood the changes to the settlement agreement.

58. Due to the actions of the defendant, the plaintiff suffered financial loss.

### REQUEST FOR RELIEF

1. That this Court, under Count VII, enter judgment in favor of the plaintiff.

2. For such other relief as this Court deems appropriate.

## COUNT IX
(Dennis Dimon v. Latti & Anderson LLP -
Breach of Contract)

59. Paragraphs 1-58 are realleged and incorporated by reference.

60. The plaintiff and the defendant entered into a contract for whereby the defendant was to provide legal representation for injuries suffered by the plaintiff in a fishing accident.

61. The defendant breached this contract by failing to provide competent legal representation, failing to inform the plaintiff of changes to the plaintiff's settlement agreement, and failing to ensure that the plaintiff understood the changes to the settlement agreement.

62. The plaintiff suffered financial losses as a result of the defendant's breach of contract.

## REQUEST FOR RELIEF

1. That this Court, under Count IX, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2. For such other relief as this Court deems appropriate.

## COUNT X
(Dennis Dimon v. Metropolitan Life Insurance Company -
Breach of Contract)

63. Paragraphs 1-62 are realleged and incorporated by reference.

64. The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

65. The defendant breached this contract by altering the agreement after the contract was

signed and approved by the court and for failing to perform the contract.

66. The plaintiff suffered financial losses as a result of the defendant's breach of contract.

### REQUEST FOR RELIEF

1. That this Court, under Count X, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2. For such other relief as this Court deems appropriate.

### COUNT XI
(Dennis Dimon v. Metropolitan Life Insurance Company - Negligent Misrepresentation)

67. Paragraphs 1-66 are realleged and incorporated by reference.

68. The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

69. The defendant negligently misrepresented the terms of the contract, stating that the contract was for life, guaranteed for 20 years.

70. The plaintiff relied on the representation of counsel and this defendant as manifested in the original contract approved by the court and suffered financial losses as a result of the defendant's negligent misrepresentation in altering the contract.

### REQUEST FOR RELIEF

1. That this Court, under Count XI, enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this Court deems appropriate.

## COUNT XII
(Dennis Dimon v. Kemper Insurance Company -
Breach of Contract)

71. Paragraphs 1-70 are realleged and incorporated by reference.

72. The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

73. The defendant breached this contract by altering the agreement after the contract was signed and approved by the court and for failing to perform the contract.

74. The plaintiff suffered financial losses as a result of the defendant's breach of contract.

## REQUEST FOR RELIEF

1. That this Court, under Count XII, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2. For such other relief as this Court deems appropriate.

## COUNT XIII
(Dennis Dimon v. Kemper Insurance Company -
Negligent Misrepresentation)

75. Paragraphs 1-74 are realleged and incorporated by reference.

76. The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

77. The defendant negligently misrepresented the terms of the contract, stating that the contract was for life, guaranteed for 20 years.

78. The plaintiff relied on the representation of counsel and this defendant as manifested

12

in the original contract approved by the court and suffered financial losses as a result of the defendant's negligent misrepresentation in altering the contract.

### REQUEST FOR RELIEF

1. That this Court, under Count XIII, enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this Court deems appropriate.

### COUNT XIV
(Dennis Dimon v. Morgan Stanley - Breach of Contract)

79. Paragraphs 1-78 are realleged and incorporated by reference.

80. The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

81. The defendant breached this contract by altering the agreement after the contract was signed and approved by the court and for failing to perform the contract.

82. The plaintiff suffered financial losses as a result of the defendant's breach of contract.

### REQUEST FOR RELIEF

1. That this Court, under Count XIV, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2. For such other relief as this Court deems appropriate.

## COUNT XV
### (Dennis Dimon v. Morgan Stanley - Breach of Fiduciary Duty)

83. Paragraphs 1-81 are realleged and incorporated by reference.

84. A broker has a duty to act in the best interest of his client and not to act in any way adverse or contrary to the interests of the client.

85. The plaintiff relied upon the defendant for advice, counsel, and information in order to make an informed decision prior to entering into any settlement agreement whereby the plaintiff would forfeit his rights to future compensation for his injuries.

86. Due to the defendant's breach, the plaintiff has suffered financial loss.

### REQUEST FOR RELIEF

1. That this Court, under Count XV, enter judgment in favor of the plaintiff against the defendant for breach of fiduciary duty

2. For such other relief as this Court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
By his attorney

DATED: **MAY 20, 2005**

David B. Kaplan, Esq.
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue
Suite 301
Boston, MA 02210
(617) 261-0080
BBO #258540

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Dennis Dimon v. Michael B. Latti__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   X III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES    (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES    (NO)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      (EASTERN DIVISION)        CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David B. Kaplan__
ADDRESS __88 Black Falcon Avenue, Suite 301, Boston, MA 02110__
TELEPHONE NO. __617-261-0080__

(Cover sheet local.wpd - 11/27/00)

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dennis Dimon

### DEFENDANTS
Michael B. Latti, Latti Associates, Latti & Anderson, LLP, Metropolitan Life Ins., Co., Kemper Ins. Co., and Morgan Stanley, DW, Inc.

(b) County of Residence of First Listed Plaintiff  Washington, RI
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David B. Kaplan
88 Black Falcon Ave, Suite 301, Boston, MA 02110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Breach of Contract, Breach of Fiduciary Duty, Neg. Misrepresentation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 5/23/05
SIGNATURE OF ATTORNEY OF RECORD  /s/ David B Kaplan

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____