UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-11073 REK |
| | ) |
| MICHAEL B. LATTI, LATTI ASSOCIATES, | ) |
| LATTI & ANDERSON LLP, METROPOLITAN | ) |
| LIFE INSURANCE CO., KEMPER INSURANCE | ) |
| CO., and MORGAN STANLEY DW, INC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT LATTI & ANDERSON LLP'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Latti & Anderson LLP ("the Defendant") hereby answers the Complaint of Dennis Dimon ("the plaintiff") as follows:

### FIRST DEFENSE

1. The first paragraph contains an introductory statement to which no answer is required. To the extent an answer is required, Defendant states that the Complaint speaks for itself.

2. The Defendant denies that jurisdiction pursuant to 28 U.S.C., sec. 1332(a) is proper because the amount in controversy does not exceed $75,000.00. The Defendant admits the truth of the remaining allegations of paragraph 2 of the Complaint.

## PARTIES

3. Admitted.

4. The Defendant admits the truth of the allegations contained in paragraph 4 and further states that Micheal Latti has been a resident of Maine for approximately 15 years.

5. Admitted.

6. The Defendant admits that Latti & Anderson LLP is a law firm created under the laws of Massachusetts and has a principal place of business at 30-31 Union Warf, Boston, Massachusetts. The Defendant denies that Latti & Anderson LLP is the successor in interest to Latti Associates.

7. Admitted.

8. Admitted.

9. Admitted.

## FACTUAL ALLEGATIONS

10. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore calls upon the plaintiff to prove the same.

11. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore calls upon the plaintiff to prove the same.

12. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore calls upon the plaintiff to prove the same.

13. Denied.

14. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore calls upon the plaintiff to prove the same.

15. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore calls upon the plaintiff to prove the same.

16. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore calls upon the plaintiff to prove the same.

17. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore calls upon the plaintiff to prove the same.

18. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore calls upon the plaintiff to prove the same.

19. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore calls upon the plaintiff to prove the same.

20. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore calls upon the plaintiff to prove the same.

21. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore calls upon the plaintiff to prove the same.

22. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore calls upon the plaintiff to prove the same.

23. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore calls upon the plaintiff to prove the same.

24. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore calls upon the plaintiff to prove the same.

25. The Defendant admits that the plaintiff's wife telephoned Latti & Anderson LLP regarding the cessation of annuity payments. The Defendant admits that Latti & Anderson LLP does not possess a file regarding the plaintiff. The Defendant denies the remaining allegations of paragraph 25 of the Complaint.

## COUNTS I – VI

Counts I through VI are not directed to the Defendant and therefore no responses are necessary. To the extent those counts allege facts concerning the Defendant, those facts are denied.

## COUNT VII
(Dennis Dimon v. Latti & Anderson LLP –
Breach of Fiduciary Duty)

51.     The Defendant hereby repeats and realleges its answers to paragraphs 1 through 50 of the Complaint and incorporates them herein by reference.

52.     Paragraph 52 purports to make a conclusion of law to which no response by the Defendants is required.

53.     Denied.

54.     Denied.

## COUNT VIII
(Dennis Dimon v. Latti & Anderson LLP –
Negligence)

55.     The Defendant hereby repeats and realleges its answers to paragraphs 1 through 54 of the Complaint and incorporate them herein by reference.

56.     Paragraph 56 purports to make a conclusion of law to which no response by the Defendants is required.

57.     Denied.

58.     Denied.

## COUNTS IX
(Dennis Dimon v. Latti & Anderson LLP –
Breach of Contract)

59.     The Defendant hereby repeats and realleges its answers to paragraphs 1 through 58 of the Complaint and incorporates them herein by reference.

60.     Denied.

61.     Denied.

62.     Denied.

### Counts X through XV

Counts X through XV are not directed to the Defendant and therefore no responses are necessary. To the extent those counts allege facts concerning the Defendant, those facts are denied.

### SECOND DEFENSE

The Complaint, and each count thereof, fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

The claims against the Defendant are barred by the applicable statutes of limitation.

### FOURTH DEFENSE

The claims against the Defendant are barred by the doctrine of laches.

### FIFTH DEFENSE

The claims against the Defendant are barred by estoppel.

### SIXTH DEFENSE

The claims against the Defendant must fail for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000.

### SEVENTH DEFENSE

The claims against the Defendant must fail for insufficiency of process.

### EIGHT DEFENSE

The claims against the Defendant are barred by the plaintiff's own comparative negligence.

<u>NINTH DEFENSE</u>

The claims against the Defendant must fail because the plaintiff has failed to sufficiently alleged damages.

<u>TENTH DEFENSE</u>

The claims against the Defendant must fail because the plaintiff has failed to sufficiently allege causation.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.

By its attorneys,

*[signature]*

J. Owen Todd (BBO #499480)
John E. DeWick (BBO #654723)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on June 28, 2005

*[signature]*