UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DENNIS DIMON, )
)
Plaintiff, )
)
v. )
) Civil Action No. 05-11073 REK
)
MICHAEL B. LATTI, LATTI ASSOCIATES, )
LATTI & ANDERSON LLP, METROPOLITAN )
LIFE INSURANCE CO., KEMPER INSURANCE )
CO., and MORGAN STANLEY DW, INC. )
)
Defendants. )
---

## DEFENDANT MICHAEL LATTI'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Michael Latti ("the Defendant") hereby answers the Complaint of Dennis Dimon ("the plaintiff") as follows:

### FIRST DEFENSE

1. The first paragraph contains an introductory statement to which no answer is required. To the extent an answer is required, Defendant states that the Complaint speaks for itself.

2. The Defendant denies that jurisdiction pursuant to 28 U.S.C., sec. 1332(a) is proper because the amount in controversy does not exceed $75,000.00. The Defendant denies that venue is proper as the Defendant does not and has not lived in the Commonwealth of Massachusetts for approximately 15 years.

## PARTIES

3. Admitted.

4. The Defendant admits the truth of the allegations contained in paragraph 4 and further states that Defandant has been a resident of Maine for approximately 15 years.

5. Admitted.

6. The Defendant admits that Latti & Anderson LLP is a law firm existing under the laws of Massachusetts and has a principal place of business at 30-31 Union Warf, Boston, Massachusetts. The Defendant denies that Latti & Anderson LLP is the successor in interest to Latti Associates.

7. Admitted.

8. Admitted.

9. Admitted.

## FACTUAL ALLEGATIONS

10. The Defendant admits that the plaintiff was injured while working on a fishing vessel. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint, and therefore calls upon the plaintiff to prove the same.

11. Admitted.

12. The Defendant asserts that attorneys Joseph Flannery and Roger Hughes of Latti Associates represented the plaintiff at his jury trial, and that the Defendant participated to some degree in a settlement involving the plaintiff. The Defendant does

not understand the remaining allegations contained in paragraph 12 of the Complaint, and therefore cannot respond to them.

13. Denied.

14. The Defendant admits that following a jury trial, the plaintiff entered into a settlement agreement. The Defendant admits that the settlement provided for a lump sum payment of $250,000, and asserts that it also provided for an annuity in the amount of $175,000. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore calls upon the plaintiff to prove the same.

15. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore calls upon the plaintiff to prove the same.

16. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore calls upon the plaintiff to prove the same.

17. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore calls upon the plaintiff to prove the same.

18. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore calls upon the plaintiff to prove the same.

19. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore calls upon the plaintiff to prove the same.

20. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore calls upon the plaintiff to prove the same.

21. The Defendant denies that he or Latti Associates was informed of the alleged clerical error referenced in paragraphs 20 and 21 of the Complaint. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and therefore call upon the plaintiff to prove the same.

22. The Defendant denies that the "supplementary document" referenced in paragraph 22 of the Complaint was forwarded to him or Latti Associates. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and therefore calls upon the plaintiff to prove the same.

23. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore calls upon the plaintiff to prove the same.

24. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore calls upon the plaintiff to prove the same.

25. The Defendant admits that the plaintiff's wife telephoned Latti & Anderson LLP regarding the cessation of annuity payments. The Defendant admits that Latti & Anderson LLP does not possess a file regarding the plaintiff. The Defendant denies the remaining allegations of paragraph 25 of the Complaint.

COUNT I
(Dennis Dimon v. Michael B. Latti –
Breach of Fiduciary Duty)

26. The Defendant hereby repeats and realleges its answers to paragraphs 1 through 25 of the Complaint and incorporates them herein by reference.

27. Paragraph 27 purports to make a conclusion of law to which no response by the Defendant is required.

28. Denied.

29. Denied.

30. Denied.

COUNT II
(Dennis Dimon v. Michael B. Latti –
Negligence)

31. The Defendant hereby repeats and realleges its answers to paragraphs 1 through 30 of the Complaint and incorporates them herein by reference.

32. Paragraph 32 purports to make a conclusion of law to which no response by the Defendant is required.

33. Denied.

34. Denied.

## COUNT III
### (Dennis Dimon v. Michael B. Latti – Breach of Contract)

35. The Defendant hereby repeats and realleges its answers to paragraphs 1 through 34 of the Complaint and incorporates them herein by reference.

36. The Defendant admits that the offices of Latti Associates represented Mr. Dimon in connection with a personal injury action, that said personal injury action took place on a fishing boat, and that it was the custom and practice of Latti Associates to enter into contingency fee agreements with individuals whom it represented in personal injury actions. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint, and therefore calls upon the plaintiff to prove the same.

37. Denied.

38. Denied.

### Counts IV through XV

Counts X through XV are not directed to the Defendant and therefore no responses are necessary. To the extent those counts allege facts concerning the Defendant, those facts are denied.

### SECOND DEFENSE

The Complaint, and each count thereof, fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

The claims against the Defendant are barred by the applicable statutes of limitation.

## FOURTH DEFENSE

The claims against the Defendant are barred by the doctrine of laches.

## FIFTH DEFENSE

The claims against the Defendant are barred by estoppel.

## SIXTH DEFENSE

The claims against the Defendant must fail for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000.

## SEVENTH DEFENSE

The claims against the Defendant must fail for insufficiency of process.

## EIGHT DEFENSE

The claims against the Defendant are barred by the plaintiff's own comparative negligence.

## NINTH DEFENSE

The claims against the Defendant must fail because the plaintiff has failed to sufficiently alleged damages.

## TENTH DEFENSE

The claims against the Defendant must fail because the plaintiff has failed to sufficiently allege causation.

## ELEVENTH DEFENSE

The claims against the Defendant must fail because the plaintiff has been paid in full pursuant to the terms of the underlying settlement agreement.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.

By its attorneys,

_____
J. Owen Todd (BBO #499480)
John E. DeWick (BBO #654723)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on July 27, 2005

8