UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS DIMON　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　 :　C.A. No. 05-11073 REK
　　　　　　　　　　　　　　　　　　　　　　　　:
MICHAEL B. LATTI,　　　　　　　　　　　　　:
LATTI ASSOCIATES,　　　　　　　　　　　　　:
LATTI & ANDERSON LLP,　　　　　　　　　　 :
METROPOLITAN LIFE INSURANCE COMPANY,　:
KEMPER INSURANCE COMPANY, and　　　　　 :
MORGAN STANLEY DW, INC.　　　　　　　　　:

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT, KEMPER INSURANCE COMPANY

Defendant, Kemper Insurance Company ("Kemper"), by and through its undersigned counsel, hereby answers the complaint in this matter and avers as follows:

### INTRODUCTION

1.   The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied. To the extent that any averments of this paragraph may be deemed factual in nature, after reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments and, therefore, they are denied.

### JURISDICTION

2.   The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied.

- 2 -

## PARTIES

3. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

4. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

5. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

6. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

7. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

8. Admitted.

9. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

- 3 -

## FACTUAL ALLEGATIONS

10. Admitted that plaintiff was injured in 1981 and lost the use of an eye as a result. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, they are denied.

11. Denied as stated. By way of further answer, upon information and belief, the jury returned a verdict of $710,000, less $88,750, representing plaintiff's contributory negligence.

12. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

13. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

14. Admitted that following the verdict, the parties entered into a settlement agreement providing the plaintiff with a lump sum payment of $250,000 and an annuity that would pay the plaintiff a set amount each month, beginning at $1,450.45, and increasing by three (3) percent each year. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of this paragraph and, therefore, they are denied.

15. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

- 4 -

16. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

17. Denied as stated. Admitted only that American Motorists Insurance Company applied for the annuity. By way of further answer, American Motorists Insurance Company trades under the name of Kemper.

18. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

19. Admitted, upon information and belief.

20. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

21. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

22. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

23. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

24. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

25. After reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

### COUNT I
**(Dennis Dimon v. Michael B. Latti –
Breach of Fiduciary Duty)**

26. Kemper incorporates herein by reference its answers to paragraphs 1 through 25 above as if set forth at length.

27. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

28. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

29. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

30. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are

not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT II
### (Dennis Dimon v. Michael B. Latti – Negligence)

31.     Kemper incorporates herein by reference its answers to paragraphs 1 through 30 above as if set forth at length.

32.     The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

33.     The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

34.     The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT III
### (Dennis Dimon v. Michael B. Latti – Breach of Contract)

35. Kemper incorporates herein by reference its answers to paragraphs 1 through 34 above as if set forth at length.

36. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

37. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

38. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT IV
### (Dennis Dimon v. Latti Associates – Breach of Fiduciary Duty)

39. Kemper incorporates herein by reference its answers to paragraphs 1 through 38 above as if set forth at length.

40. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

41. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

42. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

**COUNT V**
**(Dennis Dimon v. Latti Associates –**
**Negligence)**

43. Kemper incorporates herein by reference its answers to paragraphs 1 through 42 above as if set forth at length.

44. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

45. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

46. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT VI
### (Dennis Dimon v. Latti Associates – Breach of Contract)

47. Kemper incorporates herein by reference its answers to paragraphs 1 through 46 above as if set forth at length.

48. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

49. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

50. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT VII
### (Dennis Dimon v. Latti & Anderson LLP – Breach of Fiduciary Duty)

51. Kemper incorporates herein by reference its answers to paragraphs 1 through 50 above as if set forth at length.

52. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

53. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

54. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

**COUNT VIII**
**(Dennis Dimon v. Latti & Anderson LLP –**
**Negligence)**

55. Kemper incorporates herein by reference its answers to paragraphs 1 through 54 above as if set forth at length.

56. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

57. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

58. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT IX
### (Dennis Dimon v. Latti & Anderson LLP –
### Breach of Contract)

