# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS DIMON,** | ) |
| **Plaintiff** | ) |
| | ) |
| **VS.** | ) |
| | ) **C. A. No: 05-11073 REK** |
| **MICHEAL B. LATTI, LATTI** | ) |
| **ASSOCIATES, LATTI & ANDERSON** | ) |
| **LLP, METROPOLITAN LIFE** | ) |
| **INSURANCE COMPANY, KEMPER** | ) |
| **INSURANCE COMPANY AND** | ) |
| **MORGAN STANLEY DW, INC.,** | ) |
| **Defendants.** | ) |

## ANSWER OF DEFENDANT
## METROPOLITAN LIFE INSURANCE COMPANY
## TO PLAINTIFF'S COMPLAINT

Defendant, Metropolitan Life Insurance Company ("MetLife"), responds as

follows to the allegations contained in Plaintiff's Complaint:

### INTRODUCTION

1.      As this paragraph is intended to be introductory in nature, no response is

required to be made by MetLife. To the extent this paragraph does or may be interpreted

to contain allegations that require a response, MetLife denies the allegations contained in

Paragraph 1 of Plaintiff's Complaint. MetLife further states that the various subtitles

used throughout Plaintiff's Complaint have been adopted in this Answer for purposes of

convenience and reference only and the use of such titles shall not be construed as an

admission of any allegations that may be contained therein, if any. To the extent such

1

titles do or may contain any allegations, MetLife hereby denies any and all such allegations as are or may be therein contained.

## JURISDICTION

2. As this paragraph is intended to be introductory in nature, no response is required to be made by MetLife. To the extent this paragraph does or may be interpreted to contain allegations that require a response, and to the extent this paragraph contains conclusions of law, MetLife denies the allegations contained in Paragraph 2 of Plaintiff's Complaint, and calls upon Plaintiff to prove same.

## PARTIES

3. MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

4. MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

5. MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

6. MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

7.     MetLife admits it is an insurance company organized under laws of the State of New York, with its principal place of business in New York, New York. Further, MetLife admits that it is licensed to do business in the Commonwealth of Massachusetts.

8.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

9.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

## FACTUAL ALLEGATIONS

10.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

11.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

12.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

13.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

14.     MetLife denies the allegations contained in Paragraph 14 of Plaintiff's Complaint as stated and calls upon Plaintiff to prove same.

15.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

16.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

17.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

18.     MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

19.     MetLife admits that Charter Security Life Insurance Company issued an annuity contract, and states the document at issue speaks for itself. MetLife further admits that benefits were provided to Plaintiff beginning June 5, 1983 by the terms and conditions of the Annuity. MetLife denies that the Annuity at issue, Policy #83A08153, (the "Annuity") was issued for life. MetLife denies the balance of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore calls upon Plaintiff to prove same.

20.     MetLife admits that the issue of a clerical error was raised by Charter Security Life Insurance Company. MetLife states that the Annuity was limited to a 20

4

year period. MetLife further admits that Co-Defendant Dean Witter/Morgan Stanley was on notice of the error. MetLife further state the documents at issue speak for themselves. MetLife denies the balance of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore calls upon Plaintiff to prove same.

21.     MetLife admits that the issue of a clerical error was raised by Charter Security Life Insurance Company. MetLife further states that Co-Defendants Kemper Insurance Company and Latti Associates were on notice of the error. MetLife further state the documents at issue speak for themselves. MetLife denies the balance of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore calls upon Plaintiff to prove same

22.     MetLife admits that co-defendants Kemper Insurance Company, Dean Witter/Morgan Stanley and Latti Associates were on notice of the clerical error. MetLife denies that it changed the contract and denies the balance of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and calls upon Plaintiff to prove same.

23.     MetLife denies that Plaintiff was not notified of the Annuity's limitation to 20 years. Plaintiff's agents were on notice. Further, MetLife lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

24.     MetLife admits that the Annuity was limited to 20 years and, by its terms and conditions, ended on May 5, 2003. To the extent this paragraph does or may be interpreted to contain other allegations that require a response, MetLife denies the

allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore calls upon Plaintiff to prove same.

25.    MetLife lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore denies said allegations and calls upon Plaintiff to prove same.

