UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                        )
DENNIS DIMON,                           )
                                        )
              Plaintiff,                )
                                        )
      v.                                )
                                        )  Civil Action No. 05-11073 REK
                                        )
METROPOLITAN LIFE INSURANCE CO.,        )
KEMPER INSURANCE CO., MORGAN            )
STANLEY DW, INC.MICHAEL B. LATTI,       )
LATTI ASSOCIATES, and LATTI &           )
ANDERSON LLP,                           )
                                        )
              Defendants.               )
                                        )
```

## MICHAEL B. LATTI, LATTI ASSOCIATES, AND LATTI & ANDERSON LLP'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

Defendants Michael B. Latti, Latti Associates, and Latti & Anderson LLP (referred to

hereafter collectively as "Latti") hereby submit their initial disclosures pursuant to Federal Rule

of Civil Procedure 26(a).

**(A)**    The following individuals are likely to have discoverable information that Latti may use
to support its claims or defenses.

> 1.    Michael Latti
>        26 Surfpoint Road
>        York, ME 03909
>
> 2.    Carolyn Latti
>        Latti & Anderson LLP
>        30-31 Union Wharf
>        Boston, MA 02109

3.   Roger Hughes
     Hughes & Associates
     46 Accord Park Drive
     Norwell, MA 02061
     (781) 681-5100

     Roger Hughes was the Latti Associates attorney who represented Dennis Dimon
     in Dimon v. Jenny C., Inc. and who negotiated the structured settlement at issue.

4.   Leonard Decof
     One Smith Hill
     Providence, RI 02903
     (401) 272-1110

     Leonard Decof served as Mr. Dimon's *guardian ad litem* in connection with the
     settlement of Dimon v. Jenny C., Inc.

5.   Dennis Dimon

     Dennis Dimon is the plaintiff in this matter.

6.   Kathy Dimon

     Upon information and belief, Dennis Dimon's wife participated in discussions
     regarding the terms of the underlying settlement in question during the time that
     the settlement was being negotiated and approved by the court.

7.   Janice Dimon

     Upon information and belief, Dennis Dimon's mother participate in discussion
     regarding the terms of the underlying settlement in question during the time that
     the settlement was being negotiated and approved by the court.

Latti reserves the right to incorporate all witnesses identified by any other party in its
initial disclosure.

**(B)**    Attached at **Exhibit A** are copies of documents and things in Latti's possession, custody,
or control that Latti may use to support its claims or defenses.

Latti reserves the right to support its claims or defenses using any document identified or
produced by any other party in its initial disclosures.

**(C)**    Latti does not presently claim damages but reserves its right to do so at a later date,
including but not limited to indemnification.

2

**(D)**     Attached at **Exhibit B** is a copy of an insurance agreement that may available to satisfy part or all of a judgment against Latti.


MICHAEL B. LATTI, LATTI
ASSOCIATES, LATTI & ANDERSON
LLP

By their attorneys,

J. Owen Todd (BBO #499480)
John E. DeWick (BBO #654723)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626


Dated: 11/21/05

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail/hand on   11/21/05

3

| DIST. | OFF. | YR. | DOCKET NUMBER | FILING DATE MO DAY YEAR | J | N/S | O | D PTF DEF | R 23 | $ DEMAND | JUDGE/ MAG. NO. | COUNTY | JURY DEM. | YR. | DOCK N( |
|-------|------|-----|---------------|-------------------------|---|-----|---|-----------|------|----------|-----------------|--------|-----------|-----|---------|
| 103 | | 81 | 0063 | 2 9 81 | 3 | 340 | 1 | | | Nearest $1,000 1,200,000 | J 0304 M | 44009 | P | 81 | 0( |

**PLAINTIFFS**

DENNIS JAY DIMON

**DEFENDANTS**

JENNY C., INC.

**CAUSE**

(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE
IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

46 U.S.C. §688 (Jones Act)

**ATTORNEYS**

RH06

Roger E. Hughes, Jr.
Latti Associates
30-31 Union Wharf
Boston, Massachusetts  02109
617-523-1000

JF11
Joseph Flannery
LATTI ASSOCIATES
30-31 Union Wharf
Boston, MA  02109
617-362-0200

ES03
Edward P. Sowa, Jr.
410 Turks Head Bldg.
Providence, RI
521-6900.

JS05
Jerome B. Spunt → 274-4044
11 Park Row
Providence, RI  02903   751-
751-7551-home
WA-01 DRWL
W. Slater Allen, Jr.
515 Howard Bldg.
Providence, RI 02903
751-5954

GW02
Guys J. Wells
410 Turks Head Bldg.
Providence, RI
Co-counsel

C-2  Jones Act

| CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL CAR |  |
|---|---|---|---|---|---|
| ☐ | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE I |
| | 2-9-81 | $60 | | JS-5 JS-6 | 1-01-82 |

| 1981 | NR. | PROCEEDINGS |
|---|---|---|
| Feb 9 | | Complaint filed.<br>Affadaivt of Michael =B. Latti, filed.<br>Summons issued. jr |
| eb 10 | | Summons returned. cz |
| eb 17 | | Marshal's service form returned and filed. sc |
| Mar 2 | | Enter the appearance of Edward P. Sowa for the deft. cz |
| Mar 2 | | Deft's answer filed. cz |
| May 19 | | Pltffs' motion to compel production of documents filed. cz |
| May 19 | | Pltff's motion to compel answers filed. cz |
| May 21 | | Pltff's motion for an order for payment of maintenance and cure filed. cz |
| June 5 | | Pltf's motion to compel production of documents is granted. sc |
| June 5 | | Pltf's motion to compel answers to interros is granted. sc |
| June 10 | | Pltff's motion for an order for payment of maintenance and cure is granted. cz |
| July 16 | | Entry of appearance of Jerome B. Spunt for deft, Jenny C. Inc. as Co-counsel filed. sc |
| July 23 | | Deft's motion for leave to amend its answer filed. sc |
| Aug 11 | | Pltff's notice to take the deposition of Errol B. Zittel filed. cz |
| Aug 11 | | Pltff's notice to take the deposition of Gary Champlin filed. cz |
| Aug 11 | | Pltff's motion to inspect, survey & photograph filed. cz |
| Sept 9 | | Deft's notice to take the deposition of Dennis Jay Dimon filed.cz |
| Sept 10 | | Enter the appearance of W. Slater Allen, Jr.filed.cz |
| Sept 4 | | Pltf's motion to inspect, survey and photograph is granted. sc |
| Sept 17 | | Deft's motion for leave to amend its answer is granted.sc |
| Sept 29 | | PRELIMINARY PRE-TRIAL ORDER re: discovery to close by March 1, 1982; trial to commence by March 10, 1982.sc |
| Nov 17 | | Deft's amended answer filed.sc |
| 1/19/82 | | Deft's notice to take the deposition of Dennis Jay Dimon filed.cz |
| 1/19/82 | | Deft's notice to take the deposition of Gary Champlin filed.cz |
| 1/19/82 | | Deft's notice to take the deposition of Errol B. Zittel filed.cz |
| Feb 18 | | Notice to take depo of Jenny C., Inc. filed.sc |
| Feb 18 | | Notice to take depo ofGary Champlin filed.sc |
| Feb 18 | | Notice to take depo of Gary Gray filed.sc |
| Feb 18 | | Noitce to take depo of Errol B. Zittel filed.sc |
| Mar 1 | | STIPULATION re: time for discovery is extended until April 15, 1982.sc |
| Sept 30 | | Noitce to take depo of Gary Champlin filed.sc |
