UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————

|  |  |
|---|---|
| DENNIS DIMON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) Civil Action No. 05-11073 WGY |
|  | ) |
| METROPOLITAN LIFE INSURANCE CO., | ) |
| KEMPER INSURANCE CO., MORGAN | ) |
| STANLEY DW, INC., MICHAEL B. LATTI, | ) |
| LATTI ASSOCIATES, and LATTI & ANDERSON | ) |
| LLP. | ) |
|  | ) |
| Defendants. | ) |

———————————————————————

## MICHAEL B. LATTI, LATTI ASSOCIATES, AND LATTI & ANDERSON LLP'S MOTION TO COMPEL PLAINTIFF'S EXPERT REPORT AND EXTEND DEFENDANTS' EXPERT DISCLOSURE DEADLINE ACCORDINGLY

The plaintiff, Dennis Dimon's ("Plaintiff"), tracking order deadline for producing his expert witness report in accordance with the requirements of Fed. R. Civ. P. 26(a)(2)(B) was July 15, 2006. Other than identifying his potential expert witness by name and business address on July 14th, Plaintiff has failed to provide all other information required by Rule 26. There is currently a September 1st tracking order deadline by which Michael B. Latti, Latti Associates, and Latti & Anderson LLP (collectively "Latti") must make their expert disclosure. Latti will be severely prejudiced if they are forced to meet the September 1st tracking order deadline without knowing the substance of Plaintiff's expert's opinion and credentials. Therefore, Latti move this Court to compel Plaintiff to produce a complete Rule 26 expert witness report and to

extend the deadline by which Latti must make their expert disclosure to 45 days after such production.

## ARGUMENT

The tracking order in this case established a July 15, 2006 deadline for Plaintiff's complete expert disclosure in accordance with Fed. R. Civ. P. 26(a)(2)(B). See the Unopposed Motion to Extend Pretrial Deadlines granted by Judge Keeton on May 12, 2006 attached hereto as Exhibit A. Further according to the tracking order, the deadline by which the defendants, including Latti, must provide their expert disclosures is September 1, 2006. The later disclosure date for the defendants is to provide the defendants with ample time to analyze Plaintiff's expert witness reports, make determinations with respect to potential expert witness testimony of their own, and prepare their necessary disclosures.

On July 14, 2006, Plaintiff filed his purported Rule 26 expert disclosure with the Court, identifying Ron Sullivan as a potential expert witness and including Mr. Sullivan's business address. A copy of the Plaintiff's Expert Witness Disclosure is attached hereto as Exhibit B. Plaintiff's filing did not contain a written report prepared and signed by Mr. Sullivan containing the information required by the Federal Rules of Civil Procedure.[1] To date, Plaintiff has still not produced the required expert report, nor has he indicated when such a report will be produced, if ever. By virtue of Plaintiff's failure to meet his obligations under Fed. R. Civ. P. 26, Latti is now faced with their own expert

---

[1] Fed. R. Civ. P. 26(a)(2)(B) requires that expert witness disclosures be accompanied by a written report prepared and signed by the witness that contains: "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at a trial or by deposition within the preceding four years." FED. R. CIV. P. 26(a)(2)(B)

disclosure deadline without the slightest notion as to Plaintiff's expert's potential testimony. Latti will be severely prejudiced if either: (i) they are forced to retain potential experts and produce expert witness reports by the September 1st deadline without previously knowing the substance of Plaintiff's expert's testimony; or (ii) are precluded at a later date from designating their own expert witnesses because said disclosure has to be made after the September 1st deadline. Therefore, Latti moves this Court to compel Plaintiff to immediately produce a complete expert report in accordance with the requirements of Fed. R. Civ. P. 26(a)(2)(B), and to extend the deadline by which Latti must make their expert disclosures to 45 days after receipt of Plaintiff's complete expert report.

By their attorneys,

_____
J. Owen Todd (BBO #499480)
John E. DeWick (BBO #654723)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: August 17, 2006

## CERTIFICATION

Pursuant to District Court Rule 7.1 (A) (2), I hereby certify that I have conferred with counsel for Dennis Dimon on multiple occasions in a good faith attempt to resolve or narrow the issues addressed herein.

