# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————— ) | |
| **DENNIS DIMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | |
| ) | **C. A. No:  05-11073 WGY** |
| **METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY, KEMPER** ) | |
| **INSURANCE COMPANY,** ) | |
| **MORGAN STANLEY DW, INC.,** ) | |
| **MICHAEL B. LATTI, LATTI** ) | |
| **ASSOCIATES, and LATTI &** ) | |
| **ANDERSON LLP,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
### MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully moves this Court to issue an Order compelling defendant Kemper Insurance Company ("Kemper") to provide complete documents in response to document requests and to submit to a continuation of the suspended F.R.C.P. 30(b)(6) deposition of its designated representative.

In the alternative, MetLife requests that the Court issue an order precluding Kemper from presenting any defense or asserting any position based upon or supported by any document or information not previously produced to the parties.

The following review of the disclosure and discovery history with regard to Kemper of this case reveals that Kemper has withheld documents it has in its possession without justification.

## DEPOSITION

Kemper's 30(b)(6) deposition was noticed first by defendant Morgan Stanley DW, Inc. ("Morgan Stanley"). Kemper resisted producing a witness for the deposition noticed by Morgan Stanley.[1] In light of Kemper's position of producing a witness for its 30(b)(6) deposition, MetLife noticed the 30(b)(6) deposition of Kemper. After some communications between the parties, Kemper agreed to produce a witness for its 30(b)(6) deposition. However, the original deposition date was continued several times at Kemper's request due to witness and counsel availability issues. Kemper's 30(b)(6) deposition was rescheduled for August 29, 2006.

On August 25, 2006, Kemper's counsel contacted MetLife's counsel informing them that Kemper had recently discovered documents relevant to this matter. Kemper's counsel requested, but did not insist, that the August 29, 2006 deposition be postponed until the recently discovered documents were produced to the parties. MetLife's counsel, after conferring with the other defendants and the plaintiff, agreed to postpone the Kemper deposition on the following two conditions: that the documents were produced prior to the postponed date and a date certain was agreed to by all parties. The deposition was postponed until September 7, 2006.

The deposition was started, but not concluded on September 7, 2006. MetLife suspended on several issues, including the issue of the undisclosed documents (see

---

[1] It was a matter of some dispute as to whether Kemper refused to produce a witness or was unable to identify a witness with any knowledge of the case. In any event, Kemper did not produce a witness for the 30(b)(6) deposition noticed by Morgan Stanley.

below) and the witness's refusal, on advice of counsel, to answer questions regarding the last known whereabouts of John Noe.  Kemper's counsel objected to suspending, as opposed to concluding, the deposition.

MetLife respectfully requests the Court order Kemper to produce a witness for its continued deposition.

## DOCUMENT PRODUCTION

As noted above, Kemper produced some, but not all, of the documents in its possession related to this case and the underlying Dimon v. Jenny C., Inc. case.  This production was made via electronic delivery at 4:57 p.m. on September 5, 2006.  It consisted of over 100 pages and included a Privilege Log listing an additional 5 pages of documents, which Kemper asserted were protected from disclosure by the attorney/client privilege or work product doctrine.

The recently discovered documents were described by Kemper's attorney as "about an inch thick."  The production made by Kemper, when printed out, was less than an inch thick stack of documents.

However, during the course of the deposition, little more then one business day after the most substantial document production made by any party to date, the deponent revealed that he sent Kemper's attorney approximately seven inches of documents that were discovered by Kemper weeks before the deposition.  Further, the witness testified that the seven inch stack of documents he forwarded to Kemper's counsel was located in a "ongoing search" of documents with reference to Kemper's internal file number.  He described the located documents as the "Claim File."

Kemper has not produced all of the documents in its possession that relate to this action.  Kemper's <u>own internal procedures</u> grouped these documents as being related to the <u>Dimon v. Jenny C., Inc.</u> case.  Kemper should not be allowed to now claim that they are unrelated and, thus, are not relevant for disclosure purposes.

MetLife respectfully requests the Court Order Kemper to produce all of the

remaining documents in its possession and for leave to reconvene the 30(b)(6) deposition of Kemper.

Defendant,
Metropolitan Life Insurance
Company
By its Attorneys,


_____/s/ James J. Ciapciak_____
James J. Ciapciak, BBO # 552328
Peter LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02109
(781) 255-7401


## L.R. 37.1 CERTIFICATION

I hereby certify that a discovery conference was held on or about September 28, 2006, by exchange of correspondence between the parties to the dispute. The parties were not able to reach a resolution on any of the disputed issues. The remaining issues to be decided by the Court are whether to compel production of withheld documents and whether to compel Kemper to produce a witness for its continued deposition. This is a contract based action and the discovery relates to the issuance of an annuity policy in 1983. Very few documents exist presently regarding the annuity in question or the underlying Jenny C., Inc. case.


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on October 13, 2006.


_____/s/ James J. Ciapciak_____
James J. Ciapciak

5