UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| DENNIS DIMON<br>    Plaintiff<br><br>v.<br><br>MICHAEL B. LATTI, LATTI ASSOCIATES, LATTI & ANDERSON LLP, METROPOLITAN LIFE INSURANCE COMPANY, KEMPER INSURANCE COMPANY, and MORGAN STANLEY DW, INC.,<br>    Defendants | Civil Action No. 05-11073-WGY |

**RESPONSE OF KEMPER INSURANCE COMPANY TO METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO COMPEL DISCOVERY RESPONSES**

This Court's attention has now been called to a motion filed by Metropolitan Life Insurance Company ("Metropolitan") that can be characterized as – at best – frivolous.

Metropolitan seeks an order from this Court compelling Kemper Insurance Company ("Kemper") to produce all file documents held by Kemper, and to submit to a continuation of a concluded deposition of its representative. However, Metropolitan's motion utterly ignores the following:

- at no time during the course of discovery did Metropolitan ever serve Kemper with any document requests whatsoever;

- furthermore, even the document requests served on Kemper by the other parties to this lawsuit did not seek the documents that Metropolitan now demands, and Kemper has produced all documents responsive to those requests; and

- no cause exists to continue the concluded deposition of Kemper's representative, which deposition spanned two days (and was concluded by mutual consent), and entailed questioning by counsel for all parties to this lawsuit.

Accordingly, Metropolitan's motion is meritless and should be denied.

I.  **FACTS**

On or about May 23, 2005, Plaintiff Dennis Dimon commenced this lawsuit and named as defendants Michael B. Latti, Latti Associates, Latti & Anderson, LLP (collectively, the "Latti Defendants"), Metropolitan, Kemper, and Morgan Stanley DW, Inc. ("Morgan "Stanley"). This lawsuit centers on a dispute involving the settlement of an underlying personal injury action, and the terms and placement of an annuity policy associated with that settlement.

Following the initiation of this lawsuit, various discovery requests were exchanged by the parties. However, at no time during the course of discovery did Metropolitan ever serve Kemper with any document requests or other written discovery requests. The other parties – namely, Morgan Stanley, the Latti Defendants and the Plaintiff – served Kemper with discovery requests seeking documents relating to the settlement of the underlying action and the terms and placement of the annuity in question. No party requested that Kemper produce all documents relating generally to the underlying action. Kemper produced all documents in its possession responsive to the parties' various discovery requests.

On May 10, 2006, Metropolitan noticed a 30(b)(6) deposition of Kemper. (A copy of the notice of deposition is attached hereto as Exhibit "A.")[1] The discovery period subsequently closed on May 15, 2006. The parties agreed to extend the discovery period for the limited purpose of permitting those depositions that already had been noticed, but had not yet been taken prior to May 15, 2006. Subsequently, Kemper's 30(b)(6) deposition was re-scheduled to take place on August 29, 2006.

---

[1] Metropolitan's notice did not require Kemper to produce any documents at the deposition. See id. Nevertheless, at the deposition, Kemper's representative did bring with him all documents that had been by Kemper in this lawsuit.

2

Shortly before the date of Kemper's 30(b)(6) deposition, through continued and diligent investigation, Kemper was able to locate additional file documents in connection with the underlying action, some of which documents related to the settlement of the underlying action and the terms and placement of the annuity in question. Kemper's counsel immediately advised Metropolitan's counsel of this discovery, and Kemper's deposition was continued by agreement of the parties in order to determine to what extent the documents were responsive to the parties' various discovery requests and/or privileged.

On September 5, 2006, Kemper produced, from the recently discovered documents, all non-privileged documents that were responsive to the parties' various discovery requests (i.e., those that related to the settlement of the underlying action and the terms and placement of the annuity in question).[2] Kemper's counsel advised the parties that Kemper would not, of course, be producing additional file documents that were not responsive to the parties' discovery requests, and which, in any event, bore no relevance to this lawsuit. (A copy of the September 5, 2006 correspondence from Kemper's counsel is attached hereto as Exhibit "B.")[3]

Kemper's 30(b)(6) deposition subsequently commenced on September 7, 2006. The deposition continued through, and concluded on the afternoon of September 8, 2006. With Kemper's consent, the deposition exceeded the length of time permissible under the Federal Rules of Civil Procedure, and counsel for all parties – including Metropolitan – were afforded full opportunity, and did in fact depose Kemper's representative.

On October 13, 2006, Metropolitan filed the instant motion.

---

[2] That production was accompanied by a privilege log detailing five pages withheld on grounds of attorney-client and/or work-product privilege.

[3] Such non-responsive documents included pleadings, depositions, and briefs filed in the underlying personal injury action, and documents relating to Kemper's subsequent bad faith lawsuit against the primary carrier.

