# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| DENNIS DIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | C. A. No: 05-11073 MEL |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, KEMPER | ) | |
| INSURANCE COMPANY, | ) | |
| MORGAN STANLEY DW, INC., | ) | |
| MICHAEL B. LATTI, LATTI | ) | |
| ASSOCIATES, and LATTI & | ) | |
| ANDERSON LLP, | ) | |
| | ) | |
| Defendants. | ) | |

### METROPOLITAN LIFE INSURANCE COMPANY'S
### L.R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT
### OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), pursuant to L.R. 56.1, submits the following undisputed material facts in support of its Motion for Summary Judgment.

1. Plaintiff, Dennis Dimon ("Dimon"), was injured in 1981 while serving as a member of the crew aboard the F/V JENNY C. See EXHIBIT "A" at ¶ 10.[1]

2. At the time of the injury, Dimon was employed by Jenny C. Inc., a company organized under the laws of the State of Rhode Island. See EXHIBIT "B" at Count I, ¶ 2 and ¶ 3.

---

[1] Unless otherwise noted, Exhibits referred to herein are exhibits to the Memorandum in Support of Metropolitan Life Insurance Company's Motion for Summary Judgment.

3. At the time of Dimon's injury, Jenny C., Inc., owned, operated and controlled the F/V JENNY C. See EXHIBIT "B" at Count I, ¶ 2.

4. In 1981, Dimon brought a personal injury action against Jenny C., Inc. seeking compensation for his injuries. See EXHIBIT "B".

5. American Motorists Insurance Company ("American Motorists") was the excess insurance carrier for Jenny C., Inc. when Dimon was injured. See Exhibit # 8 and # 9 to W. Mensie Dep. Tr.; W. Mensie Dep. Tr. at 68:2-8 attached hereto and collectively referred to as EXHIBIT "U".

6. American Motorists was part of the Kemper Group, and is now Kemper Insurance Company. See EXHIBIT "A" at ¶ 17; See also EXHIBIT "F".

7. The case wherein Dimon sued the vessel's owner was captioned: Dimon v. Jenny C., Inc., C.A. 81-0063; and was filed in the United States District Court for the District of Rhode Island. See EXHIBIT "B".

8. In Dimon v. Jenny C., Inc., Dimon was represented by counsel from the firm of Latti Associates. See EXHIBIT "N" at 25:6-21.

9. From 1982 through 1984, Michael Latti and Roger Hughes were partners at Latti Associates. Joseph Flannery also worked at Latti Associates. See EXHIBIT "N" at 6:23 – 7:7; See also EXHIBIT "O" at 7:10-12.

10. Joseph Flannery was primarily responsible for handling the Dimon v. Jenny C., Inc. litigation on behalf of Latti Associates. See EXHIBIT "N" at 26:4-9; 31:7-22.

11. After jury verdict was rendered in February of 1983, Dimon v. Jenny C., Inc. was reassigned within Latti Associates to Roger Hughes. See EXHIBIT "N" at 31:21-22.

12. Roger Hughes was Dimon's counsel of record in 1983. See Michael B. Latti, Latti Associates, and Latti & Anderson LLP's Initial Disclosures at ¶ 3, attached hereto as EXHIBIT "V"; See also Stipulation and Release, attached hereto and referred collectively as EXHIBIT "W".

13. There is no evidence that Latti Associates, Michael Latti or Roger Hughes ever withdrew as Dimon's counsel of record.

14. On or about April 19, 1983, after the verdict was rendered, the parties to Dimon v. Jenny C., Inc. reached a settlement. See EXHIBIT "C".

15. As the result of the settlement Dimon received a lump sum payment and applied for an annuity entitling him to monthly payments for twenty years.

      See EXHIBIT "D"; See also Correspondence from MetLife to Dimon dated June 9, 2003 attached hereto as EXHIBIT "E".

16. Charter Security Life Insurance Company ("Charter") issued the annuity contract to Dimon. The corrected contract was lost. See EXHIBIT "F".

17. Charter was neither a party to, nor involved in the trial, settlement or post-trial proceedings of Dimon v. Jenny C., Inc.

