**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| DENNIS DIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | C. A. No: 05-11073 MEL |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, KEMPER | ) | |
| INSURANCE COMPANY, | ) | |
| MORGAN STANLEY DW, INC., | ) | |
| MICHAEL B. LATTI, LATTI | ) | |
| ASSOCIATES, and LATTI & | ) | |
| ANDERSON LLP, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S**
**OPPOSITION TO JOINT MOTION FOR ENTRY OF ORDER OF DISMISSAL**
**WITH PREJUDICE AS TO DEFENDANT MORGAN STANLEY DW, INC.**
**AND**
<u>**CROSS-MOTION TO AMEND ANSWER TO INCLUDE CROSS CLAIMS**</u>

Defendant Metropolitan Life Insurance Company ("MetLife") hereby opposes the Joint Motion filed by Dennis Dimon ("Mr. Dimon" or "Plaintiff") and Morgan Stanley DW, Inc. ("Morgan Stanley"), which seeks to dismiss Morgan Stanley with prejudice as a defendant in this action. Further, MetLife seeks leave of this Court to amend its Answer to include cross claims against Morgan Stanley pursuant to F.R.C.P. 15(a) ("Rule 15(a)").

**OPPOSITION**

MetLife opposes the Joint Motion filed by the Plaintiff and Morgan Stanley. Based upon MetLife's request to amend its Answer to include cross claims against Morgan Stanley, dismissal of Morgan Stanley would be inappropriate. If amendment is

allowed, Morgan Stanley should not be dismissed from this case as viable claims will be pending against it.

## CROSS-MOTION

MetLife respectfully requests the Court grant it leave to file an Amended Answer to add cross claims against Morgan Stanley. MetLife seeks to add claims for indemnification and contribution against Morgan Stanley. MetLife seeks to amend its Answer to add claims pursuant to Rule 15(a).

Rule 15(a) provides in relevant part "…a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Rule 15(a) also provides that "leave shall be freely given when justice so requires."

Morgan Stanley was a key player in the events that gave rise to Plaintiff's claims in this suit. It was a Morgan Stanley employee, Kurt Snyder, who took the application for the Annuity in question. Robert Foley, another Morgan Stanley employee, was involved in the correspondence after the clerical error made in the original annuity contract was discovered. In fact, there is no evidence that any representative of Charter Security Life Insurance Company ("Charter") had any direct communication with Mr. Dimon during the period of time between the negotiation for the annuity and the time the application was submitted. The only link between Charter and Mr. Dimon during that period of time was Morgan Stanley. Even Roger Hughes, one of the Latti Associates attorneys for Mr. Dimon in the <u>Dimon v. Jenny "C", Inc.</u> case, recognized that Robert Foley of Morgan Stanley was culpable for the events that gave rise to Mr. Dimon's current action.

None of the parties to this case will suffer any prejudice should the Court allow the requested amendment. MetLife respectfully requests that the Court grant it leave to file an amended answer to add claims against Morgan Stanley.

## CONCLUSION

MetLife opposes the Joint Motion to Dismiss filed by Mr. Dimon and Morgan Stanley. MetLife respectfully requests that the Joint Motion not be allowed. Further, MetLife requests the Court allow its Cross Motion and grant MetLife the opportunity to file an amended answer to add cross claims against Morgan Stanley.

> Defendant,
> Metropolitan Life Insurance
> Company
> By its Attorneys,
>
> /s/ Peter LeBlanc
> James J. Ciapciak, BBO # 552328
> Peter LeBlanc, BBO # 645305
> CIAPCIAK & ASSOCIATES, P.C.
> 99 Access Road
> Norwood, MA 02062
> (781) 255-7401

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on January 3, 2007.

> /s/ Peter LeBlanc
> Peter LeBlanc

## L.R. 7.1 CERTIFICATION

I certify that the undersigned attempted to convene a conference on January 3, 2007, between Sue McQuay and the undersigned. The undersigned was not able to reach Attorney McQuay, but did leave two extensive voice mail messages explaining MetLife's Opposition and Cross-Motion.

> /s/ Peter LeBlanc
> Peter LeBlanc