UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON<br><br>                    Plaintiff,<br><br>  vs.<br><br>METROPOLITAN LIFE INSURANCE CO., KEMPER INSURANCE CO., MORGAN STANLEY DW, INC., MICHAEL B. LATTI, LATTI ASSOC., and LATTI & ANDERSON LLP,<br><br>                    Defendants. | Civil Action No. 05-11073-MEL |

**DEFENDANT MORGAN STANLEY DW, INC.'S
RESPONSE TO METROPOLITAN LIFE INSURANCE COMPANY'S
OPPOSITION TO JOINT MOTION FOR ENTRY OF ORDER OF DISMISSAL
AND
OPPOSITION TO METROPOLITAN LIFE INSURANCE COMPANY'S
<u>MOTION TO AMEND ANSWER TO INCLUDE CROSS CLAIMS</u>**

Defendant Morgan Stanley DW, Inc. ("Morgan Stanley") hereby responds to the opposition of defendant Metropolitan Life Insurance Company ("Metropolitan Life") to the entry of an order dismissing plaintiff's claims against Morgan Stanley, and opposes Metropolitan Life's motion to amend its answer to include cross claims against Morgan Stanley. Metropolitan Life has stated absolutely no ground for its opposition to entry of an order dismissing plaintiff's claims against Morgan Stanley, and there is none. Further, Metropolitan Life's motion to amend its answer to file cross claims against Morgan Stanley – filed more than a year after the deadline for filing such amendments, after the close of discovery and the deadline for filing of summary judgment motions, and with a trial date imminent – is far too late and must be denied. Indeed, allowing such an amendment at this juncture, asserting entirely new causes of action, would be of

incalculable prejudice to Morgan Stanley. Metropolitan Life, for its part, does not even attempt to justify its inexcusable delay in asserting such claims. Accordingly, Morgan Stanley respectfully requests that the Court deny Metropolitan Life's Motion to Amend its Answer to Include Cross Claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dennis Dimon commenced this case against four defendants or groups of defendants: Kemper, Metropolitan Life, the Latti defendants (plaintiff's former lawyers), and Morgan Stanley. As further developed during discovery, and as the recently filed summary judgment papers demonstrate, the gravamen of plaintiff's claims against Kemper is that, when annuity payments to plaintiff ceased in 2003, Kemper breached a court-approved settlement agreement obligating Kemper to provide plaintiff with the annuity payments for as long as he lived, with a guarantee of payments for twenty years. The gravamen of plaintiff's claims against Metropolitan Life is that Metropolitan Life breached an annuity policy, of which plaintiff was the third party beneficiary, when Metropolitan Life reneged on the policy as issued, unilaterally asserting that it had made a "clerical error" in issuing a policy that provided for twenty years certain and life thereafter. The gravamen of plaintiff's claim against the Latti defendants, plaintiff's former lawyers, is that they committed legal malpractice and breached fiduciary duties owed to plaintiff when they failed to take any steps to protect plaintiffs' interest, thereby at a minimum giving rise to statute of limitations defenses now being asserted by Kemper and Metropolitan Life.

With respect to Morgan Stanley, the only admissible evidence in this case is that the Metropolitan Life form annuity application – pursuant to which Metropolitan Life

issued the original annuity policy that indisputably satisfied Kemper's settlement obligations – was signed by a representative of Dean Witter (now Morgan Stanley) as general agent.  Accordingly, before the filing of a summary judgment motion by Morgan Stanley, plaintiff elected not to pursue and to dismiss with prejudice his asserted claims of breach of contract and breach of fiduciary duty against Morgan Stanley, and plaintiff and Morgan Stanley on December 21, 2006, filed a joint motion with the Court seeking an order effecting that dismissal.

The only claims against Morgan Stanley are those of plaintiff, which he elected to dismiss.  No defendant ever asserted any cross-claims against Morgan Stanley, and the deadline for filing amendments to the pleadings to assert any such cross-claims was December 1, 2005, over a year ago.  *See Exhibit 1, as filed and accepted by the Court*.  Further, discovery in this case is long over, the Court-ordered deadline for filing summary judgment or other dispositive motions was January 2, 2007, after plaintiff moved for an order dismissing his claims against Morgan Stanley and before Metropolitan Life filed its Motion to Amend to Assert Cross-Claims, and the Court has set this case for trial on April 2, 2007.

