# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| ) | |
| **DENNIS DIMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **C. A. No:  05-11073 MEL** |
| **METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY, KEMPER** ) | |
| **INSURANCE COMPANY,** ) | |
| **MORGAN STANLEY DW, INC.,** ) | |
| **MICHAEL B. LATTI, LATTI** ) | |
| **ASSOCIATES, and LATTI &** ) | |
| **ANDERSON  LLP,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____

### DEFENDANT, METROPOLITAN LIFE INSURANCE COMPANY'S
### OBJECTION TO MICHAEL B. LATTI, LATTI ASSOCIATES
### AND LATTI & ANDERSON LLP'S STATEMENT OF MATERIAL FACTS

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), hereby

objects to Defendants, Michael B. Latti, Latti Associates and Latti & Anderson LLP's

(hereinafter collectively "Latti Associates") Statement of Material Facts.  Although MetLife

does not take a position on whether Summary Judgment in favor of Latti Associates is

appropriate, MetLife disputes several of the material facts asserted by Latti Associates and on

which they rely upon as the basis for their Motion for Summary Judgment.

Latti Associates did not separately number its Statement of Material Facts as required

by the local Rules.  Therefore, MetLife cannot respond to each of Latti's alleged facts.  As

such, MetLife is required to set forth the following general objections to Latti Associates'

Statement of Material Facts.

First, Latti Associates' Statement of Material Facts presupposes that Kemper Insurance Company actually applied for a "life annuity." This is not supported by the evidence and is a fact that MetLife adamantly denies. Second, Latti Associates' Statement of Material Facts assumes that the "Annuity" attached as Exhibit "F" to its Motion for Summary Judgment was a valid and enforceable document, which MetLife disputes. Finally, Latti Associates' Statement of Material Facts presumes that the "Supplementary Agreement" attached to the "Annuity" in Exhibit "F" is also a valid and enforceable part of the original "Annuity", which is a fact MetLife contests.

Exhibit "F" to Latti Associates' Motion for Summary Judgment is an incomplete version of the original document: pages 3 and 4 are not attached, and miscellaneous pages are attached that do not follow, and may not be part of that document. The Table of Contents for the "Annuity" refers to a Schedule Page, which should be found on page 3 of the document, and a Table of Guaranteed Contract Values, which should be found on page 4 of the document. Neither of these pages is included in Exhibit "F" to Latti Associates' Motion. Moreover, of the remaining seven pages of the document, not one refers to Plaintiff, Dennis Dimon. It certainly is disputable who the recipient of this "Annuity" was, and whether it was, in fact, an annuity created for Plaintiff.

Even if this Court believes the "Annuity" on which Latti Associates relies (Exhibit "F" to their Motion) is the same or similar document that relates to Plaintiff, the reference on the document to a "Lifetime Annuity" clearly was the product of a clerical error as evidenced by the subsequent correspondence between Charter and Kemper. See Exhibits "G" through "L" attached to Latti's Motion for Summary Judgment. The terms of the Annuity applied for, and whether there was a clerical error, are certainly two highly disputed facts on this case.

Therefore, these alleged facts may not be relied upon when evaluating the Motion for Summary Judgment.

In addition, MetLife disputes the validity and applicability of the "Supplementary Agreement".  This document is not listed on the Table of Contents as being a document attached to the Annuity, and there is no evidence that the Supplementary Agreement referenced was ever attached to the document that has been designated as Exhibit "F" to Latti Associates' Motion.  Moreover, the "Supplementary Agreement" is not signed, and the date of the document May 5, 1983, does not correspond with the purported date of the "Annuity", June 17, 1983.  See Exhibit "F" to Latti Associates' Motion for Summary Judgment.

The correspondence between the parties from July of 1983 through October of 1983 speaks for itself.  It is important to note, however, that Latti Associates was well aware of the dispute regarding the terms of the Annuity since it was clearly copied on four out of the six letters exchanged.  Both Attorney Latti and Attorney Hughes confirmed at their respective depositions that the address used for Latti Associates on the letters in question was the correct address.  See M. Latti Dep. Tr. at 32:16-18, attached hereto as EXHIBIT "A"; See also R. Hughes Dep. Tr. at 42:22 – 43:1, attached hereto as EXHIBIT "B".  Furthermore, neither Attorney Latti nor Attorney Hughes could definitively recall at their depositions there being any problems with Latti Associates' ability to receive mail during the relevant period in 1983. See EXHIBIT "A" at 32:19 – 33:14; See also EXHIBIT "B" at 43:2-11.

As outlined above, there are several "material facts" submitted by Latti Associates, which are disputed by MetLife, and, therefore, should not be considered by this Honorable Court when evaluating Latti Associates' Motion for Summary Judgment.

WHEREFORE, Defendant, Metropolitan Life Insurance Company, respectfully

objects to Latti Associates' Statement of Material Facts and requests that this Honorable

Court not consider the disputed facts in deciding Latti Associates' Motion for Summary

Judgment.

<div style="margin-left: 40%;">

Respectfully submitted,
METROPOLITAN LIFE INSURANCE
COMPANY,
By Its Attorneys,


/s/ James J. Ciapciak_____
James J. Ciapciak, BBO #: 552328
Peter M. LeBlanc, BBO #: 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7402

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on  February 5th, 2007.

<div style="margin-left: 40%;">

 /s/ James J. Ciapciak_____
James J. Ciapciak

</div>