**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DENNIS DIMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C. A. No: 05-11073 MEL |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, KEMPER ) | |
| INSURANCE COMPANY, ) | |
| MORGAN STANLEY DW, INC., ) | |
| MICHAEL B. LATTI, LATTI ) | |
| ASSOCIATES, and LATTI & ) | |
| ANDERSON LLP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT, METROPOLITAN LIFE INSURANCE COMPANY'S**
**OBJECTION TO KEMPER INSURANCE COMPANY'S**
**STATEMENT OF UNDISPUTED FACTS**

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), hereby objects to Defendant, Kemper Insurance Company's (hereinafter "Kemper") Statement of Undisputed Facts. Although MetLife does not take a position on whether Summary Judgment in favor of Kemper is appropriate, MetLife disputes several of the material facts asserted by Kemper and on which it relies upon as the basis for its Motion for Summary Judgment.

For clarity sake, the disputed facts are referred to using the "Statement" numbers employed by Kemper in its Statement of Undisputed Facts.

**STATEMENT NO. 8**

MetLife disputes Kemper's "Statement" to the extent that the "annuity quote" mentioned in the statement refers to the alleged "Proposal By Charter Security Life Insurance Company" attached to the deposition transcript of Michael B. Latti as Exhibit 3.  <u>See</u> EXHIBIT "C" to Kemper's Memorandum in Support of their Motion for Summary Judgment at Exhibit 3.

MetLife contests the authenticity of this "proposal" on several grounds: (1) The document is printed on Dean Witter Reynolds, Inc. stationary, <u>not</u> on Charter Security Life Insurance Company Stationary;  (2) The document incorrectly identifies Charter as "Charter Security Life Insurance Company of <u>New Jersey</u>" (emphasis added), and there is <u>no</u> <u>dispute</u> that Charter's full name at that time was Charter Security Life Insurance Company of <u>New York</u>; and (3) No party to this lawsuit has been able to adduce <u>any</u> evidence that could identify the author of the document in question.

Simply stated, it is unknown who authored this document.  The document was printed on Dean Witter Reynolds, Inc. stationary and the "Charter" co-identified in the document is of "New Jersey," which is not the Charter Company which is a defendant in this lawsuit.  Dean Witter Reynolds, Inc. (n/k/a Morgan Stanley), <u>not</u> Charter (n/k/a MetLife), appears to have prepared this document.

Not only is the identity of the author of this document a disputed question of fact, but also the validity of the document itself.  Therefore, the document cannot be taken into consideration when evaluating the motion for summary judgment.

**STATEMENT NO. 15**

MetLife disputes Kemper's "Statement" on the grounds that it is an inaccurate representation of Exhibit 2 to the deposition transcript of William Mensie.  Kemper asserts that

the annuity application was signed by Kemper (i.e., John Noe) on May 4, 1983.  Exhibit 2 to Mensie's deposition transcript which is signed only by Mr. Noe was not dated.  In fact, there is no indication on this document as to when it was signed by Mr. Noe.

**STATEMENT NO. 18**

MetLife disputes Kemper's "Statement" on the grounds that it presupposes that the "Annuity" attached as Exhibit 11 to the deposition transcript of William Mensie was a valid and enforceable document.  In fact, Exhibit 11 to Mensie's deposition transcript is an incomplete version of the original document: pages 3 and 4 are not attached, and miscellaneous pages are attached that do not follow, and may not be part of that document.

The Table of Contents for the "Annuity" refers to a Schedule Page, which should be found on page 3 of the document, and a Table of Guaranteed Contract Values, which should be found on page 4 of the document.  Neither of these pages are included in Exhibit 11.  See EXHIBIT "D" to Kemper's Memorandum in Support of their Motion for Summary Judgment at Exhibit 11.  Moreover, of the remaining seven pages of the document, not one refers to Plaintiff, Dennis Dimon.  It certainly is disputable who the recipient of this "Annuity" was, and whether it was, in fact, an annuity created for Plaintiff.

**STATEMENT NO. 19**

MetLife disputes Kemper's "Statement" on the same grounds that MetLife disputes Statement 18 of Kemper's Statement of Undisputed Facts.  In addition, what MetLife was "obligated" to pay under the terms of the annuity is the central disputed fact of Plaintiff's lawsuit.  Although MetLife does not dispute that Plaintiff (or a party on behalf of Plaintiff) applied for and received an Annuity for 240 months, MetLife denies that Plaintiff (or a party on behalf of Plaintiff) applied for or received a lifetime annuity.

**STATEMENT NO. 20**

MetLife disputes Kemper's "Statement" on the same grounds that it disputes Statement 18 of Kemper's Statement of Undisputed Facts.  Furthermore, even if this Court believes the "Annuity" on which Kemper relies (Exhibit 11 to the deposition transcript of William Mensie) is related to Plaintiff, the reference on the document to a "Lifetime Annuity" was the product of a clerical error.

**STATEMENT NO. 21**

MetLife disputes Kemper's "Statement" on the same grounds that it disputes Statement 18 of Kemper's Statement of Undisputed Facts.  In addition, MetLife disputes the validity and applicability of the "Supplementary Agreement".  This document is not listed on the Table of Contents as being a document attached to the Annuity, and there is no evidence that the Supplementary Agreement referenced in Statement 21 was ever attached to the document that has been designated as Exhibit 11 to the deposition transcript of William Mensie.  Moreover, it is not signed, and the date of the document, May 5, 1983, does not correspond with the purported date of the "Annuity", June 17, 1983.  See EXHIBIT "D" to Kemper's Memorandum in Support of their Motion for Summary Judgment at Exhibit 11.

The above Statements should be stricken from Kemper's Statement of Undisputed Facts as they are clearly disputed by MetLife, and as such should not be considered by this Honorable Court when evaluating Kemper's Motion for Summary Judgment or Memorandum in Support thereof.

WHEREFORE, Defendant, Metropolitan Life Insurance Company, respectfully requests that this Honorable Court strike Statements 8, 15, 18, 19, 20 and 21 from Kemper's Statement of Undisputed Facts, and not consider the disputed facts when reviewing Kemper's Motion for

Summary Judgment and Memorandum in Support thereof.

                                        Respectfully submitted,
                                        METROPOLITAN LIFE INSURANCE COMPANY,
                                        By its Attorneys,

                                        /s/ James J. Ciapciak
                                        James J. Ciapciak, BBO #: 552328
                                        Peter M. LeBlanc, BBO #: 645302
                                        CIAPCIAK & ASSOCIATES, P.C.
                                        99 Access Road
                                        Norwood, MA  02062
                                        Tel:  (781) 255-7401
                                        Fax:  (781) 255-7402

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on February 5th, 2007.

                                        /s/ James J. Ciapciak
                                        James J. Ciapciak