UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON )<br>      Plaintiff )<br>)<br>v. )<br>)<br>METROPOLITAN LIFE )<br>INSURANCE COMPANY, KEMPER )<br>INSURANCE COMPANY, )<br>MORGAN STANLEY DW, INC., )<br>MICHAEL B. LATTI, LATTI )<br>ASSOCIATES, LATTI & ANDERSON )<br>LLP, )<br>      Defendants )<br>) | Civil Action No. 05-11073-MEL |

**RESPONSE OF DEFENDANT KEMPER INSURANCE COMPANY
TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

This lawsuit centers on a dispute involving the terms of an annuity policy funding the settlement of an underlying personal injury action that concluded in 1983.  Plaintiff has filed suit against four defendants, and has made purported claims against Kemper for breach of contract and negligent misrepresentation.  Plaintiff's claims against Kemper cannot be sustained for two separate and independent reasons:  (1) both claims are plainly time-barred; and (2) in any event, Plaintiff cannot establish the essential elements of his claims.  For each of these reasons, Kemper is entitled to summary judgment, and has therefore filed a motion for summary judgment with this Court.

Plaintiff also has filed a motion for summary judgment as against all defendants (referred to herein for the sake of clarity as the "Motion").  However, not only does Plaintiff's Motion fail

to establish the essential elements of his claims (or even attempt to do so), but the admissions made by Plaintiff in his Motion in fact serve only to demonstrate further that Kemper is entitled to summary judgment in its favor.

## II. FACTS

For the sake of brevity, Kemper hereby incorporates by reference, as if set forth fully herein, the "Facts" Section of Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment, and the exhibits cited therein and attached thereto (at pp. 1 through 8).

## III. LEGAL ARGUMENT

### A. Legal Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barbour v. Dynamics Research Corp., 63 F.3d 32, 36-37 (1st Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). The movant has the initial burden of either offering evidence to disprove an element of the plaintiff's case or by demonstrating "an absence of evidence to support the nonmonving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

After the movant has met this burden, the nonmovant must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is some genuine issue for trial." Celotex, 477 U.S. at 324. The nonmovant cannot rely upon mere allegations, but must "adduce specific, provable facts demonstrating that there is a triable issue." Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990) (quoting Brennan v. Hendrigran, 888 F.2d 189, 191 (1st Cir. 1989). There must be "sufficient evidence" favoring the nonmoving party for a jury to find in its favor. Id. "If the

- 3 -

evidence is merely colorable or not significantly probative, summary judgment may be granted." Id. (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986). And where, as here, the plaintiff would bear the burden of proof at trial, summary judgment for the defendant is appropriate when the plaintiff cannot establish the existence of an element essential to its case. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999).

In his Motion, Plaintiff incorrectly argues that this Court is to view the facts and the law in his favor for purposes of the instant lawsuit, because Plaintiff sued his employer under the Jones Act, 46 USCS § 30104, in the settled Underlying Action. See Plaintiff's Motion at pp. 6-7. Plaintiff does not and cannot cite any legal support for this argument. It is true that, where the question before the court is one of the statutory construction of the Jones Act itself, the Jones Act's provisions are to be interpreted liberally in favor of the seaman. See Doyle v. Huntress, 419 F.3d 3, 9 (1st Cir. 2005) (cited in Plaintiff's Motion at p. 6). However, in the instant lawsuit, unlike in Doyle, the issue is not, in any way, one of interpretation of the provisions of the Jones Act. Indeed, Plaintiff has not (and could not have) even filed the instant lawsuit under the Jones Act. Therefore, Plaintiff's argument that the facts or the law applicable to the instant lawsuit may be viewed by the court in his favor is simply unsupportable.

  B. **<u>Plaintiff's Claims Against Kemper Are Time-Barred</u>.**

As is evident from the admissions made in Plaintiff's Motion itself, Plaintiff's claims against Kemper are plainly time-barred.

**1.   Plaintiff's Claim Against Kemper For Negligent Misrepresentation Is Time-Barred.**

In his Motion, Plaintiff admits that M.G.L. ch. 175, § 181 applies to his purported cause of action for negligent misrepresentation. See Plaintiff's Motion at p. 18.[1] M.G.L. ch. 175, § 181, provides, in pertinent part, as follows:

> § 181. Misrepresentations by insurer; penalty
>
> No company, no officer or agent thereof and no insurance broker or insurance adviser shall make, issue, circulate or use, or cause or permit to be made, issued, circulated or used, any written or oral statement misrepresenting the terms of any policy of insurance or any annuity or pure endowment contract issued or to be issued by any company or the benefits or privileges promised thereunder….The insured under any policy of life or endowment insurance or the holder of any annuity or pure endowment contract who was induced to procure it by any action in violation of this section by an officer or agent of the company issuing or executing it may recover from such company…in an action brought within two years after the date of issue thereof.

