UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON<br>　　　Plaintiff<br><br>　　　v.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY, KEMPER<br>INSURANCE COMPANY,<br>MORGAN STANLEY DW, INC.,<br>MICHAEL B. LATTI, LATTI<br>ASSOCIATES, LATTI & ANDERSON<br>LLP,<br>　　　Defendants | )<br>)<br>)<br>)<br>)　　Civil Action No. 05-11073-MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE OF DEFENDANT KEMPER INSURANCE COMPANY TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Denied as stated. The defendant's primary insurer was Home Insurance Company, and Kemper Insurance Company ("Kemper") was the defendant's excess insurer. See Transcript of Guardian Ad Litem Hearing ("Guardian Hrg.") at 1:20-23, 9:3-14 (attached to Kemper's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit B); Deposition Transcript of William Mensie ("Mensie Dep.") 67:24-68:24, and at ex. 5 (attached to Kemper's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit D).

16.     Denied as stated. Plaintiff's lawyers (through their broker, Dean Witter Reynolds, Inc. ("Dean Witter")) secured from Charter Security Life Insurance Company ("Charter Security Life") a $175,000 premium quote for an annuity that would provide monthly payments in the amount of $1,450.45 each, increasing 3% annually, for a period of 20 years certain and life thereafter. See Mensie Dep. at 132:24-133:18, 195:18-20, 199:9-14, and at ex. 5 and 6. Plaintiff's lawyers requested that Kemper pay them a lump sum in the amount of $175,000 so that Plaintiff's lawyers could obtain this annuity. See Guardian Hrg. at 7:11-8:20 Mensie Dep. at 80:4-8, 124:23-135:10, and at ex. 5. Kemper completed Charter Security Life's annuity application, issued the Settlement Check in the amount of the $175,000 annuity premium, and delivered same to Plaintiff's lawyer, in fulfillment of Kemper's settlement obligations. See Mensie Dep. at 258:14-20, and at ex. 2; the Settlement Check (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit E); Correspondence to Kemper dated May 3, 1983 ("May 3, 1983 Correspondence") (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit F).

17. Admitted.

18. Denied as stated. It is admitted only that, on the copy of the annuity application signed by John Noe, box numbers 14 and 15 were blank. The remaining averments in the paragraph refer to documents in writing that speak for themselves, and any characterizations thereof that are contrary thereto are denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied. Mr. Mensie testified only that Mr. Noe's signature on one copy of the annuity application was clear, but that Mr. Noe's signature on the other copy was not clear, and that he could not read the signature line on the latter copy. See Mensie Dep. at 248:7-9, 264:21-24. By way of further answer, Mr. Mensie testified that Mr. Noe signed only one annuity application. See Mensie Dep. at 81:5-19, 92:20-93:2.

24. Admitted.

25. Admitted.

26. Denied as stated. It is admitted only that, on the copy of the annuity application signed by John Noe, box numbers 14 and 15 were blank. The remaining averments in the paragraph refer to documents in writing that speak for themselves, and any characterizations thereof that are contrary thereto are denied. By way of further answer, the writing in box number 14 indicates that the annuity would be payable for life with twenty years certain. See Mensie Dep. at 275:5-20, and at ex. 3 and 11.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied as stated. It is admitted that Charter Security Life unilaterally attempted to change the terms of the single premium deferred annuity contract (the "Annuity") after the Annuity was issued. By way of further answer, Kemper refused to agree to any such change. See Deposition Transcript of Barbara Fasman ("Fasman Dep.") at ex. 3, 4, 5, 6, 7 and 8 (attached to Kemper's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit G). By way of further answer, the referenced document is a writing that speaks for itself, and any characterizations thereof that are contrary thereto are denied.

37. The referenced correspondence is a document in writing that speaks for itself, and any characterizations thereof that are contrary thereto are denied.

38. The referenced correspondence is a document in writing that speaks for itself, and any characterizations thereof that are contrary thereto are denied.

39. The referenced correspondence is a document in writing that speaks for itself, and any characterizations thereof that are contrary thereto are denied.

40. The referenced correspondence is a document in writing that speaks for itself, and any characterizations thereof that are contrary thereto are denied.

- 5 -

41. The referenced correspondence is a document in writing that speaks for itself, and any characterizations thereof that are contrary thereto are denied.

42. Admitted.

43. Admitted.

44. Denied as stated. There was no basis for Kemper to seek "approval" of Charter Security Life's attempt to unilaterally change the terms of the Annuity, where Kemper had rejected Charter Security Life's attempt, and had complied with all of its obligations under the settlement agreement.

45. Denied as stated. There was no basis for Kemper to seek "approval" of Charter Security Life's attempt to unilaterally change the terms of the Annuity, where Kemper had rejected Charter Security Life's attempt, and had complied with all of its obligations under the settlement agreement.

46. Denied. In fact, Kemper completed Charter Security Life's annuity application, issued the Settlement Check in the amount of the $175,000 annuity premium, and delivered same to Plaintiff's lawyer, in fulfillment of Kemper's settlement agreement obligations. See Mensie Dep. at 258:14-20, and at ex. 2; Settlement Check; May 3, 1983 Correspondence. In addition, Kemper rejected Charter Security Life's subsequent attempt to unilaterally change the terms of the Annuity. See Fasman Dep. at ex. 3, 4, 5, 6, 7 and 8.

47. Admitted.

48. Admitted.

49.[1]    Denied.  Charter Security Life advised Mr. Dimon (through his attorneys) of its unilateral attempt to change the terms of the Annuity.  See Fasman Dep. at ex. 5 and 8.

50.    Denied.  Kemper advised Mr. Dimon (through his attorneys) of Charter Security Life's unilateral attempt to change the terms of the Annuity.  See Fasman Dep. at ex. 4, 6, and 7.

51.    Kemper is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

Respectfully submitted,

KEMPER INSURANCE COMPANY

by its, attorneys,

/s/ Kevin L. Golden
DRINKER BIDDLE & REATH LLP
Timothy O'Driscoll (Admitted Pro Hac Vice)
Kevin L. Golden (Admitted Pro Hac Vice)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Local Counsel
Kevin S. Murphy (BBO #638335)
Anthony B. Fioravanti (BBO #662843)
YURKO SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

Dated: February 5, 2007

---

[1] Paragraphs 49 through 51 of Plaintiff's Statement of Undisputed Material Facts are all incorrectly numbered as paragraph "48."  In its Response, Kemper has correctly numbered these paragraphs as 49 through 51.

**Certification of Service**

  I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on February 5, 2007.

              /s/ Kevin L. Golden
              Kevin L. Golden

**Error! Unknown document property name.**
**Error! Unknown document property name.**