UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
DENNIS DIMON,                       )
       Plaintiff,                   )
                                    )
vs.                                 )          CIVIL ACTION NO. 05-11073 MEL
                                    )
METROPOLITAN LIFE                   )
INSURANCE COMPANY, KEMPER           )
INSURANCE COMPANY, and              )
MICHAEL B. LATTI, LATTI             )
ASSOCIATES, LATTI & ANDERSON        )
LLP,                                )
       Defendants.                  )
_____    )

**PLAINTIFF DENNIS DIMON'S MOTION TO AMEND COMPLAINT**

I.     Facts

       In or about 1981, the Plaintiff, Dennis Dimon, was severely injured while serving

as a member of the crew of the F/V JENNY C, resulting in the loss of his eye.   On or

about February 4, 1983, following a trial in the United States District Court for the

District of Rhode Island, a jury awarded the plaintiff $710,000.00 for his injuries against

the defendant, F/V JENNY C, INC.  At all times throughout the litigation process and at

trial Mr. Dimon was represented by Latti Associates operated under partner Michael B.

Latti.

       Following the verdict the parties entered into a settlement agreement and

appeared before the Honorable Judge Pettine for approval of the settlement.   Judge

Pettine became quite concerned that the plaintiff, Dennis Dimon did not comprehend or

understand the provisions of the settlement and discontinued the Settlement Conference.

To protect Mr. Dimon, Judge Pettine appointed Leonard Decof as Guardian Ad Litem to

represent the interests of Mr. Dimon and report to the court the particulars of the settlement agreement. On or about May 3, 1983, Mr. Decof reported to the Honorable Judge Pettine that the plaintiff was to receive a total settlement of $425,000.00 consisting of a lump sum payment of $250,000.00. The remaining $175,000.00 to be used to fund an annuity guaranteed for 20 years which would *continue for the life of the plaintiff.* The annuity would pay the Plaintiff a set amount of $1,450.45 increasing each month by 3%. The plaintiff signed a General Release which fully set out the agreements reached in the underlying personal injury claim and contained a description of the annuity for the benefit of the plaintiff. The general release noted that there was an "… annuity contract for my benefit with Charter Security Life Insurance Company, to pay me One Thousand Four Hundred Fifty and No/100 (1450.00) Dollars per month for one year following the execution of that contract and thereafter, such monthly sum increased at the rate of three (3%) percent per year, compounded annually, to be paid to me during the term of my life, and in no event for less than (20) years…" At the time of the settlement, the plaintiff's life expectancy was calculated to be 49.7 years. Furthermore, an April 8, 1983 proposal by Charter Security Life which is now Metropolitan Life indicates that the annuity was to run into the 50th year.

On April 8, 1983, prior to the May 3, 1983 hearing before Judge Pettine, the defendant Charter Security/Metropolitan completed a proposal for the benefit of Dennis Dimon. The proposal contained references to each year of the annuity starting in the second year and proceeding to the 50th year or to the end of Mr. Dimon's life expectancy. (See Id.)

The insurance carrier for the F/V JENNY C was the American Motorist Insurance Company now known as the Kemper Insurance Company. Kemper Insurance Company used $175.000.00 of the money it was paying for settlement of the underlying personal injury case to apply for an annuity contract with Charter Security Life (Metropolitan). American Motorist/Kemper Insurance was the applicant and owner of the annuity contract. The issuing company was the defendant, Charter Security Life Insurance Company now known as Metropolitan Life Insurance Company. After Mr. Noe signed the original Annuity Application a new Annuity Application was produced with box numbers 14 and 15 filled in. On Exhibit "D", Dimon's name is incorrectly spelled "Diamon" and Mr. Noe's signature appears at the bottom of the page under an "X" next to American Motorist Insurance Company. On Exhibit "E", Dimon's name is spelled correctly and Mr. Noe's signature appears in exactly the same area at the bottom of the page under an "X" next to American Motorist Insurance Company as it does in Exhibit "D". After reviewing these two documents, Mr. Mensie, the 30(b)(6) deponent of American Motorist/Kemper, indicated a suspicion as the to signatures of Mr. Noe.