59. Kemper incorporates herein by reference its answers to paragraphs 1 through 58 above as if set forth at length.

60. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

61. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

62. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT X
### (Dennis Dimon v. Metropolitan Life Insurance Company –
### Breach of Contract)

63. Kemper incorporates herein by reference its answers to paragraphs 1 through 62 above as if set forth at length.

64. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

65. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

66. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

### COUNT XI
### (Dennis Dimon v. Metropolitan Life Insurance Company – Negligent Misrepresentation)

67. Kemper incorporates herein by reference its answers to paragraphs 1 through 66 above as if set forth at length.

68. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

69. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

70. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT XII
### (Dennis Dimon v. Kemper Insurance Company – Breach of Contract)

71. Kemper incorporates herein by reference its answers to paragraphs 1 through 70 above as if set forth at length.

72. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied. To the extent that any averments of this paragraph may be deemed factual in nature, after reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments and, therefore, they are denied.

73. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied. To the extent that any averments of this paragraph may be deemed factual in nature, after reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments and, therefore, they are denied.

74. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied. To the extent that any averments of this paragraph may be deemed factual in nature, after reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments and, therefore, they are denied.

## COUNT XIII
### (Dennis Dimon v. Kemper Insurance Company – Negligent Misrepresentation)

75. Kemper incorporates herein by reference its answers to paragraphs 1 through 74 above as if set forth at length.

76. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied. To the extent that any averments of this paragraph may be deemed factual in nature, after reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments and, therefore, they are denied.

77. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied. To the extent that any averments of this paragraph may be deemed factual in nature, after reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments and, therefore, they are denied.

78. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required and, therefore, they are deemed denied. To the extent that any averments of this paragraph may be deemed factual in nature, after reasonable investigation, Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments and, therefore, they are denied.

## COUNT XIV
### (Dennis Dimon v. Morgan Stanley –
### Breach of Contract)

79. Kemper incorporates herein by reference its answers to paragraphs 1 through 78 above as if set forth at length.

80. The averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

81. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

82. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## COUNT XV
### (Dennis Dimon v. Morgan Stanley –
### Breach of Fiduciary Duty)

83. Kemper incorporates herein by reference its answers to paragraphs 1 through 82 above as if set forth at length.

84. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

85. Kemper is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

86. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further answer, the averments of this paragraph are not directed to Kemper and, therefore, no response is required. To the extent that any of the averments of this paragraph are directed against Kemper, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails, in whole or in part, to state a claim against Kemper upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000.

### Third Affirmative Defense

Plaintiff's claims against Kemper are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims against Kemper are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, laches, and/or unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims against Kemper are barred by plaintiff's comparative negligence.

### Sixth Affirmative Defense

Plaintiff's claims against Kemper are barred because plaintiff has suffered no damages.

### Seventh Affirmative Defense

Plaintiff's claims against Kemper are barred because plaintiff's damages, if any, were caused by the unauthorized acts of individuals or entities other than Kemper/

### Eighth Affirmative Defense

Plaintiff has failed to join one or more indispensable parties as defendants in this action.

### Ninth Affirmative Defense

Kemper hereby reserves the right to add additional affirmative defenses as discovery progresses in this matter.

WHEREFORE, defendant, Kemper Insurance Company, respectfully requests the Complaint in this matter be dismissed, and Kemper Insurance Company be awarded its attorneys fee and costs, together with such other and further relief as this Court deems appropriate

Respectfully submitted,

KEMPER INSURANCE COMPANY

By its Attorneys:

Kevin S. Murphy (BBO# 638335)
Matthew C. Welnicki (BBO# 647104)
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Flr.
Boston, MA 02108-2603
(617) 723-7900

Of counsel:
DRINKER BIDDLE & REATH LLP
Timothy J. O'Driscoll
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103
(215) 988-2865
Attorneys for Defendant,
Kemper Insurance Company