## COUNT I
(Dennis Dimon v. Michael B. Latti-
Breach of Fiduciary Duty)

26.    MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 25 of Plaintiff's Complaint.

27.    The allegations contained in this paragraph are directed at a party other than MetLife, therefore, no response is required from MetLife to the allegations contained in Paragraph 27 of Plaintiff's Complaint. Also, this paragraph is a statement containing a legal conclusion to which no response is required. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

28.    The allegations contained in this paragraph are directed at a party other than MetLife, therefore, no response is required from MetLife to the allegations contained in Paragraph 28 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

6

29. The allegations contained in this paragraph are directed at a party other than MetLife, therefore, no response is required from MetLife to the allegations contained in Paragraph 29 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

30. The allegations contained in this paragraph are directed at a party other than MetLife, therefore, no response is required from MetLife to the allegations contained in Paragraph 30 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT II
(Dennis Dimon v. Michael B. Latti-
Negligence)

31. MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 30 of Plaintiff's Complaint.

32. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 32 of Plaintiff's Complaint. Also, this paragraph is a statement containing a legal conclusion to which no response is required. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

7

33. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 33 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

34. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 34 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT III

(Dennis Dimon v. Michael B. Latti-
Breach of Contract)

35. MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 34 of Plaintiff's Complaint.

36. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 36 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

8

37. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 37 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

38. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 38 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT IV
(Dennis Dimon v. Latti Associates-
Breach of Fiduciary Duty)

39. MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 38 of Plaintiff's Complaint.

40. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 40 of Plaintiff's Complaint. Also, this paragraph is a statement containing a legal conclusion to which no response is required. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

41.    The allegations contained in this paragraph are directed at a party other
than MetLife, and therefore, no response is required from MetLife to the allegations
contained in Paragraph 41 of Plaintiff's Complaint. To the extent that the allegations
contained in said paragraph are or may be read to be directed to MetLife, and to the
extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife,
those allegations are denied.

42.    The allegations contained in this paragraph are directed at a party other
than MetLife, and therefore, no response is required from MetLife to the allegations
contained in Paragraph 42 of Plaintiff's Complaint. To the extent that the allegations
contained in said paragraph are or may be read to be directed to MetLife, and to the
extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife,
those allegations are denied.

## COUNT V
(Dennis Dimon v. Latti Associates-
Negligence)

43.    MetLife hereby incorporates by reference, as if fully restated herein, its
responses to paragraphs 1 through 42 of Plaintiff's Complaint.

44.    The allegations contained in this paragraph are directed at a party other
than MetLife, and therefore, no response is required from MetLife to the allegations
contained in Paragraph 44 of Plaintiff's Complaint. Also, this paragraph is a statement
containing a legal conclusion to which no response is required. To the extent that the
allegations contained in said paragraph are or may be read to be directed to MetLife, and
to the extent that any negligence, breach of contract or wrongdoing may be imputed to
MetLife, those allegations are denied.

45. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 45 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

46. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 46 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

### COUNT VI
(Dennis Dimon v. Latti Associates-
Breach of Contract)

47. MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 46 of Plaintiff's Complaint.

48. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 48 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

49.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 49 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

50.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 50 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT VII
(Dennis Dimon v. Latti & Anderson LLP-
Breach of Fiduciary Duty)

51.     MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 50 of Plaintiff's Complaint.

52.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 52 of Plaintiff's Complaint. Also, this paragraph is a statement containing a legal conclusion to which no response is required. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

53.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 53 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

54.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 54 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

**COUNT VIII**
(Dennis Dimon v. Latti & Anderson LLP-
Negligence)

55.     MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 54 of Plaintiff's Complaint.

56.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 56 of Plaintiff's Complaint. Also, this paragraph is a statement containing a legal conclusion to which no response is required. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

13

57.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 57 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

58.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 58 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT IX
(Dennis Dimon v. Latti & Anderson LLP-
Breach of Contract)

59.     MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 58 of Plaintiff's Complaint.

60.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 60 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

14

61. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 61 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

62. The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 62 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT X

(Dennis Dimon v. MetLife
Breach of Contract)

63. MetLife hereby incorporates by reference, as if fully restated herein, its responses to paragraphs 1 through 62 of Plaintiff's Complaint.