| Sept 30 | | Notice to take depo of Gary Gray filed.sc |
| Oct 29 | | Notice to take depo of Gary Gray.cz |
| 29 | | Notice to take depo of Gary Champlin.cz |
| Dec 21 | | Enter the appearance of Guy J. Wells for deft.cz |
| 1983 | | |
| Jan 3 | | Entry of appearance of Joseph Flannery for pltf filed.sc |
| Jan 28 | | Notice to take depo of Richard F. Learned filed.sc |
| Feb 2 | | 1st day of trial -- two witnesses sworn in; four exhibits entered.sc |
| Feb 3 | | 2nd day of trial -- three witnesses sworn in; 15 exhibits entered; defts m/for directed verdict is denied.sc |
| Feb 4 | | 3rd day of trial; final arguments; jury charge; jurors go into delib.s |
| Feb 4 | | Verdict for pltf in amt of $710,000.00sc |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | | DEFENDANT | DOCKET NO. 81-006: |
|---|---|---|---|
| Dennis Jay Dimon | | Jenny C., Inc. | PAGE 2 OF ___ PAGE |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 2/14 14 | | D/judgment N.O.V.cz<br>D/new trial or in the alternative a remittitur.cz |
| 14 | | Order: Deft and pltff shall file memo in accordance with a stipula-<br>tion to be filed not later than 2/21/83.cz |
| 24<br>Apr 12 | | P/obj to deft's m/new trial.cz<br>ORDER re: hearing before Court on April 19, 1983 at 9:00 a.m. re:<br>settlement to be put on record.sc |
| 14<br>May 3 | | Affidavit of notice by W. Slater Allen, Jr.cz<br>Hearing held in open court re: Mr. Decof as Guardian for Mr. Dimon;<br>atty's fees granted.sc |
| May 9<br>May 6 | | Transcript of May 3, 1983 filed.sc<br>Release of deft from its agreement dated Feb 17, 1983 entered.sc |
| 17<br>June 6 | | Copy of Transcript and attachments placed in file.cz<br>Stipulation re: dismissed w/prej., no costs.sc |

Metropolitan Life Insurance Company
Annuity Administration Operations
12902 East 51st Street, PO Box 22053, Tulsa, OK 74121-2053

**MetLife**®

*ATT CAROLYN LATTIE*

June 9, 2003

**DENNIS DIMON**
**PO BOX 56**
**WEST KINGSTON RI 02892 0056**

RE: SCIW1126

Dear Mr. Dimon,

This letter is in response to a phone call we received from Katherine Dimon. Since your annuity contract has expired, we are unable to provide you with a duplicate contract. However, the terms of your annuity are described below.

The annuity contract was issued on May 5, 1983 under the "Certain 20 Year" option. American Motorist Insurance Company was considered to be the owner of the annuity, however, you were the annuitant and payee. This contract provided you with a monthly income due on June 5th of each year payable for a total of 20 years (240 monthly payments). The payment amount increased by 3% each year.

The first payment was on June 5, 1983. The final payment was on May 5, 2003.

If you have any questions, please call our customer service center at 1-800-635-7775.

Sincerely,

*Sandy Franklin*

Sandy Franklin
Annuity Payout Specialist III
Annuity Administration Operations

CASE___nimon___v.___Jenny C. Corporation_____

DATE OF SETTLEMENT___4'19'83_____

SUBMITTED BY___REH/MBL_____

## SETTLEMENT SHEET

GROSS SETTLEMENT                          $ 425,000.00_____
                                         175,000.00 Annuity
LESS - Paid Bills & Expenses:            250,000.00 Up-front

E. Fee_____ $_____60.00_____

Lancer Co. (Investigation)$____336.75_____

Investigo (Investigation) $____958.15_____

Med. Recs._____ $_____3.60_____
Depostions                          467.60
Boston Photo (Copies)_____ $_____58.80_____
Travel Exp - R.I.-Trial
Meals - Misc. Exp._____ $____454.78_____

Witness Fees - Experts_____ $____517.70_____

_____ $_____

_____ $_____

Unpaid Bills & Expenses:

Valed (Depos)_____ $____219.75_____

Valed (Depos)_____ $____207.25_____

Potter & McArthur Expert $___3812.90_____

Bristol D. Sheriffs_____ $_____17.25_____

Moore Virgadamo_____ $____400.00_____
Dr. Levin                       1,000.00
ATTORNEYS FEE (sb)141,666.66 $_141,485.47_____

TOTAL BILLS & EXPENSES                    $_150,000.00_____

BALANCE DUE TO CLIENT                     $_100,000.00_____

Attorney's Fee    $_____     Less
                                     IRS lien    4,679.35
Referral Fee to:
                                                 95,320.65
_____ $_____

Referral Fee to:

_____ $_____

81-36- FD
DIXON, DENNIS
Box 13-43 Main Street
Kenyon Rhode Island
V.
S.S. DISABILITY

(401) 364-9632

d/a: 4/8/ 81

d/r: 4/23/81

| DATE | NAME | CK.REC./ORD.SEND. | ADVANCED | COSTS/RECEIVED | DISBURSED | TRUST/BALANCE/RECEIVED | CHARGES | FEES/RECEIVED | COSTS | BALANCES/TRUST |
|---|---|---|---|---|---|---|---|---|---|---|







# THE KAPLAN / BOND GROUP

David B. Kaplan
Thomas M. Bond
Tracey N. Kaplan

*Attorneys at Law and Proctors in Admiralty*
*88 Black Falcon Avenue, Suite 301*
*Boston, Massachusetts 02210*

March 18, 2005

Latti & Anderson
30-31 Union Wharf
Boston, MA  02109

RE:    Mr. Dennis Dimon

Dear Sir/Madam:

Following my communication dated February 24, 2005 (copy attached) I received a phone call from Michael B. Latti. After discussion, it was left that "Donna" was away on vacation and that upon her return your office would supply me with the requested records so that I could proceed to determine what happened with the annuity companies.

I have not received the requested information and urge that your office respond to my earlier letter. I am going west to do some skiing but hope that upon my return on March 25, 2005 I shall be in possession of the requested data so that I can proceed.

Thank you in anticipation of your cooperation.

Very truly yours,

David B. Kaplan

DAVID B. KAPLAN

DBK/caf

*P.S. I am advised that you have not responded to our letter dated January 26, 2005 in the Patrick Longley case!*

# THE KAPLAN / BOND GROUP

90                              80                              70

*David B. Kaplan*
*Thomas M. Bond ·*
*Tracey N. Kaplan*

*Attorneys at Law and Proctors in Admiralty*
*88 Black Falcon Avenue, Suite 301*
*Boston, Massachusetts 02210*

*(617) 261-0080*
*Fax (617) 261-1558*

February 24, 2005

Latti Associates
30 Union Wharf
Boston, MA 02109

RE:    Mr. Dennis Dimon

Dear Sir/Madam:

Please be advised that I have been consulted by Mr. Dennis Dimon, 151 Holly Ridge Road, West Kingston, Rhode Island 02892 regarding a structured settlement that he entered into in 1983 through your office.

Simply stated, it appears that Michael Latti, Esquire identified and represented that the structured settlement was "for life with a guarantee of twenty (20) years" but the Charter Security Life and/or Metlife viewed the contract as a twenty (20) year contract only.

Mr. Dimon has advised me that he has contacted your office requesting assistance, but that your office advised him that it was too old and that you cannot be of help.

The data that I have reviewed seems to support that the intention and understanding of our office and Mr. Dimon was indeed "for life with a guarantee of twenty (20) years" which conforms to what would be appropriate for a twenty-one year old fisherman represented by Mr. Latti.

Accordingly, please review your records to identify the following:

1.    Did Latti Associates in 1983 intend to place the structured settlement for Mr. Dimon to be "for life with a guarantee of twenty (20) years?