_____
John E. DeWick

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **DENNIS DIMON,** | ) | |
| **Plaintiff,** | ) | |
| **VS.** | ) | |
| | ) | **C. A. No: 05-11073 REK** |
| **METROPOLITAN LIFE INSURANCE COMPANY, KEMPER INSURANCE COMPANY, MORGAN STANLEY DW, INC., MICHAEL B. LATTI, LATTI ASSOCIATES, and LATTI & ANDERSON LLP,** | ) | |
| **Defendants.** | ) | |

## UNOPPOSED MOTION TO EXTEND PRETRIAL DEADLINES

Plaintiff Dennis Dimon, as well as defendants Metropolitan Life Insurance Company, Morgan Stanley, DW, Inc., Michael B. Latti, Latti Associates and Latti & Anderson (hereinafter collectively the "Moving Parties"), request the Court extend the pretrial deadlines as set forth below. Kemper Insurance Company (hereinafter "Kemper") will not join in this motion, but has represented to the undersigned that it will not oppose the motion.

As grounds for this Motion, the Moving Parties represent that they have made good faith efforts to comply with the Court's pretrial deadline regarding non-expert discovery, which is currently set for May 15, 2006. The Moving Parties have agreed to extend the non-expert deposition deadline until June 15, 2006, but only for the limited

purpose of taking those depositions that were noticed prior to May 15, 2006 and for no

other purpose. Kemper, while not agreeing, has represented that they will not oppose the

requested extension.

If allowed by the Court, this Motion necessitates extending the remaining pre-trial

deadlines as follows:

1.  All non-expert discovery shall be completed by May 15, 2006, except that
    depositions noticed prior to May 15, 2006 shall be completed by June 15,
    2006.

2.  Plaintiff shall designate trial experts and shall disclose the information
    contemplated by Fed. R. Civ. P. 26(a)(2)(b) by July 15, 2006.

3.  Defendants shall designate trial experts and shall disclose the information
    contemplated by Fed. R. Civ. P. 26(a)(2)(b) by September 1, 2006.

4.  All expert depositions to be completed by October 15, 2006.

5.  All dispositive motions, and/or motions for summary judgment, are to be
    filed by December 15, 2006.

7.  All oppositions to dispositive motions, and/or motions for summary
    judgment, are to be filed by January 15, 2005.

8.  A final pretrial conference will be held on or about February 28, 2007 at
    2:00 p.m.

Respectfully submitted,
For the defendant,
Metropolitan Life Insurance Co.


_____/s/ Peter LeBlanc_____
James J. Ciapciak #552328
Peter LeBlanc #645305
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA 02062
781-255-7401

Respectfully submitted,
For the Plaintiff,

_____/s/ Brian Keane_____
David B. Kaplan #258540
Brian Keane #656717
The Kaplan/Bond Group
88 Black Falcon Avenue
Suite 301
Boston, MA  02210
(617) 261-0080

Respectfully submitted,
For the defendants, Michael B. Latti,
Latti Associates and Latti &
Anderson, LLP

_____/s/ John DeWick_____
J. Owen Todd, #499480
John DeWick, #654723
Todd & Weld, LLP
28 State Street
31st Floor
Boston, MA  02109
(617) 720-2626

Respectfully submitted,
For the defendant, Morgan
Stanley DW, Inc.

_____/s/ Sandra Sue McQuay_____
Sandra Sue McQuay #340120
Sullivan, Weinstein & McQuay LLP
2 Park Plaza, Suite 610
Boston MA  02116
617-348-4380

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 12, 2006.

_/s/ Peter LeBlanc_____
Peter LeBlanc

UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11073 WGY

| | |
|---|---|
| DENNIS DIMON,<br>　　　　Plaintiff<br><br>vs.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY, KEMPER<br>INSURANCE COMPANY,<br>MORGAN STANLEY DW, INC., and<br>MICHAEL B. LATTI, LATTI<br>ASSOCIATES, LATTI & ANDERSON<br>LLP,<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S EXPERT WITNESS DISCLOSURES

Pursuant to Fed.R.Civ.P. 26(a)(2), the Plaintiff discloses the following expert witness who

may be called upon to testify at trial on his behalf:

    1.    Ron Sullivan
          Ron Sullivan Associates, Inc.
          76 Carroll Drive
          Foxboro, Massachusetts  02035

With respect to the proposed expert testimony of Ron Sullivan, a signed report, Curriculum

Vitae and a fee schedule shall be seasonably supplemented. Mr. Sullivan has not testified as an

expert at trial or by deposition within the past four years.

Respectfully submitted,
For the plaintiff,
By his attorneys,


/s/ David B. Kaplan, Esq.
DAVID B. KAPLAN
BBO #258540
BRIAN KEANE
BBO #656717
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, Massachusetts 02210
(617) 261-0080


Dated: July 14, 2006

## Broder, Susan

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Saturday, July 15, 2006 12:01 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**1:05-cv-11073-WGY Dimon v. Metropolitan Life, et al.**
**Designation of experts   40**

**Docket Text:**
DESIGNATION OF EXPERTS by Dennis Dimon. (Kaplan, David)