3

## II. ARGUMENT

### A. No Basis Exists to Compel Kemper to Produce Any Additional Documents to Metropolitan.

No basis exists to compel Kemper to produce any additional documents to Metropolitan. This is so for at least two separate and independent reasons.

First, <u>Metropolitan never served any document requests whatsoever on Kemper</u>. It is simply axiomatic that Kemper cannot be compelled to produce documents when they were never requested in the first place. Tellingly, Metropolitan has included in its motion no reference to, or attachment evidencing, a specific document request from Metropolitan that Kemper failed to answer. This is because <u>Metropolitan never requested any documents from Kemper</u> during the discovery period.

Second, and in any event, Kemper has produced all documents responsive to the discovery requests served by the other parties to this lawsuit (i.e., those that relate to the settlement of the underlying action and the terms and placement of the annuity in question). No party has requested that Kemper produce all documents relating generally to the underlying action.[4] It is, of course, appropriate that no party has requested that Kemper produce the category of documents that Metropolitan now demands, since such documents are irrelevant to the issues in this lawsuit.

### B. No Basis Exists to Compel a Continuance of Kemper's Deposition.

Metropolitan's demand for a continuance of Kemper's 30(b)(6) deposition likewise should be summarily rejected, as no cause exists to justify it.

---

[4] Those documents include pleadings, depositions, and briefs filed in the underlying action, and documents relating to Kemper's subsequent bad faith lawsuit against the primary carrier.

Kemper's 30(b)(6) deposition, which spanned the course of two days, exceeded the time required by FED. R. CIV. P. 30(d)(2), and Kemper voluntarily accommodated the parties in extending the length of the deposition. Metropolitan offers no justification to continue the deposition, and indeed, no such justification exists.[5]

### C.  Kemper Should Be Awarded the Attorneys' Fees It Has Incurred in Responding to Metropolitan's Motion.

Kemper should be awarded the attorneys' fees it has been forced to incur in responding to Metropolitan's motion.

Prior to the filing of this response, Kemper's counsel advised Metropolitan's counsel that Metropolitan's motion lacked any basis. (A copy of the October 26, 2006 correspondence from Kemper's counsel to Metropolitan's counsel is attached hereto as Exhibit "C.") At that time, Kemper's counsel also advised Metropolitan's counsel that, should Metropolitan insist upon pursuing its baseless motion, Kemper would seek a recovery of the fees it would be forced to incur in defending the motion. (See id.) Nevertheless, Metropolitan's counsel refused to withdraw its motion. Because Kemper advised Metropolitan of the lack of any foundation for Metropolitan's motion, and Metropolitan still elected to force Kemper respond to Metropolitan's motion, Kemper should be awarded a recovery of the attorneys' fees it incurred in connection therewith.

---

[5] Finally, Metropolitan's suggestion that Kemper be precluded from presenting any defense or any position based upon the documents it has not produced must be rejected. As set forth above, Metropolitan never served Kemper with any document requests at all, no party has requested the category of documents that Metropolitan now demands, and Kemper has produced all documents responsive to the discovery requests of the other parties. Metropolitan offers no basis for a preclusion order, and under these facts, none can exist.

### III.  **CONCLUSION**

For the reasons set forth above, Kemper respectfully requests that this Court dismiss Metropolitan's motion to compel responses to discovery requests, and requests that the Court award Kemper its attorneys' fees incurred in responding to this Motion.

                              Respectfully Submitted,

                              KEMPER INSURANCE COMPANY

                              By its attorneys,

                              _____
                              Timothy O'Driscoll (Admitted Pro Hac Vice)
                              Kevin L. Golden (Admitted Pro Hac Vice)
                              DRINKER BIDDLE & REATH LLP
                              One Logan Square
                              18th & Cherry Streets
                              Philadelphia, PA 19103-6996
                              (215) 988-2700

                              <u>Local Counsel</u>
                              Kevin Murphy
                              YURKO & SALVESEN, P.C.
                              One Washington Mall, 11th Floor
                              Boston, MA 02108-2603
                              (617) 723-6900

Dated: October 31, 2006

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Response of Kemper Insurance Company to Metropolitan Life Insurance Company's Motion to Compel Discovery Requests was filed via the ECF system and will be served electronically through that system upon Counsel of Record on October 31, 2006.