18. Charter is now Metropolitan Life Insurance Company ("MetLife"). See EXHIBIT "A".

19. MetLife was neither a party to, nor involved in the trial, settlement or post-trial proceedings of Dimon v. Jenny C., Inc.

20. Dean Witter Reynolds, Inc. ("Dean Witter") was the agency that took the application for Dimon's annuity. See EXHIBIT "D".

21. Dean Witter is now Morgan Stanley DW, Inc. See EXHIBIT "A" at ¶ 18.

22. An Annuity Application was submitted to Charter dated May 4, 1983. See EXHIBIT "D".

23. American Motorists was the Applicant on the Annuity Application submitted to Dean Witter Reynolds. See EXHIBIT "D".

24. The Annuity Application was signed by Dimon as the Annuitant. See EXHIBIT "D".

25. The Annuity Application was signed by John Noe on behalf of American Motorists as the Owner of the annuity. See EXHIBIT "D".

26. The Annuity Application was signed by Kurt Snyder on behalf of Dean Witter as the agent. See EXHIBIT "D".

27. Roger Hughes of Latti Associates was identified in letters exchanged between Charter, American Motorists and Dean Witter as the person who provided information regarding the terms of the annuity. See EXHIBIT "F"; See also EXHIBIT "G" and "H".

28. On May 5, 1983, Charter issued the Annuity Contract. See EXHIBIT "E".

29. In a letter dated July 14, 1983, Barbara Boehm of Charter wrote to Kurt Snyder of Dean Witter asserting that a clerical error had been made in that the term of the annuity had been "incorrectly typed as 240 months certain and life thereafter instead of 240 months only." See EXHIBIT "I".

30. The July 14, 1983 letter from Barbara Boehm to Kurt Snyder states that "[a]s outlined in our telephone conversation …" indicating that there was at least one communication regarding the clerical error prior to July 14, 1983. Id.

31. On August 12, 1983, John Noe, on behalf of American Motorists, sent a letter to Robert Foley of Dean Witter. See EXHIBIT "F".

32. John Noe's August 12, 1983 letter was carbon copied to Barbara Boehm of Charter and Roger Hughes of Latti Associates. Id.

33. The address used on the various correspondences between Charter, American Motorists and Dean Witter between July 14, 1983 and October 14, 1983 was the correct address for Latti Associates during the relevant time period. See EXHIBIT "N" at 32:16-18); See also EXHIBIT "O" at 42:22 – 43:1.

34. Latti Associates did not experience any problems with mail delivery between July 14, 1983 and October 14, 1983. See EXHIBIT "N" at 32:19 – 33:14; See also EXHIBIT "O" at 43:2-11.

35. Neither Michael Latti nor Roger Hughes have a specific memory regarding receiving the letters regarding the dispute as to the terms of the Annuity.

36. In September of 1999, Katherine Dimon ("Mrs. Dimon"), on behalf of her husband, Dimon, contacted MetLife seeking information on the terms of the Annuity. See EXHIBIT "Q" at 10:3-18.

37. On September 24, 1999, MetLife wrote a letter to Dimon in response to Mrs. Dimon's inquiry confirming that Dimon would receive "monthly payments until the final payment on 5/5/2003." See EXHIBIT "R".

38. In 1999, Dimon's bank notified him and Mrs. Dimon that the Annuity was only for twenty years certain, not for life. See EXHIBIT "Q" at 67:24 – 68:2.

39. All annuity payments were paid to Dimon for the term of 240 months. See EXHIBIT "E" and "M" at 10:7-14.

4

40. MetLife paid Dimon the final payment on the Annuity on or about May 5, 2003.  See EXHIBIT "E".

        Defendant,
Metropolitan Life Insurance Company
By its Attorneys,


       /s/ James J. Ciapciak
James J. Ciapciak, BBO # 552328
Peter M. LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401


## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on December 29, 2006, I contacted Plaintiff's counsel and we conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

    /s/ James J. Ciapciak
James J. Ciapciak


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on January 2, 2007.


/s/ James J. Ciapciak_____
James J. Ciapciak