## ARGUMENT

    A.  **METROPOLITAN LIFE HAS STATED NO GROUNDS FOR ITS OPPOSITION TO ENTRY OF AN ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST MORGAN STANLEY, AND THERE ARE NONE.**

Metropolitan Life does not even purport to state a ground for its opposition to the Joint Motion of Plaintiff and Morgan Stanley for an order dismissing plaintiff's claims against Morgan Stanley.  All Metropolitan Life says is that dismissal would be "inappropriate."  In fact, there is no basis for Metropolitan Life to oppose such an entry

3

of order of dismissal. The only claims against Morgan Stanley ever asserted in this case were claims by plaintiff of breach of contract and breach of fiduciary duty. Following the close of discovery, and with the filing of summary judgment papers by Morgan Stanley imminent, plaintiff determined not to pursue those asserted claims. In fact, discovery in this case showed that plaintiff had never had any contact or communication with Morgan Stanley (or its predecessor, Dean Witter), his lawyers could not recall any such contact or communication, the only admissible evidence was that a representative of Dean Witter had signed the application for an annuity, that the annuity issued by Metropolitan Life in response to that application was a lifetime annuity guaranteed for twenty years just as plaintiff's settlement agreement with Kemper required. It was Metropolitan Life that subsequently asserted that it had made a mistake in issuing a lifetime annuity and refused to perform the annuity as issued. Plaintiff's determination not to pursue and to dismiss its claims against Morgan Stanley was not only justifiable based on the admissible evidence developed during discovery, but is clearly a determination that plaintiff has the right to make. Metropolitan Life has absolutely no standing or ground on which to oppose such a determination, and obviously cannot and may not seek to require that plaintiff pursue such claims.

### B. METROPOLITAN LIFE'S MOTION TO AMEND ITS ANSWER TO INCLUDE CROSS CLAIMS SHOULD BE DENIED ON THE BASIS OF UNDUE AND PREJUDICIAL DELAY.

The law is clear that a motion to amend the pleadings can and should be denied in circumstances where there is undue delay in seeking the amendment or where there would be prejudice to the opposing party. *Grant v. News Group Boston, Inc.*, 55 F.3d 1 (1st Cir. 1995); *Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1 (1st Cir. 1983). That there has been undue delay in the filing of Metropolitan Life's motion to

4

amend its answer to include cross claims is manifest; it comes over a year after the deadline for any such filing, after discovery in this case is over, after the deadline for filing motions for summary judgment has passed, and with the case scheduled to commence trial on April 2.  *See, e.g., Grant v. News Group Boston, Inc. 55 F.3d at 5)*(motion to amend unduly delayed where discovery had closed and opposing party had nearly completed its motion for summary judgment); *Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979)* (finding a motion to amend served ten days *prior* to the close of discovery to be unduly delayed); *Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d at 4)*(motion to amend filed one and one-half months before trial date was untimely even if no further discovery would be necessary).

Further, where there has been delay, such as here, the party moving to amend has the burden of showing some valid reason or justification for the delay.  As stated by the First Circuit in *Grant v. News Group Boston, Inc*.: "Under this circuit authority, it is incumbent upon [the moving party] to give a valid reason for having waited so long to file his motion."  55 F. 3d at 5-6.  *See also Stepanischen v. Merchants Despatch Transp. Corp.* 722 F.2d 922, 933 (1st Cir. 1983) ("Where … considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some 'valid reason for his neglect and delay.'" (emphasis in the original))(quoting *Hayes v. New England Millwork Distribs., Inc*., 602 F.2d at 19-20).

Metropolitan Life *offers no reason whatsoever* for its delay, let alone a valid reason.  Nor is there any valid reason or justification.  Quite simply, Metropolitan Life's decisions – first not to assert cross claims and now its twelfth-hour effort to reverse course – appear to be purely strategic.  If in fact, Metropolitan Life had valid cross claims

5

to assert (which Morgan Stanley vehemently denies), the basis for any such cross-claims was known to Metropolitan Life from the outset of this case (indeed, from 1983 when the dispute over the annuity first arose).

Moreover, of course, the prejudice to Morgan Stanley would be incalculable if Metropolitan Life were permitted to assert cross claims in this case at this juncture. Discovery in this case is long over. The deadline for filing summary judgment motions is past. The case is scheduled to begin trial in two and a half months. If Metropolitan Life is permitted to amend its pleading to assert cross claims at this juncture, Morgan Stanley will have been denied any opportunity for discovery on those claims, will have been denied the opportunity to develop and assert a motion for summary judgment on those claims, and will be required to prepare to defend itself at trial on claims first asserted on the eve of trial. Such a result would stand the rules of procedure on their head. The First Circuit has found undue prejudice supporting denial of permission to amend even where a claimant has belatedly sought to assert additional claims that were factually similar to claims he **already** had asserted. *See, e.g., Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d at 4* (holding that plaintiff's belated request to add claims one and a half months before trial, even if factually similar to existing claims, would be unduly prejudicial in that they were legally distinct theories and might well affect defendant's planned trial strategy). Here, Metropolitan Life does not seek merely to add claims based on new legal theories to existing claims that it previously has asserted; it seeks to assert for the first time entirely *new* claims. The prejudice to Morgan Stanley is significant and manifest, and there is absolutely no valid justification for Metropolitan Life's waiting until now to seek to assert such claims.