See M.G.L. ch. 175, § 181 (emphasis added). Thus, Section 181 provides that claims that arise from an alleged misrepresentation by an insurance company with respect to annuities must be brought within two years of the issuance of the annuity. See id. Since the Annuity was issued in June 1983, Plaintiff was required, under Section 181, to bring his purported cause of action for negligent misrepresentation no later than June 1985. Because Plaintiff commenced this action on May 23, 2005 - nearly twenty years after the expiration of the statutory period - Plaintiff's claim for negligent misrepresentation is clearly barred.[2]

---

[1] Although Kemper cited both Massachusetts law and New York law in its motion for summary judgment, Kemper will cite only Massachusetts law herein, since Plaintiff, as well as Metropolitan Life and the Latti Defendants, cite only Massachusetts law in their respective motions for summary judgment. Under the laws of either jurisdiction, however, Kemper is entitled to summary judgment.

[2] In addition, Plaintiff's claim for negligent misrepresentation is also barred under M.G.L. ch. 260, § 2A, the three year statute of limitations applicable to general torts. In his Motion, Plaintiff plainly admits that his cause of action against Kemper accrued in April 1983. See Plaintiff's Motion at p. 17. Therefore, the three-year limitation period applicable to general torts expired in April 1986. Because Plaintiff commenced this action on May 23, 2005,

(continued…)

Plaintiff vainly attempts to point to the equitable doctrine of "fraudulent concealment" in order to toll the statute of limitations. See Plaintiff's Motion at pp. 13-17.[3] However, the narrow doctrine of fraudulent concealment is totally inapplicable here, for several separate and independent reasons.[4]

First, Section 181 has been interpreted to be a statute of repose, rather than a statute of limitations. See Passatempo v. McMenimen, 20 Mass. L. Rep. 593, *5-10 (Mass. Super. Ct. 2006). As such, there can be no equitable tolling of Section 181's provisions. See Passatempo, 20 Mass. L. Rep. at *7 ("[e]nforcement of the statute of repose as a rigid prohibition of action is consistent with our cases, which are clear that statutes of repose are not subject to any form of equitable tolling…") (quoting Joslyn v. Chang, 445 Mass. 344, 350-51 (2005)).

Second, and in any event, in order for the doctrine of fraudulent concealment to operate to toll a statute of limitations, "a plaintiff [must] show an affirmative act of fraudulent concealment on the part of the defendants." Maggio, supra, 824 F.2d at 130. Here, there is no evidence, or even any allegation, of an "affirmative act of fraudulent concealment" on the part of Kemper. Indeed, nothing could be further from the truth. Far from having any information concealed from him, Plaintiff admits in his Motion that, between August and October 1983, his attorneys received no less than four letters (three of which were sent by Kemper) regarding

---

(..continued)
Plaintiff's claim for negligent misrepresentation is clearly barred by the three year statute of limitations applicable to general torts (as well as by Section 181).

[3] Under Massachusetts law, if a person "fraudulently conceals [a] cause of [] action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action." See M.G.L. ch. 260, § 12. While Plaintiff cites to both the federal and the state doctrines of fraudulent concealment, the federal doctrine applies only to claims premised on federal law, and thus could have no possible application in the instant lawsuit. See Maggio v. Gerard Freezer & Ice Co., 824 F.2d 123, 127-28 (1st Cir. 1987).

Charter Security Life's unilateral attempt to change the terms of the Annuity. See Plaintiff's Motion at pp. 19-20; Plaintiff's Statement of Undisputed Material Facts at ¶¶ 33, 34, 37, 39, 41, 47 and 48.[5] Under Massachusetts law, Plaintiff is charged with the knowledge of his attorneys. See Levin v. Berley, 728 F.2d 551 (1st Cir. 1984) (citations omitted) (holding that the knowledge of an attorney is imputed to the client for statute of limitations purposes).