On or about June 17, 1983, Charter Security Life/Metropolitan through its Vice President Barbara Boehm signed and dated its Single Premium Deferred Annuity for the benefit of Dennis Dimon. The first sentence of the Deferred Annuity states, "[w]e will pay a lifetime monthly income to the Annuitant if living on the Annuity Date." It should also be noted that Option 2 Life Income was selected on the Deferred Annuity. Option 2 is defined as "[E]qual monthly payments as long as the payee lives. Attached to the Deferred Annuity was a Supplementary Agreement No. SC1126. The Supplementary Agreement provides in part that the primary payee, Dennis Dimon shall receive,

"[m]onthly payments in the amount of $1450.45, increasing 3% annually, commencing on June 6, 1983, for a period of 240 months certain and *life thereafter*."

On or about July 14, 1983, Charter Security/Metropolitan Life through its Vice President, Barbara Boehm, informed the agent, Dean Witter Reynolds now Morgan Stanley that a clerical error had been made on the annuity contract and that the contract should have read for 240 months, (20 years) rather than for life with a guarantee of 20 years. Ms. Boehm's letter was also copied to Latti & Associates. On or about August 12, 1983, Kemper Insurance Company, through its employee, John Noe, sent a letter to Dean Witter Reynolds indicating that the annuity applied for was to provide payments for 240 months certain (20 years), and life thereafter for a single premium of $175,000.00. This letter was copied to Barbara Boehm as Vice President of Charter Security and Latti and Associates. Mr. Noe's August 12, 1983 correspondence indicated to all parties copied that there was a General Release and that the settlement was approved by Judge Pettine of the United States District Court District of Rhode Island.

On or about September 26, 1983, Charter Security/Metropolitan informed American Motorist/Kemper of the clerical error. This letter was copied to Latti Associates. The information contained in the September 26, 1983 letter from Charter Security Life to Kemper indicated that "the option indicated on the supplementary contract originally sent to Dean Witter Reynolds on June 17, 1983 for delivery to Kemper's office was incorrectly typed as 240 months certain and life thereafter annuity instead of 240 months only." Following the September 26, 1983 letter, Mr. Noe of Kemper wrote to Metropolitan Life indicating that when he signed the contract, section 14 and 15 of the application were blank. On or about October 14, 1993, Charter Security

Life through their Vice President, Barbara Boehm indicated that they were going to supply Kemper Insurance Company with a supplementary contract which indicated the new and unilaterally changed provisions which included only 240 months certain and not life thereafter.  Some time after the October 14, 1983 letter from Metropolitan to Kemper, Kemper informed Metropolitan that it was going to reject and return the supplementary agreement.  The letter from Kemper from John Noe states that it was sent on October 12, 1983, however, it is in response to an October 14, 1983 letter and therefore, not an accurate date.  It should be noted that this letter was also sent to Latti and Associates.

During this period of time after the annuity was ratified by Judge Pettine of the District Court of Rhode Island, the plaintiff, Dennis Dimon, was not advised of the proposed changes, nor was the Court or the GAL.


II.     Law and Argument

Amendment of Pleadings Pursuant to Fed.R.Civ.P. 15, the U.S. Supreme Court
and the First Circuit

Fed.R.Civ.P. 15 governs the manner in which parties shall be permitted to amend their pleadings.  Rule 15 states that a party may amend its pleading by "leave of court" and that such "**leave shall be freely given when justice so requires**."  *See* Fed.R.Civ.P. 15(a) (emphasis added); *see also* Baicker-McKee, *Federal* Civil Rules Handbook, Rule 15 at 411 *and associated* Authors' Commentary on Rule 15 at 417 and FN 14 (West 2005) *citing to* Foman v. Davis, 371 U.S. 178, 182 (1962) (leave "should be freely given in [the] absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment.").

Mr. Dimon states that none of the "apparent or declared reasons" outlined by the U.S. Supreme Court *supra* are found here nor do they apply to the instant motion.