64. MetLife denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. MetLife denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. MetLife denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

15

## COUNT XI
### (Dennis Dimon v. MetLife
### Negligent Misrepresentation)

67.    MetLife hereby incorporates by reference, as if fully restated herein, its

responses to paragraphs 1 through 66 of Plaintiff's Complaint.

68.    MetLife denies the allegations contained in Paragraph 68 of Plaintiff's

Complaint.

69.    MetLife denies the allegations contained in Paragraph 69 of Plaintiff's

Complaint.

70.    MetLife denies the allegations contained in Paragraph 70 of Plaintiff's

Complaint.

## COUNT XII
### (Dennis Dimon v. Kemper Insurance Company
### Breach of Contract)

71.    MetLife hereby incorporates by reference as if fully restated herein its

responses to paragraphs 1 through 70 of Plaintiff's Complaint.

72.    The allegations contained in this paragraph are directed at a party other

than MetLife, and therefore, no response is required from MetLife to the allegations

contained in Paragraph 72 of Plaintiff's Complaint. To the extent that the allegations

contained in said paragraph are or may be read to be directed to MetLife, and to the

extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife,

those allegations are denied.

73.    The allegations contained in this paragraph are directed at a party other

than MetLife, and therefore, no response is required from MetLife to the allegations

contained in Paragraph 73 of Plaintiff's Complaint. To the extent that the allegations

16

contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

74.    The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 74 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT XIII
(Dennis Dimon v. Kemper Insurance Company
Negligent Misrepresentation)

75.    MetLife hereby incorporates by reference as if fully restated herein its responses to paragraphs 1 through 74 of Plaintiff's Complaint.

76.    The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 76 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

77.    The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 77 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the

17

extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

78.    The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 78 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT XIV
(Dennis Dimon v. Morgan Stanley
Breach of Contract)

79.    MetLife hereby incorporates by reference as if fully restated herein its responses to paragraphs 1 through 78 of Plaintiff's Complaint.

80.    The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 80 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

81.    The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 81 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the

18

extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

82.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 82 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

## COUNT XV
### (Dennis Dimon v. Morgan Stanley
### Breach of Fiduciary Duty)

83.     MetLife hereby incorporates by reference as if fully restated herein its responses to paragraphs 1 through 82 of Plaintiff's Complaint.

84.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 84 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

85.     The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 85 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the

extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

86.    The allegations contained in this paragraph are directed at a party other than MetLife, and therefore, no response is required from MetLife to the allegations contained in Paragraph 86 of Plaintiff's Complaint. To the extent that the allegations contained in said paragraph are or may be read to be directed to MetLife, and to the extent that any negligence, breach of contract or wrongdoing may be imputed to MetLife, those allegations are denied.

**WHEREFORE**, MetLife requests that this Honorable Court dismiss the Plaintiff's Complaint with prejudice, award MetLife its costs and attorneys' fees, and grant such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy certain conditions precedent and subsequent required to maintain this action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's action should be dismissed because he failed to demonstrate his eligibility under the terms and conditions of the annuity contract at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the plain and unambiguous terms of the annuity contract at issue.

### FOURTH AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's Complaint are wholly unsubstantial, frivolous and not advanced against MetLife in good faith, and MetLife is, therefore, entitled to recover reasonable attorney's fees, costs and expenses incurred in the defense of these allegations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because MetLife owes no duty to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages, if any, were wholly or predominantly caused by his own conduct or that of his agents, servants and/or employees and, therefore, Plaintiff is barred from any recovery in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to identify any conduct on the part of MetLife that is prohibited by statute, common law, or agreement of the parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from claiming tort damages as set forth in his Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to demand all or any portion of the claimed damages from Defendant.

Defendant,
Metropolitan Life Insurance Company,
By Its Attorneys,

_____
James J. Ciapciak (BBO # 552328)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
Tel: (781) 255-7401
Fax: (781) 255-7402

DATED: August 8, 2005

## CERTIFICATE OF SERVICE

I, James J. Ciapciak, hereby certify that the foregoing document was served by mailing a copy thereof, first class mail, postage pre-paid to Counsel of Record in this action on August 8, 2005.

_____
James J. Ciapciak