2.    Did Latti Associates in 1983 communicate this position to the insuring company and/or the annuity company?

3.    Did Latti Associates in 1983 receive an acknowledgement from the insuring or annuity company accepting the "for life with a guarantee for twenty (20) years" provisions of the structured settlement?

# THE KAPLAN / BOND GROUP

90          80          70

Latti Associates
February 24, 2005
Page Two


4.    Did Latti Associates represent to the court that the structured settlement would be "for life and guaranteed for twenty (20) years?

Please focus your attention on this matter promptly in order that we may obtain justice for Mr. Dimon. I enclose a copy of your settlement sheet which may help you identify this matter.

Very truly yours,

*David B. Kaplan*

DAVID B. KAPLAN

DBK/cms

Enclosure

cc:    Dennis Dimon

CASE ___Dimon____v.__Jenny C. Corporation_____

DATE OF SETTLEMENT __4'19'83_____

SUBMITTED BY ___REH'MBL_____


## SETTLEMENT SHEET

GROSS SETTLEMENT                           $_425,000.00____

                                           175,000.00 Annuity
LESS – Paid Bills & Expenses:              250,000.00 Up-front

_E. Fee_____ $_____60.00_____

_Lancer Co. (Investigation)_ $___336.75_____

_Investigo (Investigation)_ $___958.15_____

_Med. Recs._____ $_____3.60_____
Depostions                        467.60
_Boston Photo (Copies)_____ $_____58.80_____
Travel Exp – R.I.-Trial
_Meals – Misc. Exp._____ $___454.78_____

_Witness Fees – Experts____ $___517.70_____

_____ $_____

_____ $_____

Unpaid Bills & Expenses:

_Valed (Depos)_____ $___219.75_____

_Valed (Depos)_____ $___207.25_____

_Potter &.McArthur Expert._ $__3812.90_____

_Bristol D. Sheriffs_____ $____17.25_____

_Moore Virgadamo_____ $___400.00_____
Dr. Levin                      1,000.00
ATTORNEYS FEE (sb)141,666.66 $_141,485.47_____

TOTAL BILLS & EXPENSES                     $_150,000.00___

BALANCE DUE TO CLIENT                      $_100,000.00___

Attorney's Fee   $_____     Less
                                      IRS lien    4,679.35____
Referral Fee to:
                                                  95,320.65

_____ $_____

Referral Fee to:

_____ $_____

# THE KAPLAN / BOND GROUP

David B. Kaplan
Thomas M. Bond
Tracey N. Kaplan

*Attorneys at Law and Proctors in Admiralty*
*88 Black Falcon Avenue, Suite 301*
*Boston, Massachusetts 02210*

(617) 261-0080
Fax (617) 261-1558



February 24, 2005

Latti Associates
30 Union Wharf
Boston, MA 02109

RE:    Mr. Dennis Dimon

Dear Sir/Madam:

Please be advised that I have been consulted by Mr. Dennis Dimon, 151 Holly Ridge Road, West Kingston, Rhode Island 02892 regarding a structured settlement that he entered into in 1983 through your office.

Simply stated, it appears that Michael Latti, Esquire identified and represented that the structured settlement was "for life with a guarantee of twenty (20) years" but the Charter Security Life and/or Metlife viewed the contract as a twenty (20) year contract only.

Mr. Dimon has advised me that he has contacted your office requesting assistance, but that your office advised him that it was too old and that you cannot be of help.

The data that I have reviewed seems to support that the intention and understanding of our office and Mr. Dimon was indeed "for life with a guarantee of twenty (20) years" which conforms to what would be appropriate for a twenty-one year old fisherman represented by Mr. Latti.

Accordingly, please review your records to identify the following:

1.    Did Latti Associates in 1983 intend to place the structured settlement for Mr. Dimon to be "for life with a guarantee of twenty (20) years?

2.    Did Latti Associates in 1983 communicate this position to the insuring company and/or the annuity company?

3.    Did Latti Associates in 1983 receive an acknowledgement from the insuring or annuity company accepting the "for life with a guarantee for twenty (20) years" provisions of the structured settlement?

# THE KAPLAN / BOND GROUP

_90_                    _80_                    _70_

Latti Associates
February 24, 2005
Page Two

4.      Did Latti Associates represent to the court that the structured settlement would be "for
        life and guaranteed for twenty (20) years?

Please focus your attention on this matter promptly in order that we may obtain justice for Mr.
Dimon. I enclose a copy of your settlement sheet which may help you identify this matter.

Very truly yours,

_David B. Kaplan_

DAVID B. KAPLAN

DBK/cms

Enclosure

cc:     Dennis Dimon

## Certificate of Organization

Pursuant to the provisions of the Massachusetts Limited Liability Partnership Act (the "Act"), the undersigned, desiring to organize a Massachusetts limited liability partnership, hereby certifies as follows:

1. *Federal Employer Identification Number*: 043339318

2. *Name of the Limited Liability Partnership*. The name of the limited liability partnership formed hereby (the "LLP") is LATTI ASSOCIATES LLP.

3. *Office of the Limited Liability Partnership*. The address of the office of the LLP is 30-31 Union Wharf, Boston, Massachusetts 02109.

4. *Business of the LLP*. The general character of the business of the LLP is to engage in the practice of law and to engage in any activities directly or indirectly related or incidental thereto.

5: *Partners Rendering Professional Service*: Michael B. Latti, David F. Anderson, Carolyn M. Latti.

6: *Liability Insurance*: The LLP has complied with all the rules of the regulatory board relating to liability insurance.

7. *Agent for Service of Process*. The name and address of the resident agent for service of process for the LLP is David F. Anderson, 30-31 Union Wharf, Boston, Massachusetts, 02109.

8. *Execution of Documents (Secretary of the Commonwealth)*. Carolyn M. Latti is authorized to execute on behalf of the LLP any documents to be filed with the Secretary of State of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the undersigned hereby affirms under the penalties of perjury that the facts stated herein are true, as of the 1st day of January, 1997.

Michael B. Latti



FILED

FEB 2 4 1998

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

FILED

FEB 2 4 1998

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

## Latti Associates LLP
## Registration Statement

This registration statement is filed with the Secretary of State of the Commonwealth of Massachusetts in relation to the Latti Associates LLP:

1. *Federal Employer Identification Number:* 043339318

2. *Name of the Limited Liability Partnership.* The name of the limited liability partnership is LATTI ASSOCIATES LLP.

3. *Office of the Limited Liability Partnership.* The address of the office of the LLP is 30-31 Union Wharf, Boston, Massachusetts 02109.

4. *Business of the LLP.* The general character of the business of the LLP is to engage in the practice of law and to engage in any activities directly or indirectly related or incidental thereto.

5: *Partners Rendering Professional Service:* Michael B. Latti, David F. Anderson, Carolyn M. Latti. Their business address is the same as the business address of the partnership.

6: *Liability Insurance:* The LLP has complied with all the rules of the regulatory board relating to liability insurance.

7. *Agent for Service of Process.* The name and address of the resident agent for service of process for the LLP is David F. Anderson, 30-31 Union Wharf, Boston, Massachusetts, 02109.

8. *Execution of Documents (Secretary of the Commonwealth).* Carolyn M. Latti is authorized to execute on behalf of the LLP any documents to be filed with the Secretary of State of the Commonwealth of Massachusetts.

Accompanying this registration statement is certificates from the Board of Bar Overseers indicating that each of the partners named above is duly licensed to render legal services.

IN WITNESS WHEREOF, the undersigned hereby affirms under the penalties of perjury that the facts stated herein are true, as of the 11th day of February, 1998.