_____
Kevin L. Golden

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS DIMON, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>METROPOLITAN LIFE )<br>INSURANCE COMPANY, KEMPER )<br>INSURANCE COMPANY, )<br>MORGAN STANLEY DW, INC., )<br>MICHAEL B. LATTI, LATTI )<br>ASSOCIATES, and LATTI & )<br>ANDERSON LLP, )<br>)<br>Defendants. ) | C. A. No: 05-11073 REK |

### F.R.C.P. 30(b)(6) NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that on **May 15, 2006, at 3:00 p.m.**, the Defendant, Metropolitan Life Insurance Company, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, by its attorney, will take the deposition upon oral examination of the officer(s), director(s), agent(s) and/or employee(s) of **Defendant, Kemper Insurance Company,** with the most knowledge regarding the circumstances surrounding Plaintiff's claims, the issuance of the Annuity and the discovery propounded by Plaintiff and Defendants, at the office of the Plaintiff's counsel, CIAPCIAK & ASSOCIATES, P.C., 99 Access Road, Norwood, Massachusetts, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a notary public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths,

regarding the subjects listed herein. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Deponent is required to designate one or more officers, directors, or managing agents, or other persons with knowledge of the matters set forth herein.

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

                                      Defendant,
                                      Metropolitan Life Insurance Company
                                      By its Attorney,

                                      James J. Ciapciak, BBO # 552328
                                      CIAPCIAK & ASSOCIATES, P.C.
                                      99 Access Road
                                      Norwood, MA 02109
                                      (781) 255-7401

### CERTIFICATE OF SERVICE

I, James J. Ciapciak, certify that on the 10th day of May, 2006, the foregoing document has been served by causing a copy of same to be mailed, postage prepaid, directed to all counsel of record.

                                      James J. Ciapciak

# Golden, Kevin L.

| | |
|---|---|
| **From:** | Golden, Kevin L. |
| **Sent:** | Tuesday, September 05, 2006 4:57 PM |
| **To:** | 'Peter LeBlanc' |
| **Cc:** | 'McQuay, Sandra Sue'; 'nmb@candalawyers.com'; 'BKeane@KaplanBond.com'; 'jdewick@toddweld.com' |
| **Subject:** | Dimon v. Latti |



KemperDocs.pdf (2 MB)

Mr. LeBlanc:

I have attached a copy of the additional file documents that my client was able to locate in connection with the above-referenced matter.

The attached contains documents responsive to the several requests served on Kemper by the parties in this case. The attached includes all documents relating to the settlement of the underlying case (except as noted below) and the purchase of the annuity. Of course, I have not included other, non-responsive documents maintained in Kemper's file, such as pleadings, depositions, and briefs in the underlying case, and documents relating to Kemper's subsequent bad faith lawsuit against the primary carrier.

Finally, I have attached a privilege log with respect to certain documents subject to the attorney-client and/or work product privilege due to the confidential communications contained therein regarding the underlying settlement.

If you have any questions, please do not hesitate to contact me.

Kevin

Kevin L. Golden
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-3367
(215) 988-2757 (fax)
kevin.golden@dbr.com

1

**DrinkerBiddle&Reath**
L L P

Timothy J. O'Driscoll
215-988-2865
timothy.o'driscoll@dbr.com

Law Offices

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.dbr.com

PHILADELPHIA
WASHINGTON
BERWYN
NEW YORK
LOS ANGELES
SAN FRANCISCO

DrinkerBiddle&Shanley LLP
PRINCETON
FLORHAM PARK

October 26, 2006

**VIA FACSIMILE**

Peter LeBlanc, Esquire
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062

      RE:    *Dimon v. Metropolitan Life Insurance Company, et al.* **(In the U.S. District Court for the District of Massachusetts, No. 05-11073 REK)**

Dear Mr. LeBlanc:

    I write on behalf of Kemper Insurance Company ("Kemper") in regard to the Motion that you recently filed on behalf of Metropolitan Life Insurance Company ("Metropolitan") and against Kemper in the above referenced matter.

    In the Motion, Metropolitan seeks to compel Kemper to produce additional documents and submit to further deposition. However, the Motion neglects to mention that Metropolitan never served any document requests on Kemper (either prior to or concurrently with Metropolitan's notice of Kemper's 30(b)(6) deposition, or at any time during the discovery period), and furthermore, Kemper already has produced all documents responsive to the other parties' discovery requests. The Motion also fails to identify any cause whatsoever for further deposition of Kemper's 30(b)(6) witness. Indeed, that no such cause exists is obvious in light of the above-referenced facts, as well as the fact that Kemper's 30(b)(6) witness already submitted to a day and a half of deposition, during which all parties were permitted to ask questions regarding all documents that have been produced.

    **These facts (among others) render Metropolitan's Motion utterly baseless, and I therefore demand its immediate withdrawal. If you have not withdrawn the Motion by noon tomorrow, October 27, 2006, and advised me of same in writing, I will file a Response to the Motion, and seek therein the recovery of the fees incurred by Kemper in connection with same.**

Sincerely yours,

*Timothy J. O'Driscoll /klg*

Timothy J. O'Driscoll

TJO\klg

*Established* 1849