## **CONCLUSION**

There is no basis for Metropolitan Life's opposition to plaintiff's and Morgan Stanley's Joint Motion For an Order of Dismissal With Prejudice, and the Court was correct to enter that Order. Further, Metropolitan Life's Motion to Amend Answer to Include Cross-Claims is untimely and prejudicial and should be denied.

MORGAN STANLEY DW, INC.

By its attorneys,

/s/ Sandra Sue McQuay
_____
Sandra Sue McQuay, BBO#340120
Sullivan Weinstein & McQuay
2 Park Plaza, Suite 610
Boston, MA  02116-3902
(617) 348-4300

# EXHIBIT 1

UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11073 REK

DENNIS DIMON,
    Plaintiff

vs.

MICHAEL B. LATTI, LATTI
ASSOCIATES, LATTI & ANDERSON
LLP, METROPOLITAN LIFE
INSURANCE COMPANY, KEMPER
INSURANCE COMPANY, and
MORGAN STANLEY DW, INC.,
    Defendants

## JOINT STATEMENT

The parties in the above captioned action submit the following Joint Statement in accordance with the Notice of Scheduling Conference and pursuant to the provisions of Fed. R. Civ. 16(b) and Local Rule 16.1. All parties are to provide initial disclosures within 10 days after the Rule 16.1 scheduling conference.

I.    <u>Obligation of Counsel to Confer</u>

    Counsels for the parties have conferred in accordance with the provisions of Local Rule 16.1(B). Discovery is proceeding in accordance with Local Rule 26 and a proposed joint discovery plan is contained below.

II.    <u>Settlement Proposals</u>

    The plaintiff has presented a written settlement proposal to the defendant in compliance with Local Rule 16.1. Defense counsel shall confer with an authorized representative of their

client on the subject of settlement and shall be prepared to respond to the proposal at the scheduling conference.

III.   Proposed Discovery Plan

The above-entitled action was filed with this Court on or about May 23, 2005. Pursuant to Rule 16(b) of the Fed. R. Civ. P. and Local Rule 16.1(F) the parties propose the following:

1. All amendments and/or supplements to the pleadings to be filed by December 1, 2005 reserving the right to amend and/or supplement if new evidence is introduced as result of discovery.

2. All non-expert discovery shall be completed by May 15, 2006.

3. Plaintiff shall designate trial experts and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2)(b) by June 15, 2006.

4. Defendants shall designate trial experts and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2)(b) by August 1, 2006.

5. All expert depositions to be completed by September 15, 2006.

6. All dispositive motions, and/or motions for summary judgment, are to be filed by November 15, 2006.

7. All oppositions to dispositive motions, and/or motions for summary judgment, are to be filed by December 15, 2005.

8. A final pretrial conference will be held on or about January 15, 2007 or as the court's calendar permits or unless dispositive motions remain pending at that time.

IV.  Trial by Magistrate Judge

The plaintiff, Dennis Dimon; defendant, Michael B. Latti, Latti Associates, Latti & Anderson, LLP; defendant, Kemper Insurance Company; and defendant, Morgan Stanley DW, Inc., reserve decision as to trial by magistrate judge until after discovery.

The defendant, Metropolitan Life Insurance Company does not agree to trial by magistrate judge.

VI.  Certifications

The parties certify that counsel and their clients have conferred with a view to establish a budget for litigation and alternative dispute resolution. The certifications will be filed under separate cover.

| Respectfully submitted for the plaintiff, | Respectfully submitted for the defendant, Michael B. Latti, Latti Associates, Latti & Anderson, LLP, |
|---|---|
| /s/ David B. Kaplan<br>DAVID B. KAPLAN #258540<br>BRIAN KEANE #656717<br>The Kaplan/Bond Group<br>88 Black Falcon Avenue<br>Suite 301<br>Boston, MA 02210<br>(617) 261-0080 | /s/ J. Owen Todd<br>J. OWEN TODD #499480<br>JOHN DEWICK #654723<br>Todd & Weld, LLP<br>28 State Street<br>31st Floor<br>Boston, MA 02109<br>(617) 720-2626 |

Respectfully submitted                              Respectfully submitted
for the defendant, Morgan Stanley DW, Inc.,   for the defendant, Kemper Insurance Company,


/s/ Sandra McQuay_____             /s/ Matthew C. Welnicki_____
SANDRA MCQUAY #340120                          MATTHEW C. WELNICKI #647104
Sullivan Weinstein & McQuay, P.C.              Yurko & Salvesen, P.C.
Two Park Plaza, Suite 60                       One Washington Mall
Boston, MA 02116                               11th Floor
(617) 348-4300                                 Boston, MA 02108
                                               (617) 723-6900


Respectfully submitted
for the defendant, Metropolitan Life Insurance Company,


/s/  James J. Ciapciak_____
JAMES J. CIAPCIAK #552328
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401


Dated: November 2, 2005