In addition, Plaintiff provides no legal or factual support for his bald assertion that a "fiduciary relationship" existed between Plaintiff and "[e]ach of the [d]efendants" in the instant lawsuit. See Plaintiff's Motion at p. 17. Certainly, Kemper had no such fiduciary relationship with Plaintiff. Rather, Kemper was merely the excess insurance carrier for the defendant that plaintiff sued in the Underlying Action, and as such, plainly had no fiduciary relationship whatsoever with Plaintiff (unlike, for example, Plaintiff's lawyers). In any event, even assuming – contrary to law and fact – that Kemper had a fiduciary relationship with Plaintiff, the doctrine of fraudulent concealment still would be inapplicable. This is so because, even where a fiduciary relationship exists, in order for the doctrine of fraudulent concealment to apply, a defendant must "fail[] to reveal information" to the plaintiff that "keeps from [the plaintiff] knowledge of the facts giving rise to a cause of action *and the means of acquiring knowledge of such facts*." See Maggio, supra, 824 F.2d at 130-31 (emphasis in original). Here, it is indisputable that, in 1983, Kemper disclosed to Plaintiff all of the relevant information that Kemper had. Indeed, as set forth above, and as Plaintiff admits in his Motion, between August and October 1983, Plaintiff

---

(..continued)
[4] "[C]ourts have taken a narrow interpretation of equitable exceptions to limitations periods." Salois. v. Dime Savings Bank of New York, FSB, 128 F.3d 20, 25 (1st Cir. 1997).

[5] Of course, even if Plaintiff had not made this admission, the record is clear on this point. See Fasman Dep. at ex. 4, 5, 6, and 7 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit G).

(through his attorneys) received no less than four letters (three of which were sent by Kemper) revealing Charter Security Life's unilateral attempt to change the terms of the Annuity.

For these reasons, it is plain that the "fraudulent concealment" doctrine is inapplicable, and that Plaintiff's negligent misrepresentation claim against Kemper is time-barred.

### 2. Plaintiff's Claim Against Kemper For Breach of Contract Is Time-Barred.

Plaintiff's breach of contract claim is also subject to the provisions of M.G.L. ch. 175, § 181, since the gravamen of Plaintiff's complaint appears to be for misrepresentation. See Grande v. PFL Life Ins. Co., 2000 Mass. App. Div. 261, 262 (2000) (holding that the plaintiff's claims for breach of contract and conversion in connection with alleged annuity misrepresentations were time-barred under Section 181, because the plaintiff's complaint arose out of misrepresentation, and "it is the 'gravamen of [the] complaint' which dictates the applicable statute of limitations") (citing Pagliuca v. Boston, 35 Mass. App. Ct. 820, 823 (1994)). As such, because Plaintiff commenced this action on May 23, 2005 - nearly twenty years after the expiration of the statutory period - Plaintiff's breach of contract claim is time-barred under Section 181.

In addition, Plaintiff's claim is also barred under the six-year statute of limitations applicable to breach of contract claims. See Mass. Gen. Laws ch. 260, § 2 (2006); see also Patsos v. First Albany Corporation, 433 Mass. 323, 327 (2001) (discussing statutes of limitations on various actions, including breach of contract). As set forth above, Plaintiff admits that his cause of action against Kemper accrued in April 1983. See Plaintiff's Motion at p. 17.[6] Because Plaintiff commenced this action on May 23, 2005 – more than twenty-two years after his cause

---

[6] Further, Plaintiff's own Expert Report asserts that the alleged breach of contract occurred in 1983. See Plaintiff's Expert Report at p. 7 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit I).

of action admittedly accrued – Plaintiff's breach of contract claim is clearly barred by Massachusetts' six-year statute of limitations applicable to breach of contract claims.[7]

For these reasons, it is plain that Plaintiff's breach of contract claim against Kemper is time-barred.

### C. Plaintiff Cannot Establish The Requisite Elements Of His Claims Against Kemper.

In addition, Kemper is entitled to summary judgment on the separate and independent grounds that Plaintiff cannot establish the substantive elements of his claims for negligent misrepresentation and breach of contract. Indeed, in his Motion, Plaintiff does not even attempt to establish the elements of his claims against Kemper.

#### 1. Plaintiff Cannot Establish The Requisite Elements Of A Claim Against Kemper For Negligent Misrepresentation.

In order to recover for negligent misrepresentation under Massachusetts law, a "plaintiff must prove that the defendant (1) in the course of his business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information." Sampson v. MacDougall, 60 Mass. App. Ct. 394, 400 (2004) (quoting Nota Const. Corp. v. Keyes Assocs., Inc., 45 Mass. App. Ct. 15, 19-20 (1998)).