In addition to U.S. Supreme Court precedent, our First Circuit has stated that, "While leave to amend 'shall be freely given when justice so requires,' . . . parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." *See* Quaker State Oil Refining Corp., 884 F.2d 1510, 1517 (1st Cir. 1989) *citing to* Foman v. Davis, 371 U.S. 178, 182 (1962) *and* Imperial Enterprises, Inc. v. Fireman's Fund Ins. Co., 535 F.2d 287, 293 (5th Cir. 1976).  Application of the Rule "requires" the court "to examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations."  *See* Id. *referring to* (e.g.) T.J. Stevenson & Co. v. 81,193 Bags of Flour, 629 F.2d 338, 370-71 (5th Cir. 1980) (discussing an omitted counterclaim).

Mr. Dimon has exercised due diligence and there has been no undue delay.  In addition, the parties will not be unfairly prejudiced by the allowance of this motion, "the pertinent balance of equitable considerations" is weighted in favor of allowance.

Lastly, allowance of this motion fits as easily under Fed.R.Civ.P. 15(b) as it does under Rule 15(a).  Under Rule 15(b), this court may permit Mr. Dimon's amendment to conform to the evidence.  *See* Fed.R.Civ.P. 15(b).  Mr. Dimon learned through the discovery the extent to which Metropolitan Life Insurance Company and Kemper have acted in bad faith.  It has become more apparent after the filing of their respective

Motions for Summary Judgment.  The actions of Metropolitan Life Insurance Company and Kemper Insurance Company amounts to bad faith and the plaintiff should be allowed to amend his Complaint and add counts for violations of M.G.L. Ch. 93A and 176D.

III.    Conclusion

Developments during the course of discovery including Motions for Summary Judgment have led to the necessity of amending the Complaint in this action.  A draft of the Amended Complaint is attached here for this court's review.  *See* Exhibit A.

**LOCAL RULE 7.1(A)(2) CERTIFICATE OF COMPLIANCE**

I, Brian Keane, counsel for the Plaintiff in the above entitled matter, state that counsel conferred by telephone on December 7, 2006 with regard to the two counts sought to be added herein and that on that same date I sent the two affected parties a demand letter pursuant to M.G.L. 93A, § 9.  On December 18, 2006 and January 4, 2007 (respectively), each of the two affected defendants responded in regard to the subject matter of this Motion.  The aforementioned was in compliance with LR 7.1(A)(2) and done in a good-faith attempt to resolve or narrow the issues presented herein.

Respectfully submitted,
Dennis Dimon,
By his attorney,


 /s/ David B. Kaplan
David B. Kaplan, B.B.O. No. 258540
Brian Keane, B.B.O No. 656717
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

I hereby certify that a true copy of the above document was served upon each attorney of record by ECF on March 15, 2007.