Carolyn M. Latti

## Latti Associates LLP
## Registration Statement

This registration statement is filed with the Secretary of State of the Commonwealth of Massachusetts in relation to the Latti Associates LLP:

1.  *Federal Employer Identification Number*:  043339318

2.  *Name of the Limited Liability Partnership.*  The name of the limited liability partnership is LATTI ASSOCIATES LLP.

3.  *Office of the Limited Liability Partnership.*  The address of the office of the LLP is 30-31 Union Wharf, Boston, Massachusetts 02109.

4.  *Business of the LLP.*  The general character of the business of the LLP is to engage in the practice of law and to engage in any activities directly or indirectly related or incidental thereto.

5.  *Partners Rendering Professional Service*:  Michael B. Latti, David F. Anderson, Carolyn M. Latti.  Their business address is the same as the business address of the partnership.

6.  *Liability Insurance*:  The LLP has complied with all the rules of the regulatory board relating to liability insurance.

7.  *Agent for Service of Process*:  The name and address of the resident agent for service of process for the LLP is David F. Anderson, 30-31 Union Wharf, Boston, Massachusetts 02109.

8.  *Execution of Documents (Secretary of the Commonwealth)*:  Carolyn M. Latti is authorized to execute on behalf of the LLP any documents to be filed with the Secretary of State of the Commonwealth of Massachusetts.

Accompanying this registration statement is certificates from the Board of Bar Overseers indicating that each of the partners named above is duly licensed to render legal services.

IN WITNESS WHEREOF, the undersigned hereby affirms under the penalties of perjury that the facts stated herein are true, as of the ____ day of February, 1999.

Carolyn M. Latti

**FILED**

FEB 2 2 1999

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

# FILED

## APR 1 5 1999

SECRETAR~ ~~ ~ ~~MMONWEALTH
CORP(          ~S~ON

### LATTI ASSOCIATES LLP
### AMENDMENT TO CERTIFICATE

This Amendment to Certificate is filed with the Secretary of the State of the Commonwealth of Massachusetts in relation to Latti Associates LLP:

1. *Federal Employer Identification Number*: 043339318

2. *Name of Limited Liability Partnership*; LATTI ASSOCIATES LLP

3. *Office of LLP*; 30 -31 Union Wharf, Boston, MA 02109

4. *Date of Filing of the Original Registration*; January 2, 1997.

5. *Execution of Documents*; Carolyn M. Latti is authorized to execute on behalf of the LLP any document to be filed with the Secretary of the State of the Commonwealth of Massachusetts.

6. *Amendment to the Certificate:* Michael B. Latti has withdrawn as a partner and is no longer a partner of LATTI ASSOCIATES LLP. The remaining partner David F. Anderson and Carolyn M. Latti have agreed to continue this business of the limited partnership.

IN WITNESS WHEREOF, the undersigned hereby affirms under the pains and penalties of perjury that the facts sated herein are true, as of the 15th day of April 1999.

Carolyn M. Latti

SECRETARY OF THE
COMMONWEALTH

99 APR 16 AM 9: 14

CORPORATION DIVISION

FILED

DEC 20 2000

SECRETARY OF THE COMMONWEALTH
CORPORATIONS

Latti Associates LLP
Registration Amendments.

SECRETARY OF THE
2000 DEC 20 ₱ 1:11
CORPORATION DIVISION

This registration Amendment is filed with the Secretary of
the Commonwealth of Massachusetts in relation to the Latti
Associates LLP:

1.   *Federal Employer Identification Number*: 043339318

2.   *Name of the Limited Liability Partnership.*  The name of the
limited liability partnership is LATTI ASSOCIATES LLP.

3.   *Date of filing original registration*: January 2, 1997.

4.   *Execution of Documents (Secretary of the Commonwealth)*;
Carolyn M. Latti is authorized to execute on behalf of the LLP
any documents to be filed with the Secretary of State of the
Commonwealth of Massachusetts.

5.   *Amendment*: As of January 1, 2001, the name of the limited
liability partnership will be changed to LATTI & ANDERSON LLP.

     IN WITNESS WHEREOF, the undersigned hereby affirms under
the penalties of perjury that the facts stated herein are true,
as of the ___19___ day of December, 2000.

Carolyn M. Latti

FILED

## LATTI & ANDERSON LLP
### ANNUAL REPORT

FEB  2 2001

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

This annual report is filed with the Secretary of State of the Commonwealth of Massachusetts in relation to the Latti & Anderson LLP:

1.    *Federal Employer Identification Number*: 043339318

2.    *Name of the Limited Liability Partnership.*  The name of the limited liability partnership is LATTI & ANDERSON LLP.

3.    *Office of the Limited Liability Partnership.*  The address of the office of the LLP is 30-31 Union Wharf, Boston, Massachusetts 02109.

4.    *Business of the LLP.*  The general character of the business of the LLP is to engage in the practice of law and to engage in any activities directly or indirectly related or incidental thereto.

5.    *Partners Rendering Professional Service*: David F. Anderson and Carolyn M. Latti.  Their business address is the same as the business address of the partnership. David F. Anderson and Carolyn M. Latti are both licensed to practice in the Commonwealth of Massachusetts.

6.    *Liability Insurance*: The LLP has complied with all the rules of the regulatory board relating to liability insurance.

IN WITNESS WHEREOF, the undersigned hereby affirms under the penalties of perjury that the facts stated herein are true, as of the _____/_____ day of February 2001.

Carolyn M. Latti

**FILED**

FEB 0 7 2002

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

## LATTI & ANDERSON LLP
## ANNUAL REPORT

This annual report is filed with the Secretary of State of the Commonwealth of Massachusetts in relation to the Latti & Anderson LLP:

1.   *Federal Employer Identification Number*: 043339318

2.   *Name of the Limited Liability Partnership*.  The name of the limited liability partnership is LATTI & ANDERSON LLP.

3.   *Office of the Limited Liability Partnership*.  The address of the office of the LLP is 30-31 Union Wharf, Boston, Massachusetts 02109.

4.   *Business of the LLP*.  The general character of the business of the LLP is to engage in the practice of law and to engage in any activities directly or indirectly related or incidental thereto.

5.   *Partners Rendering Professional Service*: David F. Anderson and Carolyn M. Latti.  Their business address is the same as the business address of the partnership. David F. Anderson and Carolyn M. Latti are both duly licensed to practice in the Commonwealth of Massachusetts.

6.   *Liability Insurance*: The LLP has complied with all the rules of the regulatory board relating to liability insurance.

IN WITNESS WHEREOF, the undersigned hereby affirms under the penalties of perjury that the facts stated herein are true, as of the _____ day of January, 2002.

Carolyn M. Latti

FEB 12 2002

2 0 0 3 0 1 0 6 7

*037*
*C95 2003*

**FILED**

**JAN 2 8 2003**

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

LATTI & ANDERSON LLP
ANNUAL REPORT

This annual report is filed with the Secretary of State of
the Commonwealth of Massachusetts in relation to the Latti &
Anderson LLP:

1.   *Federal Employer Identification Number*: 043339318

2.   *Name of the Limited Liability Partnership*.  The name of the
limited liability partnership is LATTI & ANDERSON LLP.

3.   *Office of the Limited Liability Partnership*.  The address
of the office of the LLP is 30-31 Union Wharf, Boston,
Massachusetts 02109.

4.   *Business of the LLP*.  The general character of the business
of the LLP is to engage in the practice of law and to engage in
any activities directly or indirectly related or incidental
thereto.

5.   *Partners Rendering Professional Service*: David F. Anderson
and Carolyn M. Latti.  Their business address is the same as the
business address of the partnership. David F. Anderson and
Carolyn M. Latti are both duly licensed to practice in the
Commonwealth of Massachusetts.