In support of his negligent misrepresentation claim, Plaintiff alleges that "[Kemper] negligently misrepresented the terms of contract, stating that the contract was for life, guaranteed for twenty years," and that Plaintiff "relied on the representation of counsel and [Kemper] as

---

[7] For the reasons set forth above, the "fraudulent concealment" doctrine is inapplicable, and does not operate to toll the statute of limitations on Plaintiff's breach of contract claim.

manifested in the original contract approved by the court and suffered financial losses as a result of [Kemper's] negligent misrepresentation in altering the contract." See Compl. at ¶¶ 77, 78. In his Motion, Plaintiff adduces no evidence whatsoever to support the allegations contained in his Complaint. Indeed, the evidence demonstrates that Plaintiff cannot support a claim against Kemper for negligent misrepresentation for at least three separate and independent reasons.

First, Plaintiff has failed to establish that Kemper made any representation to Plaintiff regarding the Annuity terms.[8] Indeed, quite to the contrary, the evidence shows that it was Plaintiff's own lawyers who determined that $175,000 would purchase a lifetime annuity on the desired terms, and that Kemper had no role in securing the Annuity quote or negotiating the Annuity with Charter Security Life. See Mensie Dep. at 132:24-133:18, 195:18-20, 199:9-14, and at ex. 5 and 6 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit D). To the end of purchasing the Annuity, Plaintiff's lawyers demanded that Kemper provide a Settlement Check in the amount of the $175,000 Annuity premium, and Kemper did so. See Guardian Hrg. at 7:11-8:20 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit B); Mensie Dep. at 181:7-183:4, and at ex. 5 and 6; Settlement Check (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit E); May 3, 1983 Correspondence (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit F).

Second, even assuming (contrary to fact) that Kemper made a representation to Plaintiff regarding the Annuity terms, Plaintiff has not shown and cannot show that he relied upon such

---

[8] Of course, Kemper never had any contact whatsoever with Plaintiff himself; since Plaintiff was represented by counsel in the Underlying Action, Kemper's only contact was with Plaintiff's lawyers. See Mensie Dep. at 141:18-22.

representation. Indeed, Plaintiff has testified that he was relying solely on the advice of his lawyers. See Dimon Dep. at 117:20-118:11 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit H).

Third, even assuming (contrary to fact) that Kemper made a representation to Plaintiff regarding the Annuity terms, and that Plaintiff relied upon such representation, Plaintiff has not shown and cannot show that any such representation was false. To the contrary, it always has been and remains Kemper's position that the Annuity is clearly payable for life. See, e.g., Mensie Dep. at 240:1-9. Neither Charter Security Life's subsequent unilateral attempt to alter the terms of the Annuity (to which Kemper refused to agree), nor Metropolitan's Life cessation of Annuity payments in May 2003, can possibly operate to render "false" any previous representation by Kemper that the Annuity is payable for life.

Because Plaintiff cannot establish any of the elements of a claim against Kemper for negligent misrepresentation, Plaintiff's claim should be dismissed.

### 2. Plaintiff Cannot Establish The Requisite Elements Of A Claim Against Kemper For Breach Of Contract.

Under Massachusetts law, Plaintiff must establish the following elements in order to recover on a breach of contract claim: "(1) an agreement was made between the plaintiffs and the defendant supported by valid consideration; (2) the plaintiffs have been ready, willing, and able to perform; (3) the defendant's breach has prevented them from performing; and (4) the plaintiffs have suffered damage. Singarella v. Boston, 342 Mass. 385, 387 (1961) (citations omitted); see also Doyle v. Hasbro, Inc., 103 F.3d 186, 194-195 (1st Cir. 1996).

In support of his breach of contract claim, Plaintiff alleges that "[Kemper] was to provide a lifetime annuity guaranteed for twenty (20) years… but breached this contract by altering the terms of the agreement after the contract was signed and approved by the court and

for failing to perform the contract." See Compl. at ¶¶ 72, 73 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit A).

In his Motion, Plaintiff adduces no evidence whatsoever to support the allegations contained in his Complaint. Indeed, the evidence demonstrates that nothing could be further from the truth: Kemper complied with all of its obligations in connection with the settlement of the Underlying Action, and, in fact, refused to alter the terms of the Annuity when Charter Security Life subsequently attempted to do so. Specifically, the evidence demonstrates as follows:

- Plaintiff's lawyers (through their broker, Dean Witter) secured from Charter Security Life a $175,000 premium quote for an annuity that would provide monthly payments in the amount of $1,450.45 each, increasing 3% annually, for a period of 20 years certain and life thereafter. See Mensie Dep. at 132:24-133:18, 195:18-20, 199:9-14, and at ex. 5 and 6. Plaintiff's lawyers requested that Kemper pay them a lump sum in the amount of $175,000 so that Plaintiff's lawyers could obtain this annuity. See Guardian Hrg. at 7:11-8:20; Mensie Dep. at 80:4-8, 124:23-135:10, and at ex. 5.