 /s/ David B. Kaplan_

Date: March 15, 2007

UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
DENNIS DIMON,                  )
Plaintiff,                     )
                               )
vs.                            )          CIVIL ACTION NO. 05-11073 MEL
                               )
METROPOLITAN LIFE              )
INSURANCE COMPANY, KEMPER      )
INSURANCE COMPANY, and         )          AMENDED COMPLAINT
MICHAEL B. LATTI, LATTI        )
ASSOCIATES, LATTI & ANDERSON   )
LLP,                           )
        Defendants.            )
_____)
```

INTRODUCTION

1.      This is a contract and malpractice action for monetary relief resulting from the

premature cancellation of the plaintiff's structured settlement payments, which

occurred on or about June 5, 2003 when the defendants ceased paying the settlement

due the plaintiff as a result of a personal injury action in 1983.  The plaintiff released

the defendant shipowner in his personal injury action in consideration of a life

annuity guaranteed for 20 years which the court approved.  The plaintiff asserts a

cause of action against the defendants based upon their breach of the settlement

contract and for the breach of fiduciary duties by his former attorney.

JURISDICTION

2.      Jurisdiction is proper pursuant to 28 U.S.C., § 1332(a).  Venue is proper in the

District Court of Massachusetts pursuant to 28 U.S.C., § 1391(c).

<u>PARTIES</u>

3.    The plaintiff, Dennis Dimon, is of legal age and resides in West Kingston, Rhode Island.

4.    The defendant, Michael B. Latti, is now a resident of the State of Maine and a lawyer licensed to practice law in the Commonwealth of Massachusetts who formerly resided in and practiced law in the Commonwealth of Massachusetts in 1983.

5.    The defendant, Latti Associates, was a law firm created under the laws of the Commonwealth of Massachusetts by Michael B. Latti, with a principal place of business at 30-31 Union Wharf, Boston, Massachusetts.

6.    The defendant, Latti & Anderson, LLP, is a law firm created under the laws of the Commonwealth of Massachusetts, with a principal place of business at 30-31 Union Wharf, Boston, Massachusetts and is the successor in interest to Latti Associates.

7.    The defendant, Metropolitan Life Insurance Company is an insurance company with a principal place of business in New York, New York, and regularly conducts business in the Commonwealth of Massachusetts.

8.    The defendant, Kemper Insurance Company is an insurance company with a principal place of business in Long Grove, Illinois, which regularly conducts business in the Commonwealth of Massachusetts.

9.    The defendant, Morgan Stanley, is a brokerage company with a principal place of business in New York, New York, and regularly conducts business in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

10.  In 1981, the plaintiff was severely injured while serving as a member of the crew aboard the F/V/ JENNY C, resulting in the loss of his eye.

11.  On or about February 4, 1983, following a trial, a jury awarded the plaintiff $710,000 for his injuries against the defendant, Jenny C., Inc.

12.  The plaintiff was represented at all times for the trial and subsequent settlement by Latti Associates, operated under the authority of Michael B. Latti.

13.  Latti & Anderson, LLP is the successor in interest to Latti Associates.

14.  Following the verdict, the parties entered into a settlement agreement that had been approved by the United States District Court for the District of Rhode Island and a *guardian ad litem* appointed by that court.  That settlement was to provide the plaintiff with a lump sum payment of $250,000 and an annuity for life guaranteed for twenty years and to be paid at a rate of $1,450.45 per month with a guaranteed increase of three percent per *annum*.

15.  Leonard Decof, Esq. was the court-appointed *guardian ad litem* that reviewed the settlement and reported to the court.

16.  The *guardian ad litem* was appointed by the court due to the plaintiff's inability to read or understand the settlement release Latti had drafted for him and was an extra measure by the court to protect the plaintiff even though he had separate counsel through Latti Associates.

17.  American Motorists Insurance Company (now Kemper Insurance Company) applied for the annuity.

3

18.     Dean Witter, Inc.(now Morgan Stanley), acting as the agent and broker for American Motorists Insurance Company, arranged for the lifetime annuity.

19.     The defendant Metropolitan Life Insurance Company (formerly Charter Security Insurance Company), provided the annuity beginning June 5, 1983.

20.     On or about June 14, 1983, Charter Security Life Insurance (now Metropolitan Life Insurance Company) informed Dean Witter, Inc. (now Morgan Stanley) that a clerical error had been made on the annuity contract and that the contract should have read for 240 months (twenty years) rather than for life with a guarantee of twenty years.