6.   *Liability Insurance*: The LLP has complied with all the
rules of the regulatory board relating to liability insurance.

IN WITNESS WHEREOF, the undersigned hereby affirms under the
penalties of perjury that the facts stated herein are true, as
of the __*27th*__ day of January, 2003.

Carolyn M. Latti

MA SOC   Filing Number: 200463849860   Date: 02/20/2004

 **The Commonwealth of Massachusetts**
**William Francis Galvin**

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

Minimum Fee: $500.00

Special Filing Instructions
The LLP has complied with
all the rules of the regulatory
board relating to liability
insurance.

**Annual Report**
(General Laws, Chapter 108)

**Filing for February 1, <u>2004</u>**

**1. The federal employer identification number of the partnership:** <u>043339318</u> *(must be 9 digits)*

**2. The exact name of the limited liability partnership is:** <u>LATTI & ANDERSON LLP</u>

**3. The street address of its principal office in the Commonwealth:**
No. and Street:      <u>30-31 UNION WHARF</u>
City or Town:      <u>BOSTON</u>          State: <u>MA</u>      Zip: <u>02109-0000</u>      Country: <u>USA</u>

**3. The general character of business, and if the limited liability partnership is organized to render professional service, the service to be rendered:**
<u>IS TO ENGAGE IN THE PRACTICE OF LAW AND TO ENGAGE IN ANY ACTIVITIES</u>
<u>DIRECTLY OR INDIRECTLY RELATED OR INCIDENTAL THERETO</u>

**4. The name and business address of each partner who will render a professional service on behalf of the partnership in the Commonwealth:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| NONE GIVEN - P | CAROLYN M. LATTI | 30-31 UNION WHARF<br>BOSTON, MA 02109-0000 USA |
| NONE GIVEN - P | DAVID F. ANDERSON | 30-31 UNION WHARF<br>BOSTON, MA 02109-0000 USA |

**5. The name and business address of the partner authorized to execute, acknowledge, deliver and record any recordable instrument purporing to affect any interest in real property:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| Prior to August 27, 2001, Records can be obtained on Microfilm | | |

**6. The name and address of its registered agent in the Commonwealth:**
Name:            <u>DAVID F. ANDERSON</u>
No. and Street:      <u>30-31 UNION WHARF</u>
City or Town:      <u>BOSTON</u>          State: <u>MA</u>      Zip: <u>02109-0000</u>      Country: <u>USA</u>

**SIGNED UNDER THE PENALTIES OF PERJURY, this 20 Day of February, 2004,**
<u>CAROLYN M. LATTI</u> **, Signature of Applicant.**

© 2001 - 2004 Commonwealth of Massachusetts
All Rights Reserved

THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears

that the provisions of the General Laws relative to corporations have been complied with,

and I hereby approve said articles; and the filing fee having been paid, said articles are

deemed to have been filed with me on:
February 20, 2004

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

MA SOC    Filing Number: 200501098500    Date: 02/14/2005 4:23 PM



## The Commonwealth of Massachusetts
## William Francis Galvin

**Minimum Fee: $500.00**

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

### Annual Report
(General Laws, Chapter 108)

**Filing for February 1, 2005**

**1. The federal employer identification number of the partnership:** 043339318 *(must be 9 digits)*

**2. The exact name of the limited liability partnership is:** LATTI & ANDERSON LLP

**3. The street address of its principal office in the Commonwealth:**
No. and Street:    30-31 UNION WHARF
City or Town:    BOSTON        State: MA    Zip: 02109-0000    Country: USA

**3. The general character of business, and if the limited liability partnership is organized to render professional service, the service to be rendered:**
IS TO ENGAGE IN THE PRACTICE OF LAW AND TO ENGAGE IN ANY ACTIVITIES
DIRECTLY OR INDIRECTLY RELATED OR INCIDENTAL THERETO

**4. The name and business address of each partner who will render a professional service on behalf of the partnership in the Commonwealth:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| NONE GIVEN - P | CAROLYN M. LATTI | 30-31 UNION WHARF<br>BOSTON, MA 02109-0000 USA |
| NONE GIVEN - P | DAVID F. ANDERSON | 30-31 UNION WHARF<br>BOSTON, MA 02109-0000 USA |

**5. The name and business address of the partner authorized to execute, acknowledge, deliver and record any recordable instrument purporing to affect any interest in real property:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| REAL PROPERTY | CAROLYN M LATTI | 30-31 UNION WHARF<br>BOSTON, MA 02109-0000 USA |

**6. The name and address of its resident agent in the Commonwealth:**
Name:    DAVID F. ANDERSON
No. and Street:    30-31 UNION WHARF
City or Town:    BOSTON        State: MA    Zip: 02109-0000    Country: USA

**SIGNED UNDER THE PENALTIES OF PERJURY, this 14 Day of February, 2005,**
CAROLYN M. LATTI , **Signature of Applicant.**

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears

that the provisions of the General Laws relative to corporations have been complied with,

and I hereby approve said articles; and the filing fee having been paid, said articles are

deemed to have been filed with me on:
February 14, 2005 4:23 PM

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

0-6393-0

Administrative Offic
580 Walnut Street
Cincinnati, Ohio 45202
**GREATAMERICAN.**  Tel: 1-513-369-5000
INSURANCE GROUP

CG 79 01 (Ed. 02 91)

Policy No.  LPL  739-40-97  - 13
Renewal Of LPL  739-40-97  - 12

## LEGAL PROFESSIONAL LIABILITY CLAIMS-MADE POLICY DECLARATIONS

| | |
|---|---|
| **NAMED INSURED AND ADDRESS:**<br>LATTI & ANDERSON, L.L.P.<br>30-31 UNION WHARF<br>BOSTON, MA  02109 | **POLICY PERIOD:**<br>12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From: 11/03/04    To: 11/03/05 |
| **IN CONSIDERATION OF THE PAYMENT OF PREMIUM AND SUBJECT TO ALL TERMS AND CONDITIONS OF THIS POLICY, WE AGREE TO PROVIDE YOU INSURANCE AS STATED IN THIS POLICY.** | **CONTACT PERSON AND ADDRESS:**<br>KNAPP-SCHENCK & COMPANY<br>P.O. BOX 51310<br>BOSTON, MA  02205 |

This insurance is underwritten by

GREAT AMERICAN INSURANCE COMPANY

A capital stock corporation

**LIMITS OF LIABILITY:**

Per Claim:                                          $ 5,000,000
Aggregate:                                          $ 5,000,000

**DEDUCTIBLES:**

Deductible:                                         $    25,000
Early Reported Deductible:                          $    25,000

**ENDORSEMENTS** attached to this Policy at inception and forming a part thereof are listed on the attached Forms and Endorsements Schedule CG 79 09 (02/91).

**PREMIUM:**

Annual Premium:                                     $ 13,146.00

Countersigned at _____ this _____ day of

_____ , _____ , By _____
                                        Authorized Representative

B

**GREATAMERICAN.**
INSURANCE GROUP

Administrative Offi.