- Kemper completed Charter Security Life's annuity application, issued the Settlement Check in the amount of the $175,000 annuity premium, and delivered same to Plaintiff's lawyer, in fulfillment of Kemper's settlement obligations. See Mensie Dep. at 258:14-20, and at ex. 2; Settlement Check; May 3, 1983 Correspondence.

- Charter Security Life issued the lifetime Annuity, which specified that Plaintiff would receive monthly payments of $1,450.45 each, increasing 3% annually, commencing June 6, 1983, for a period of 20 years certain and life thereafter. See Mensie Dep. at ex. 11.

- Metropolitan Life subsequently attempted to unilaterally change the terms of the Annuity, but Kemper refused to agree to this. See Fasman Dep. at ex. 3, 4, 5, 6, 7 and 8.

- Kemper further took the affirmative step of advising Plaintiff of Charter Security Life's unilateral attempt to change the terms of the Annuity. See Fasman Dep. at ex. 4, 5, 6, and 7.[9]

---

[9] See also Mensie Dep. at 131:16-19, and at ex. 6 (in October 1983, after learning of Charter Security Life's unilateral attempt to change the terms of the Annuity, Plaintiff's lawyer, Mr. Hughes, threatened to file a declaratory action against Dean Witter and Charter Security Life).

In his Motion, Plaintiff suggests that Kemper was under an obligation to seek court "approval" of Charter Security Life's unilateral attempt to change the terms of the Annuity. See Plaintiff's Statement of Undisputed Facts at ¶¶ 44 and 45. This makes no sense, as a matter of fact or law. In fact, after complying with all of its obligations under the settlement agreement, Kemper <u>rejected</u> Charter Security Life's unilateral attempt to change the terms of the Annuity, and even advised Plaintiff of Charter Security Life's attempt. In addition, and not surprisingly, Plaintiff cites no legal authority that supports his suggestion that Kemper had a "duty" to somehow seek court approval of Charter Security Life's rejected unilateral attempt to change the terms of the Annuity.[10]

In light of these facts, it is beyond cavil that Plaintiff's claim against Kemper for breach of contract is simply unsupportable.

## IV.   CONCLUSION

For the foregoing reasons, Kemper respectfully requests that this Court deny Plaintiff's motion for summary judgment, and grant Kemper's motion for summary judgment.

Respectfully submitted,

KEMPER INSURANCE COMPANY

by its attorneys,

    /s/ Kevin L. Golden
DRINKER BIDDLE & REATH LLP

---

[10] At page 18 of his Motion, Plaintiff appears to cite to <u>Warner v. Rossignol</u>, 513 F.2d 678 (1st Cir. 1975) in purported support of this argument; <u>Warner</u>, however, does not avail Plaintiff. In <u>Warner</u>, after the plaintiff and defendant had entered into an oral settlement agreement, the plaintiff sought to rescind, and argued that he was free to revoke the settlement. See <u>Warner</u>, 513 F.2d at 680-82. The <u>Warner</u> court rejected the plaintiff's argument as to this point, observing that the parties' lawyers must "make every reasonable effort to carry [a settlement agreement] though to a successful conclusion." <u>Id</u>. at 682. <u>Warner</u> is wholly inapposite here, where Kemper indisputably complied with all of its obligations under the settlement agreement.

                        Timothy O'Driscoll (Admitted Pro Hac Vice)
                        Kevin L. Golden (Admitted Pro Hac Vice)
                        DRINKER BIDDLE & REATH LLP
                        One Logan Square
                        18th & Cherry Streets
                        Philadelphia, PA 19103-6996
                        (215) 988-2700

                        <u>Local Counsel</u>
                        Kevin S. Murphy (BBO #638335)
                        Anthony B. Fioravanti (BBO #662843)
                        YURKO SALVESEN & REMZ, P.C.
                        One Washington Mall, 11th Floor
                        Boston, MA 02108-2603
                        (617) 723-6900

Dated: February 5, 2007

## Certification of Service

  I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on February 5, 2007.

                /s/ Kevin L. Golden
                Kevin L. Golden

**Error! Unknown document property name.**
**Error! Unknown document property name.**