21.     On or about September 26, 1983, Charter Security Life Insurance (now Metropolitan Life Insurance Company) informed American Motorists (now Kemper Insurance) and Latti Associates of the clerical error described in paragraph 20.

22.     A supplementary document changing the contract from life, guaranteed for twenty years to twenty years only was forwarded to each of the insurance companies and Latti Associates.

23.     Neither the plaintiff, the court, nor the *guardian ad litem* were informed of the alleged clerical error upon which each had relied in accepting the settlement agreement.

24.     On June 5, 2003, the defendant Metropolitan Life Insurance Company, stopped payment on the plaintiff's settlement, stating that the annuity was only for a fixed period of twenty years and not for the life of the plaintiff.

4

25.    Upon the cessation of the payments, plaintiff attempted to contact his former lawyer at Latti Associates, now Latti & Anderson, but was informed that no file existed and that the firm could not help him.

## COUNT I
(Dennis Dimon v. Michael B. Latti -
Breach of Fiduciary Duty)

26.    Paragraphs 1-25 are realleged and incorporated by reference.

27.    A lawyer has a duty to act in the best interest of his client and not to act in any way adverse or contrary to the interests of the client.

28.    The plaintiff relied upon the defendant for advice, counsel, and information in order to make an informed decision prior to entering into any settlement agreement whereby the plaintiff would forfeit his rights to future compensation for his injuries.

29.    The defendant, in breach of his fiduciary duty, represented to the plaintiff that the annuity was for life with a guarantee of twenty (20) years.

30.    Due to the defendant's breach, the plaintiff has suffered financial loss.

## REQUEST FOR RELIEF

1.    That this Court, under Count I, enter judgment in favor of the plaintiff against the defendant for breach of fiduciary duty.

2.    For such other relief as this Court deems appropriate.

## COUNT II
(Dennis Dimon v. Michael B. Latti -
Negligence)

31.    Paragraphs 1-30 are realleged and incorporated by reference.

32.    A lawyer has a duty to act with reasonable care and to use the skill of a reasonably

5

competent lawyer in representing a client.

33.    The defendant failed to act reasonably in not informing the plaintiff of the alleged

clerical error changing the terms of the annuity.

34.    Due to the actions of the defendant, the plaintiff suffered financial loss.

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count II, enter judgment in favor of the plaintiff.

2.    For such other relief as this Court deems appropriate.


<u>COUNT III</u>
(Dennis Dimon v. Michael B. Latti -
Breach of Contract)

35.    Paragraphs 1-34 are realleged and incorporated by reference.

36.    The plaintiff and the defendant entered into a contract for the defendant to provide

legal representation for injuries suffered by the plaintiff in a fishing boat accident.

37.    The defendant breached this contract by failing to provide competent legal

representation, in failing to inform the plaintiff of an alleged clerical error changing

the plaintiff's settlement agreement, and failing to ensure that the plaintiff

understood the alleged changes to the settlement agreement.

38.    The plaintiff suffered financial losses as a result of the defendant's breach of

contract.

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count III, enter judgment in favor of the plaintiff

against the defendant for breach of contract.

2.    For such other relief as this Court deems appropriate.

6

COUNT IV
(Dennis Dimon v. Latti Associates-
Breach of Fiduciary Duty)

39.     Paragraphs 1-38 are realleged and incorporated by reference.

40.     A lawyer has a duty to act in the best interest of his client and not to act in any way

adverse or contrary to the interests of the client.

41.     The plaintiff relied upon the defendant law firm for advice, counsel, and information

in order to make an informed decision prior to entering into any settlement

agreement whereby the plaintiff would forfeit his rights to future compensation for

his injuries.

42.     Due to the defendant's breach, the plaintiff has suffered financial loss.

REQUEST FOR RELIEF

1.      That this Court, under Count IV, enter judgment in favor of the plaintiff

against the defendant for breach of fiduciary duty.

2.      For such other relief as this Court deems appropriate.

COUNT V
(Dennis Dimon v. Latti Associates -
Negligence)

43.     Paragraphs 1-42 are realleged and incorporated by reference.

44.     A lawyer has a duty to act with reasonable care and to use the skill of a reasonably

competent lawyer in representing a client.

45.     The defendant failed to act reasonably in not informing the plaintiff and ensuring that

the plaintiff understood the changes to the settlement agreement.

46.     Due to the actions of the defendant, the plaintiff suffered financial loss.

7

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count V, enter judgment in favor of the plaintiff.

2.    For such other relief as this Court deems appropriate.

<u>COUNT VI</u>