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

0730807

CG 79 09 (Ed. 02 91)

## LEGAL PROFESSIONAL LIABILITY CLAIMS-MADE POLICY FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

|  | Form and Edition | ST | Date Added* or Date Deleted | Form Description |
|---|---|---|---|---|
| 1. | CG8042 | 03/97 | MA | LEGAL PROFESSIONAL LIA CLAIMS-MADE |
| 2. | CG7945 | 04/94 | MA | ARBITRATION & MEDIATION COV ENDT |
| 3. | CG7944 | 02/98 | MA | MA AMENDATORY ENDORSEMENT |
| 4. | CG8069 | 10/98 | MA | ANNUAL AGG DED NO EARLY REPORT |
| 5. | CG8076 | 10/98 | MA | MUTUAL SEL-DEF COUNS END |
| 6. | IL0985 | 01/03 | MA | DISCLOSURE PURSUANT TERROR RISK INS ACT |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |
| 16. | | | | |
| 17. | | | | |
| 18. | | | | |
| 19. | | | | |
| 20. | | | | |
| 21. | | | | |
| 22. | | | | |

*If not at inception

CG 79 09 (Ed. 02/91) PRO                    (Page 1 of 1 )



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

CG 80 42
(Ed. 03 97)

## LEGAL PROFESSIONAL LIABILITY
## CLAIMS-MADE FORM

### A. DEFINITIONS

Whenever used in this policy, the term:

1. **Claim** means any demand received by **you** for money or services: (a) arising out of **your** acts, errors or omissions in providing **Professional Services**; or (b) for **Personal Injury** arising out of **your** performance of **Professional Services**.

2. **Claim Expenses** means:

   a. fees charged and expenses incurred by attorneys designated by **us** to represent **you**;

   b. all other fees, costs and expenses incurred at **our** request in the investigation of an **Early Reported Incident** or the investigation, adjustment or defense of a **Claim**.

   **Claim Expenses** do not include salaries, compensation, overhead or incidental expenses of **our** employees, **you**, or **your** employees or agents.

3. **Damages** means a monetary judgment, monetary award or monetary settlement which **you** are legally obligated to pay, but does not include punitive or exemplary damages, fines, penalties, court imposed monetary sanctions, or return or restitution of legal fees, costs and expenses.

4. **Early Reported Incident** means an act, error, or omission in providing **Professional Services** which is not the subject of a written demand received by **you** for money or services and which is reported to **us** in writing during the **Policy Period** in accordance with Section H., No. 1. (Claim or Incident Reporting Requirements) of this policy.

5. **Named Insured** means the person or entity designated in the Declarations as the Named Insured.

6. **Our, Us, We** means the insurance company whose name appears on the Declarations of this policy.

7. **Personal Injury** means:

   a. false arrest, detention or imprisonment;

   b. wrongful entry, eviction or invasion of right of private occupancy;

   c. defamation, libel and slander;

   d. publication or utterance in violation of an individual's right of privacy.

   e. malicious prosecution;

   f. abuse of process.

8. **Policy Period** means the period from the effective date and time of this policy to the policy expiration date and time as set forth in the Declarations, unless the policy is terminated earlier, in which event the policy period shall end on the date of such earlier termination.

9. **Predecessor Firm** means any law firm to whose financial assets and liabilities the **Named Insured** is the majority successor in interest and which **you** designate as a **Predecessor Firm** in **your** application for this coverage.

10. **Professional Services** means services **you** perform for a client in **your** capacity as:

    a. a lawyer;

    b. a mediator or arbitrator;

    c. a notary public; or

    d. as an administrator, conservator, executor, guardian, trustee, receiver, or in any similar fiduciary capacity, provided that such services are connected with and incidental to **your** profession as a lawyer.

11. **You, Your** or **Insured** means:

  a. the **Named Insured** and any **Prede-cessor Firm;**

  b. any past or present partner, principal, shareholder, member, officer, director, "of counsel," or employed lawyer of the **Named Insured** or a **Predecessor Firm,** but only while rendering **Profes-sional Services** in the course and scope of his or her duties on the be-half of the **Named Insured** or a **Pre-decessor Firm;**

  c. any past or present nonlawyer em-ployee of the **Named Insured** or a **Predecessor Firm,** but only while as-sisting in providing **Professional Ser-vices** under the supervision of a law-yer and in the course and scope of his or her duties on behalf of the **Named Insured** or a **Predecessor Firm;** or

  d. any heir, executor, administrator, as-sign or legal representative of any **In-sured** in the event of such **Insured's** death, incapacity or bankruptcy.

## B. WHAT IS COVERED

Subject to all terms and conditions of this policy, **we** will pay on **your** behalf all **Dam-ages** and **Claim Expenses** arising out of a **Claim** or **Early Reported Incident** which **you** first become aware of and **you** report to **us** in writing during the **Policy Period.**

## C. DEFENSE AND SETTLEMENT

**We** will provide for the defense of **Claims** against **you** seeking Damages that are covered by this policy even if the allegations against **you** are groundless, false, or fraudulent. When **we** have paid **our** Limits of Liability, **our** ob-ligation to defend **you** ends. **We** have no right or duty to defend **Claims** seeking **Damages** not covered by this policy.

**We** will not settle any **Claim** without **your** consent. However, **you** must communicate to **us,** within a reasonable period of time, **your** consent or objection to any **Claim** settlement which **we** propose to make. If **you** object to any **Claim** settlement **we** propose to make, **you** must take full responsibility for, and pay for, further defense and settlement of the **Claim. Our** obligation to **you** for a **Claim**

settlement **we** propose to make but to which **you** object will be limited to the amount of the **Claim** settlement **we** propose to make and the **Claim Expenses** incurred by **us** through the time **we** receive **your** objection to the proposed settlement.

**We** welcome **your** input in selecting defense counsel; however **we** retain the exclusive right to make that selection.

## D. DEFENSE OF DISCIPLINARY ACTIONS

**We** will provide for the defense of any action (**Claim Expenses** only) brought against **you** by a bar association, licensing board, disciplinary board, peer review committee, or similar en-tity alleging professional misconduct or viola-tions of the rules of professional conduct arising out of **your** performance of **Profes-sional Services. Our** obligation to defend **you** under this provision is subject to a Limit of Liability of $10,000 per policy period for all **Claim Expenses** incurred by lawyers ap-pointed by **us.** There will be no deductible for payments made under this provision, and any such payments will not reduce the Limits of Liability as stated in the Declarations.

## E. SUPPLEMENTARY PAYMENTS

**We** will reimburse **you** for actual loss of earnings and reasonable expenses incurred at **our** request for attendance at trial or court-ordered hearing, arbitration or mediation. **Our** obligation to reimburse **you** under this Sup-plementary Payments provision is limited to $250 per day, $5,000 per **Claim,** and $20,000 in the aggregate. There will be no deductible for payments made under this pro-vision, and any such payments will not reduce the Limits of Liability available to pay **Claim Expenses** or **Damages.**

## F. LIMITS OF LIABILITY AND DEDUCTIBLE

  1. For each **Claim,** the limit shown in the Declarations as **Per Claim** is the maximum amount **we** are obligated to pay for the combined total of all covered **Damages** and **Claim Expenses** arising out of or in connection with the same or related acts, errors, or omissions. This limitation applies regardless of the number of persons covered by this policy.

2. Subject to the **Per Claim** limitation above, the maximum amount **we** are obligated to pay for the combined total of all covered **Damages** and **Claim Expenses** arising out of any and all **Claims** will not exceed the amount shown in the Declarations as Aggregate.

3. **Claim Expenses we** pay reduce the Limits of Liability available to pay **Damages.**

4. From the amount of **Damages** and **Claims Expenses we** pay, **we** will subtract:

   a. for each **Claim** that was first an **Early Reported Incident** during the policy period, 50% of the amount specified in the Declaration as Deductible; and

   b. for all other **Claims you** report during the **Policy Period,** the amount specified in the Declarations as Deductible.

5. **You shall pay all Claim Expenses** and **Damages** up to the amount of the deductible. The deductible amount shall be payable by **you** as **Claim Expenses** are incurred or as **Damages** are paid. Payment of the deductible, or portions thereof, shall be made by the **Named Insured** within thirty (30) days of demand for payment by **us.**

## G. EXCLUSIONS

This insurance does not apply to:

1. **Your** acts, errors or omissions while acting in the capacity of:

   a. a securities, real estate or insurance broker, agent, dealer or trader;

   b. an investment advisor or accountant;

   c. a fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments. This exclusion does not apply if **you** are deemed to be a fiduciary solely by reason of legal advice rendered with respect to an employee benefit plan;

   d. a public official or an employee of a governmental or quasi-governmental body, subdivision or agency; or

   e. a real estate title insurance agent or real estate title abstractor, unless the Title Agent Endorsement has been added to this policy.