(Dennis Dimon v. Latti Associates -
Breach of Contract)

47.    Paragraphs 1-46 are realleged and incorporated by reference.

48.    The plaintiff and the defendant entered into a contract for whereby the defendant was to provide legal representation for injuries suffered by the plaintiff in a fishing accident.

49.    The defendant breached this contract by failing to provide competent legal representation, failing to inform the plaintiff of changes to the plaintiff's settlement agreement, and failing to ensure that the plaintiff understood the changes to the settlement agreement.

50.    The plaintiff suffered financial losses as a result of the defendant's breach of contract.

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count VI, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2.    For such other relief as this Court deems appropriate.

<u>COUNT VII</u>
(Dennis Dimon v. Latti & Anderson LLP -
Breach of Fiduciary Duty)

51.    Paragraphs 1-50 are realleged and incorporated by reference.

8

52.    A lawyer has a duty to act in the best interest of his client and not to act in any way adverse or contrary to the interests of the client.

53.    The plaintiff relied upon the defendant for advice, counsel, and information in order to make an informed decision prior to entering into any settlement agreement whereby the plaintiff would forfeit his rights to future compensation for his injuries.

54.    Due to the defendant's breach, the plaintiff has suffered financial loss.

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count VII, enter judgment in favor of the plaintiff against the defendant for breach of fiduciary duty

2.    For such other relief as this Court deems appropriate.

<u>COUNT VIII</u>
(Dennis Dimon v. Latti & Anderson LLP -
Negligence)

55.    Paragraphs 1-54 are realleged and incorporated by reference.

56.    A lawyer has a duty to act with reasonable care and to use the skill of a reasonably competent lawyer in representing a client.

57.    The defendant failed to act reasonably in not informing the plaintiff and ensuring that the plaintiff understood the changes to the settlement agreement.

58.    Due to the actions of the defendant, the plaintiff suffered financial loss.

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count VII, enter judgment in favor of the plaintiff.

2.    For such other relief as this Court deems appropriate.

COUNT IX
(Dennis Dimon v. Latti & Anderson LLP -
Breach of Contract)

59.    Paragraphs 1-58 are realleged and incorporated by reference.

60.    The plaintiff and the defendant entered into a contract for whereby the defendant was to provide legal representation for injuries suffered by the plaintiff in a fishing accident.

61.    The defendant breached this contract by failing to provide competent legal representation, failing to inform the plaintiff of changes to the plaintiff's settlement agreement, and failing to ensure that the plaintiff understood the changes to the settlement agreement.

62.    The plaintiff suffered financial losses as a result of the defendant's breach of contract.

REQUEST FOR RELIEF

1.    That this Court, under Count IX, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2.    For such other relief as this Court deems appropriate.

COUNT X
(Dennis Dimon v. Metropolitan Life Insurance Company -
Breach of Contract)

63.    Paragraphs 1-62 are realleged and incorporated by reference.

64.    The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

10

65.    The defendant breached this contract by altering the agreement after the contract was signed and approved by the court and for failing to perform the contract.

66.    The plaintiff suffered financial losses as a result of the defendant's breach of contract.

### REQUEST FOR RELIEF

1.    That this Court, under Count X, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2.    For such other relief as this Court deems appropriate.

### COUNT XI
(Dennis Dimon v. Metropolitan Life Insurance Company - Negligent Misrepresentation)

67.    Paragraphs 1-66 are realleged and incorporated by reference.

68.    The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

69.    The defendant negligently misrepresented the terms of the contract, stating that the contract was for life, guaranteed for 20 years.

70.    The plaintiff detrimentally relied upon the representation of counsel and this defendant as manifested in the original contract approved by the court and suffered financial losses as a result of the defendant's negligent misrepresentation in altering the contract.

### REQUEST FOR RELIEF

1.    That this Court, under Count XI, enter judgment in favor of the plaintiff

11

against the defendant.

2.    For such other relief as this Court deems appropriate.

COUNT  XII
(Dennis Dimon v. Metropolitan Life Insurance Company -
M.G.L. c. 93A, § 9)

71.    Paragraphs 1-70 are realleged and incorporated herein.

72.    The actions of defendant violated M.G.L. c. 93A, § 9 in that they constituted unfair and deceptive practices within the meaning of M.G.L. c. 93A, § 2.