2. Bodily injury, sickness, disease, disability, disfigurement or death; or injury to or destruction of any tangible property, including the loss of use thereof.

3. Any **Claim** made by or against any business enterprise not named in the Declarations:

   a. in which **you** control or maintain a pecuniary interest; or

   b. which arises out of **your** acts, errors, or omissions in **your** capacity as an officer, director, partner or employee.

   **You** will not be deemed to maintain a pecuniary interest in an enterprise by virtue of **your** ownership of stocks, bonds or other financial instruments which total, individually or collectively, ten percent (10%) or less of the financial instruments of the enterprise.

4. Any **Claim** against **you** brought by **your** current or former partner, director, officer, stockholder, member, employee, or independent contractor, except **Claims** arising out of an attorney–client relationship between **you** and **your** current or former partner, director, officer, stockholder, member, employee or independent contractor. This policy does not apply to any **claim** by an **Insured** against another **Insured.**

5. Any **Claim arising out of your** notarized certification or acknowledgement of a signature without the physical appearance before **you** of the person who is or claims to be the person so signing.

6. Any **Claim** arising out of acts, errors, omissions or **Personal Injuries** which occurred prior to the effective date of this policy if, on or prior to such date, **you** knew or had a reasonable basis to believe either that a professional duty had been breached or that a **Claim** would be made.

7. Any **Claim arising out of any criminal, dishonest, intentional, fraudulent or malicious act, error, or omission; however,**

**we** will provide for the defense of **Claims** alleging **Personal Injury** arising out of **your** performance of **Professional Services.** This exclusion will not apply to any **Insured** who did not personally participate in or acquiesce to the committing of such act, error, or omission, had no knowledge or reason to believe such an act, error, or omission was being committed, did not remain passive after learning of the act, error or omission, and who immediately notified us after obtaining personal knowledge of such act, error or omission.

8. Any **Claim** alleging that **you** are liable for the cost of actual, alleged or threatened discharge, dispersal, seepage , migration, release or escape of Pollutants at any time. This includes any loss, cost or expense arising out of any requested, demanded, ordered or voluntary, testing for , monitoring, cleaning up , removing, containing, treating, detoxifying or neutralizing or in any way responding to or assessing the effects of Pollutants. Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

9. Liability of others which **you** assume under any contract or agreement.

10. Any **Claim** arising out of the diminution of the value of any asset in **your** care, custody or control, or out of the misappropriation of or failure to give an account of any asset in **your** care, custody, or control, including the commingling of client funds.

11. Any **Claim** asserted against **you** as the beneficiary or distributee of a trust or estate.

## H. ADDITIONAL TERMS AND CONDITIONS

1. **Claim or Incident Reporting Requirements**

   If **you** become aware of a **Claim** or wish to report an **Early Reported Incident, you** must:

a. report it immediately to **us** in writing, giving **us** all details including the specific act, error or omission; the injury or damage which has or may result from such act, error or omission; the circumstances by which **you** first became aware of the act, error or omission; and, the names, addresses and telephone numbers of all persons who may have knowledge or relevant information;

b. preserve all documents and other forms of evidence relating to the **Claim** or **Early Reported Incident;**

c. promptly send **us** all documents relating to the **Claim** or **Early Reported Incident** when requested by **us;**

d. cooperate with **us** and defense counsel. If **we** ask, **you** must assist in the investigation, defense and settlement of a **Claim** and enforcement of contribution or indemnification actions against others;

e. attend hearings and trials if requested by **us** or defense counsel;

f. assist in securing and giving evidence.

   **You** must not;

   (1) make any offer of settlement or payments;

   (2) admit liability;

   (3) incur any expense; or

   (4) assume any obligation

   arising out of or in any way connected with a **Claim** without **our** written consent.

2. **Automatic Extended Claims Reporting Period**

   This policy will also provide coverage for **Claims** made against **you** during the **Policy Period** and which **you** report to **us** in writing within thirty (30) days following the expiration of this policy, provided that the following conditions have been met

a. the **Claim** was reported to **us** no later than thirty (30) days from the date the **Claim** was first made against **you;**

b. prior to cancellation, nonrenewal or expiration of this policy, **you** were in compliance with all the terms and conditions of this policy, including payment of all premiums and deductibles when due;

c. **your** license or right to practice law has not been revoked, suspended, or surrendered; and

d. **you** made no material misrepresentation in obtaining the coverage provided by this policy.

This automatic extended **Claims** reporting period applies only to **Claims** arising out of **Professional Services** rendered prior to the expiration or termination of this policy, and does not extend the **Policy Period.**

## 3. Multiple Claims

Two or more **Claims** arising out of the same or related act, error or omission will be treated as a single **Claim** and subject to the per claim Limits of Liability stated in the Declarations of the policy in effect at the time the first related **Claim** was reported to **us.**

## 4. Other Insurance

This policy is excess over any other insurance, whether collectible or not, available to an **Insured** and applicable to a **Claim,** whether such other insurance is stated to be primary, pro rata, contributory, excess, contingent or otherwise. This provision will not apply to other insurance written specifically as excess of this policy's limits.

## 5. No Stacking of Coverages

If two or more policies of insurance issued by **us** provide coverage to an **Insured** for the same **Claim** or **Claims,** the maximum amount **we** are obligated to pay per claim and in the aggregate on behalf of the **Insured** under all such policies shall

not exceed the highest applicable Limit of Liability which remains available to pay **Claims** under any one policy.

## 6. Subrogation

In the event of any payment pursuant to this policy, **we** shall be subrogated to the extent of such payment to all of the rights of the **Insured** to recovery thereof, and the **Insured** shall execute all papers required and shall do everything that may be necessary to preserve, secure and pursue such rights, including the execution of such documents as may be necessary to enable **us** to bring suit in the name of the **Insured.** The **Insured** shall do nothing to prejudice such rights.

## 7. No Action Against Us

No action shall lie against **us** unless, as a condition precedent thereto, **you** have fully complied with all the terms of this policy.

## 8. Policy territory

The coverage provided by this policy applies to acts, errors, omissions or **Personal Injuries** occurring anywhere in the world, provided that the **Claim** is made or suit is instituted against **you** within the United States of America, its territories or possessions, or Canada. **We** may, at **our** option, elect at any time to investigate, settle or defend **Claims** brought anywhere other than the United States of America, its territories or possessions, or Canada.

## 9. Integration

By acceptance of this policy, **you** acknowledge and agree that:

a. the representations contained in the application for this policy, including all supplements, attachments and replies to underwriters' inquiries, are true, correct and complete;

b. this policy was issued in reliance upon **your** Application; and

c. **your** Application, the Declarations, the policy and endorsements form the complete agreement between **you** and **us.**

10. **Changes to the Policy**

This policy can only be changed by **our** issuing an endorsement or substitute Declarations.

11. **Extended Claims Reporting Options**

a. **Extended Claims Reporting Endorsement. If you** or **we** cancel or do not renew this policy, **you** may have the option to purchase an Extended Claims Reporting Endorsement that would extend the period of time during which **you** may report **Claims** under this policy. The Extended Claims Reporting Endorsement is subject to this policy's terms and conditions and applies only to **Claims** arising out of **Professional Services** rendered prior to the expiration or termination of this policy. The Extended Claims Reporting Endorsement will not extend the **Policy Period.**

**Your** right to purchase an Extended Claims Reporting Endorsement is conditioned on the following:

(1) prior to cancellation, nonrenewal or expiration of this policy, **you** were in compliance with all the terms and conditions of this policy, including payment of all premiums and deductibles when due;

(2) **you** agree that the additional premium paid for an Extended Claims Reporting Endorsement is one hundred percent (100%) earned upon receipt and nonrefundable;

(3) **your** license or right to practice law has not been revoked, suspended or surrendered; and

(4) **you** made no material misrepresentation in obtaining the coverage provided by this policy.