73.    As a direct and proximate result of defendant's unfair and deceptive practices, plaintiff suffered and continues to suffer financial losses.

74.    Pursuant to M.G.L. c. 93A, § 9, plaintiff made a written demand for relief on December 7, 2006, attached as Exhibit A.

75.    Defendant responded to plaintiff's Chapter 93A demand for relief on January 4, 2007.

76.    Defendant's use and employment of unfair and deceptive practices were willful and knowing violations of Chapter 93A.

77.    The defendant's refusal to grant reasonable relief upon demand was in bad faith with knowledge or reason to know that the acts and practices complained of were in violation of Chapter 93A.

78.    This cause of action is brought under M.G.L. c. 93A, § 9.

## REQUEST FOR RELIEF

1.  That this court, under Count XII, enter judgment in favor of the plaintiff against the defendant.

2.  That this court find that the conduct of defendant was a violation of Chapter 93A.

3.  That this court find that the actions of defendant were a knowing violation of Chapter 93A and/or that the refusal to grant reasonable relief upon demand was made in bad faith.

4.  That this court award plaintiff treble damages and attorney's fees on their claims.

5.  For such other relief as this court deems appropriate.

## COUNT XIII
(Dennis Dimon v. Metropolitan Life Insurance Company -
M.G.L. c. 176D)

79.  Paragraphs 1-78 are realleged and incorporated herein.

80.  The actions of the defendant constituted an unfair claim settlement practice within the meaning of M.G.L. c. 176D.

81.  Defendant misrepresented pertinent facts or annuity provisions relating to the annuity at issue.

82.  Defendant failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the annuity.

83.  Pursuant to M.G.L. c. 93A, § 9, plaintiff made a written demand for relief on December 7, 2006, attached as Exhibit A.

84.  Defendant responded to plaintiff's Chapter 93A demand for relief on January 4, 2007.

85. Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the annuity.

86. Defendant refused to pay plaintiff's claim without conducting a reasonable investigation based upon all available information.

87. Defendant has compelled plaintiff to litigate, and absorb the cost of such litigation, in order to recover the amount due under the annuity by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

88. Defendant has attempted to settle this claim on the basis of an application which was altered without notice to, or knowledge or consent of the plaintiff.

89. Defendant made false and/or fraudulent statements or representations on or relative to the application for the annuity for the purpose of obtaining a fee, commission, money, or other benefit from any insurers, agent, broker, or individual.

90. As a direct and proximate result of the unfair claim settlement practice of defendant, plaintiff suffered and continues to suffer financial losses.

91. Defendant's use and employment of an unfair claim settlement practice was a willful and knowing violation of M.G.L. c. 176D.

92. The defendant's refusal to grant reasonable relief upon demand was in bad faith with knowledge or reason to know that the acts and practices complained of were in violation of Chapter 176D.

93. This cause of action is brought under M.G.L. c. 176D.

<u>REQUEST FOR RELIEF</u>

1.  That this court, under Count XIII, enter judgment in favor of the plaintiff against the defendant.

2.  That this court find that the conduct of defendant was a violation of Chapter 176D.

3.  That this court find that the actions of defendant were a knowing violation of Chapter 176D and/or that the refusal to grant reasonable relief upon demand was made in bad faith.

4.  That this court find plaintiff was injured and their rights adversely affected entitling them to recovery under Chapter 93A.

5.  That this court award plaintiff treble damages and attorney's fees on their claims.

6.  For such other relief as this court deems appropriate.

<u>COUNT XIV</u>
(Dennis Dimon v. Kemper Insurance Company -
Breach of Contract)

94.  Paragraphs 1-93 are realleged and incorporated by reference.

95.  The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

96.  The defendant breached this contract by altering the agreement after the contract was signed and approved by the court and for failing to perform the contract.

97.  The plaintiff suffered financial losses as a result of the defendant's breach of contract.

15

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count XIV, enter judgment in favor of the plaintiff against the defendant for breach of contract.

2.    For such other relief as this Court deems appropriate.

<u>COUNT XV</u>
(Dennis Dimon v. Kemper Insurance Company -
Negligent Misrepresentation)

98.    Paragraphs 1-97 are realleged and incorporated by reference.

99.    The plaintiff and the defendant entered into a contract whereby the defendant was to provide a lifetime annuity guaranteed for twenty (20) years in exchange for the plaintiff releasing all claims for injuries suffered by the plaintiff in a fishing accident.