If **you** have complied with the above requirements, **you** have the option to purchase an Extended Claims Reporting Endorsement. **You** must exercise this option and pay the additional premium within thirty (30) days following the cancellation, nonrenewal or expiration of this policy.

b. **Named Insured Option.** The additional premium required to purchase an Extended Claims Reporting Endorsement on behalf of the **Named Insured** shall be calculated as follows:

(1) One hundred percent (100%) of the **Named Insured's** last annual premium for a one-year extended reporting period;

(2) One hundred eighty-five percent (185%) of the **Named Insured's** last annual premium for a three-year extended reporting period;

(3) Two hundred twenty-five percent (225%) of the **Named Insured's** last annual premium for a five-year extended reporting period; and

(4) Three hundred percent (300%) of the **Named Insured's** last annual premium for an unlimited extended reporting period.

c. **Individual Retiree Option.** Upon the retirement from the practice of law, any lawyer who qualifies as an **Insured** shall be entitled to an Extended Claims Reporting Endorsement with an unlimited reporting period at no additional premium. An **Insured's** right to the insurance of such an endorsement is conditioned on the following:

(1) the **Insured** is at least fifty-five (55) years of age at the time of retirement;

(2) the **Insured** was employed by the **Named Insured** during the **Policy Period** and had been insured by **us** for five or more consecutive **Policy Periods;**

(3) the **Insured** notifies **us** of his or her retirement and requests the issuance of an Extended Claims Reporting Endorsement within thirty (30) days following the cancellation, nonrenewal or expiration of this policy; and

(4) the conditions described above in Subsection **11.a.** have been met.

**d. Individual Death or Permanent Disability Option.** Any lawyer who qualifies as an **Insured** and who dies or becomes permanently disabled, shall be entitled to an Extended Claims Reporting Endorsement with an unlimited reporting period at no additional premium. Such **Insured's** right to the issuance of an Extended Claims Reporting Endorsement is conditioned on the following:

(1) the **Insured** was employed by the **Named Insured** during the **Policy Period** and suffered death or disability during the Policy Period;

(2) in the event of disability, the **Insured** is totally and continuously disabled from the practice of law a minimum of six months prior to the election of this option;

(3) satisfactory written evidence of death or permanent disability is provided to **us** within ninety (90) days following the death or disability;

(4) the **Insured** or **Insured's** representative notifies **us** of the death or disability and requests issuance of an Extended Claims Reporting Endorsement within thirty (30)

days following the cancellation, nonrenewal or expiration of this policy; and

(5) the conditions described above in Subsection **11.a.** have been met.

**12. Cancellation**

Either **you** or **we** can cancel this policy by notifying the other in writing.

If **you** cancel, the return premium will be calculated using a customary short rate penalty or ten percent (10%) of the estimated premium for the remainder of the **Policy Period** as stated in the Declarations. If **we** cancel, a written notice of cancellation will be sent to **you** at the address shown in the Declarations and the return premium will be calculated on a pro rata basis. The notice will state when, but not less than ten (10) days thereafter, the cancellation will be effective. **Our** mailing of the notice to the address of the Contact Person stated in the Declarations will be sufficient proof of notice. The effective date of cancellation as stated therein will become the end of the **Policy Period.**

**13. Our** failure to insist on strict compliance with any of the terms, provisions, or conditions to coverage or the failure to exercise any right or privilege shall not operate or be construed as a waiver of any provisions, conditions, privileges or rights.

**In Witness Whereof, we** have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by **our** authorized representative.

_Kris Holley Harrell_
Secretary

_Carl H. Lindner III_
President



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-368-5000

CG 79 45
(Ed. 04 94)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ARBITRATION AND MEDIATION COVERAGE ENDORSEMENT**

Section A., Item 9. is changed as follows:

**Professional Services** means:

services **you** perform for a client in **your** capacity as a lawyer. "Services shall also include those rendered as an Arbitrator or Mediator as defined by the rules and regulations of the Supreme Court of **your** State."

CG 79 45 (Ed. 04/94) XS



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

CG 79 44
(Ed. 02 98)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## MASSACHUSETTS AMENDATORY ENDORSEMENT

I. Section H., Item **12. Cancellation** is changed as follows:

The phrase "ten (10) days" in Paragraph three is changed to "sixty (60) days."

II. Section A., Item **10. Professional Services** may be changed as follows:

If **you** have indicated in **your** application for this insurance that **you** act in the capacity of title insurance agent, **Professional Services** means:

Services **you** perform for a client in **your** capacity as a lawyer or title insurance agent.

The following exclusions shall also apply to **your** acts, errors or omissions in **your** capacity as title insurance agent.

a. **you** will not be covered for **claims** arising from title defects which are not of public record which **you** knew of on the date **you** issued the title insurance;

b. **you** will not be covered for claims arising out of **your** handling or disbursement of funds.

CG 79 44 (Ed. 02/98) XS

**GREAT AMERICAN.**
INSURANCE GROUP

Administrative Off
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

CG 80 69
(Ed. 10 98)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ANNUAL AGGREGATE DEDUCTIBLE ENDORSEMENT
## WITH NO EARLY REPORTING DEDUCTIBLE TO POLICY CG 80 42

HOW YOUR COVERAGE IS CHANGED:

Section F.4. of the policy is deleted and replaced with the following:

4. From the amount of **Damages** and **Claim Expenses** we pay, we will subtract:

   a. For all **Claims you** report during the **Policy Period**, the amount specified in the Declarations as Deductible.

   The maximum deductible **you** shall be required to pay under the policy for all **Early Reported Incidents** and **Claims you** report during the **Policy Period** shall not exceed $50,000 .

   All other terms and conditions remain unchanged.

CG 80 69 (Ed. 10/98) PRO          (Page 1 of 1)



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

CG 80 76
(Ed. 10 98)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## MUTUAL SELECTION OF DEFENSE COUNSEL ENDORSEMENT TO POLICY CG 80 17, CG 80 35 AND CG 80 42

HOW YOUR COVERAGE IS CHANGED:

Under **C. Defense and Settlement:**

The section of the policy regarding the selection of defense counsel will be deleted in its entirety and replaced with the following:

> The defense counsel retained to represent an **Insured** under this policy shall be selected and mutually agreed upon by **us** and the **Named Insured.**

All other terms and conditions remain unchanged.

CG 80 76 (Ed. 10/98) XS

IL 09 85
(Ed. 01 03)

THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY IN
RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK
INSURANCE ACT OF 2002. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE
OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.

## DISCLOSURE PURSUANT TO TERRORISM RISK
## INSURANCE ACT OF 2002

### SCHEDULE*

Terrorism Premium (Certified Acts) $ N / A

Additional information, if any, concerning the terrorism premium:

* Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations.

## A. Disclosure Of Premium

In accordance with the federal Terrorism Risk Insurance Act of 2002, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to coverage for terrorist acts certified under that Act. The portion of your premium attributable to such coverage is shown in the Schedule of this endorsement or in the policy Declarations.

## B. Disclosure Of Federal Participation In Payment Of Terrorism Losses

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. The federal share equals 90% of that portion of the amount of such insured losses that exceeds the applicable insurer retention.

Copyright, ISO Properties, Inc., 2003