100.    The defendant negligently misrepresented the terms of the contract, stating that the contract was for life, guaranteed for 20 years.

101.    The plaintiff relied on the representation of counsel and this defendant as manifested in the original contract approved by the court and suffered financial losses as a result of the defendant's negligent misrepresentation in altering the contract.

<u>REQUEST FOR RELIEF</u>

1.    That this Court, under Count XV, enter judgment in favor of the plaintiff against the defendant.

2.    For such other relief as this Court deems appropriate.

<u>COUNT  XVI</u>
(Dennis Dimon v. Kemper Insurance Company -
M.G.L. c. 93A, § 9)

102.    Paragraphs 1-101 are realleged and incorporated herein.

16

103.    The actions of defendant violated M.G.L. c. 93A, § 9 in that they constituted unfair and deceptive practices within the meaning of M.G.L. c. 93A, § 2.

104.    As a direct and proximate result of defendant's unfair and deceptive practices, plaintiff suffered and continues to suffer financial losses.

105.    Pursuant to M.G.L. c. 93A, § 9, plaintiff made a written demand for relief on December 7, 2006, attached as Exhibit A.

106.    Defendant responded to plaintiff's Chapter 93A demand for relief on December 18, 2006.

107.    Defendant's use and employment of unfair and deceptive practices were willful and knowing violations of Chapter 93A.

108.    The defendant's refusal to grant reasonable relief upon demand was in bad faith with knowledge or reason to know that the acts and practices complained of were in violation of Chapter 93A.

109.    This cause of action is brought under M.G.L. c. 93A, § 9.


<u>REQUEST FOR RELIEF</u>

1.    That this court, under Count XVI, enter judgment in favor of the plaintiff against the defendant.

2.    That this court find that the conduct of defendant was a violation of Chapter 93A.

3.    That this court find that the actions of defendant were a knowing violation of Chapter 93A and/or that the refusal to grant reasonable relief upon demand was made in bad faith.

4.    That this court award plaintiff treble damages and attorney's fees on their claims.

17

5.   For such other relief as this court deems appropriate.

## COUNT  XVII
(Dennis Dimon v. Kemper Insurance Company -
M.G.L. c. 176D)

110.   Paragraphs 1-109 are realleged and incorporated herein.

111.   The actions of the defendant constituted an unfair claim settlement practice within the meaning of M.G.L. c. 176D.

112.   Defendant misrepresented pertinent facts or annuity provisions relating to the annuity at issue.

113.   Defendant failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the annuity.

114.   Pursuant to M.G.L. c. 93A, § 9, plaintiff made a written demand for relief on December 7, 2006, attached as Exhibit A.

115.   Defendant responded to plaintiff's Chapter 93A demand for relief on December 18, 2006.

116.   Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the annuity.

117.   Defendant refused to pay plaintiff's claim without conducting a reasonable investigation based upon all available information.

118.   Defendant has compelled plaintiff to litigate, and absorb the cost of such litigation, in order to recover the amount due under the annuity by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

119.  Defendant has attempted to settle this claim on the basis of an application which was altered without notice to, or knowledge or consent of the plaintiff.

120.  Defendant made false and/or fraudulent statements or representations on or relative to the application for the annuity for the purpose of obtaining a fee, commission, money, or other benefit from any insurers, agent, broker, or individual.

121.  As a direct and proximate result of the unfair claim settlement practice of defendant, plaintiff suffered and continues to suffer financial losses.

122.  Defendant's use and employment of an unfair claim settlement practice was a willful and knowing violation of M.G.L. c. 176D.

123.  The defendant's refusal to grant reasonable relief upon demand was in bad faith with knowledge or reason to know that the acts and practices complained of were in violation of Chapter 176D.

124.  This cause of action is brought under M.G.L. c. 176D.


<u>REQUEST FOR RELIEF</u>

1.  That this court, under Count XVII, enter judgment in favor of the plaintiff against the defendant.

2.  That this court find that the conduct of defendant was a violation of Chapter 176D.

3.  That this court find that the actions of defendant were a knowing violation of Chapter 176D and/or that the refusal to grant reasonable relief upon demand was made in bad faith.

19

4.   That this court find plaintiff was injured and their rights adversely affected

entitling them to recovery under Chapter 93A.

5.   That this court award plaintiff treble damages and attorney's fees on their claims.

6.   For such other relief as this court deems appropriate.


PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS


Respectfully submitted,


  /s/Brian Keane_____
DAVID B. KAPLAN, B.B.O. No. 258540
BRIAN KEANE, B.B.O. No. 656717
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080