# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS DIMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | C. A. No: 05-11073-NG |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, KEMPER ) | |
| INSURANCE COMPANY, ) | |
| MORGAN STANLEY DW, INC., ) | |
| MICHAEL B. LATTI, LATTI ) | |
| ASSOCIATES, and LATTI & ) | |
| ANDERSON LLP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION AND/OR FOR CLARIFICATION

## REQUEST FOR ORAL ARGUMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), which stands in the place of Charter Security Life Insurance Company, was *not at all involved in the underlying lawsuit (i.e. Dimon v. Jenny "C" Inc.),* but was simply contracted to provide an Annuity purchased by Kemper. MetLife paid the Annuity as applied for in its entirety, and, therefore seeks that this Court reconsider its Order, dated September 26, 2007, on MetLife's Motion for Summary Judgment (hereinafter "Order"). Specifically, MetLife requests that the Court reconsider denying Summary Judgment on Count X of Plaintiff's Complaint. Despite Plaintiff's denomination of the claim as a "Breach of Contract", the claim is entirely based on allegations that Charter Security Life Insurance Company misrepresented the terms of the Annuity issued to Plaintiff in 1983. It is undisputed that

there has been no breach of the 20 year certain Annuity issued by Charter Security Life Insurance Company, MetLife's predecessor.  The negotiations leading to the issuance of the Annuity and the parties' interpretations of the terms of the annuity are all misrepresentation issues, <u>not</u> contract issues.   Plaintiff's assertion that he had no knowledge of the alleged misrepresentation until the Annuity was fulfilled and the Annuity payments stopped in 2003 is irrelevant because <u>Plaintiff's lawyers had notice</u> of the alleged misrepresentation and therefore Plaintiff's claim is time-barred by the two years limitation period of M.G.L. c. 175, §181 (hereinafter "§181").  It must be noted that §181 is a Statute of Repose, as opposed to a mere limitation period.  A Statue of Repose is an <u>absolute bar to claims not brought within two years of the triggering event</u> (in the instant case the date when the Annuity was issued).  Even if the Court were to apply §181 as a Statute of Limitations, the two years would begin to run from the date Plaintiff knew or should have known about his claim (at the latest, the date when Dimon's lawyers had notice of the alleged misrepresentation).

      Secondly, MetLife respectfully requests that this Court clarify for the record the bases for not allowing in its entirety MetLife's Motion for Summary Judgment.  More specifically, the areas on which clarification is sought are: 1) the Court's understanding of the relationship between Kemper and Charter Security; 2) the theory, under which the Court granted Summary Judgment on Count XI of Plaintiff's Complaint, *i.e.* the Negligent Misrepresentation Claim; and 3) whether the Court considered the Statute of Repose of §181.

## **RECONSIDERATION**

The "Breach of Contract" claim asserted by Plaintiff is a claim for misrepresentation that is subject to the two year limitations period contained in §181. §181 has been applied as both a Statute of Repose and a Statute of Limitation. Under either theory, MetLife is entitled to Summary Judgment on all claims asserted against it in this action.

### A. THE BREACH OF CONTRACT CLAIM ASSERTED BY PLAINTIFF IS A CLAIM BASED UPON MISREPRESENTATION

For purposes of analyzing Plaintiff's Breach of Contract claim the Court must look to the *gravamen* of the claim and not the label used by Plaintiff in pleading his Complaint. See Grande v. PFL Life Ins. Co., 2000 Mass. App. Div. 261. The essence of Plaintiff's claim against MetLife is that he did not receive what he thought he was entitled to receive based upon his understanding of the Annuity that was purchased. Specifically, at the time that the Annuity was purchased Plaintiff asserts that he understood that he was purchasing a lifetime Annuity, with a guarantee of twenty years payments. The claim against MetLife, at its heart, is that MetLife misrepresented the Annuity that was purchased. This squarely falls within the purview of §181 and, as such, is subject to the two year limitations period contained in §181.

In Grande, (a case analogous to the one at hand) the plaintiff sought to recover from the defendant, PFL Life Insurance Company ("PFL") based on alleged deceptive acts in connection with PFL's sale of a life insurance policy instead of the annuity policy plaintiff thought she was purchasing. *Supra* 2000 Mass. App. Div. 261. The lower court in Grande granted Summary Judgment in favor of the insurer. Id. The Massachusetts Appeals Court affirmed and held that the plaintiff's claim for breach of contract was

time-barred under the two-year Statute of Limitations set forth in §181 because "[a]lthough Grande's first claim is for breach of contract, it is the 'gravamen' of [her] complaint [as one for misrepresentation] which dictates the applicable statute of limitations." Id.

It is not the label used by Mr. Dimon in his Complaint that controls the analysis of the claim. It is the fact that he asserts that what was purchased was different then what he thought was purchased, i.e. the product was allegedly misrepresented to him. Therefore his "Breach of Contract" claim sounds in misrepresentation, not contract. Any alleged misrepresentations of the terms of the contract were addressed in 1983 when Plaintiff's lawyers had notice of the alleged misrepresentation. Plaintiff's claims against MetLife are time-barred in their entirety.

### B. §181's LIMITATIONS PERIOD BARS PLAINTIFF'S CLAIMS AGAINST METLIFE IN THEIR ENTIRETY

The §181 limitations period has been applied as both a period of repose, as well as a period of limitation. Application of §181 under either a repose or a limitations theory will not change the result that Plaintiff's remaining claim should be dismissed as time-barred.

The Statute of Repose is an absolute bar to claims not brought within two years of the date of a triggering event. In Passatempo v. McMenimen, 20 Mass. L. Rep. 593 (2006), the Court held that "this Court concludes and rules that [M.]G.L. c. 175, sec.181, contains a statute of repose that is entirely consistent with the Supreme Judicial Court's recent decisions in Joslyn [v. Chang], 445 Mass. 344, … and Rudenauer [v. Zafiropoulos], 445 Mass. 353…". Rudenauer only requires a triggering date. "A repose

period begins to run from some 'definitely established event.'" Rudenauer v. Zafiropoulos, 445 Mass. 353, 358 (2005).

The purpose of a Statute of Repose is "to give particular types of defendants the benefit of a date certain on which their liability for past conduct will definitively come to an end." Nett v. Bellucci, 437 Mass. 630, 639 (2002). In the case at hand the clerical error that occurred in 1983, was the only conduct that is alleged to expose MetLife to liability. The clerical error was rectified in 1983, when Dimon's lawyers were informed of the exact terms of the Annuity. "There comes a time when [a defendant] ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not be called on to resist a claim 'when evidence has been lost, memories have faded, and witnesses have disappeared.'" Id., citing Klein v. Catalano, 386 Mass. 701, 709 (1982), quoting Rosenberg v. North Bergen, 61 N.J. 190, 201 (1972).

In the instant case, the 'event' in §181 that triggered the running of the repose period was the issuance of the Annuity or, in the alternative, the date when Dimon's lawyers learned of the alleged misrepresentation. The period of repose began to run in 1983 and expired in 1985, two years later. The "types" of defendants afforded the protection of the repose period are insurance companies, like MetLife, who issue annuities.

"Like all statutes of repose, 'the effect [of these statutes] is to place an absolute time limit on the liability of those within [their] protection and to abolish a plaintiff's cause of action thereafter, <u>even if the plaintiff's injury does not occur, or is not discovered, until after the statute's time limit has expired</u>." Nett v. Bellucci, 437 Mass. 630, 635 (2002), citing McGuinness v. Cotter, 412 Mass. 617, 622 (1992), citing Klein v.

Catalano, 386 Mass. 701, 702 (1982).  *Emphasis added.*  Statutes of Repose, unlike Statutes of Limitations, cannot be tolled for <u>any</u> reason unless the statute contains within it a specific tolling provision.  "[S]tatutes of repose may not be 'tolled' for any reason, as 'tolling' would deprive the defendant of the certainty of the repose deadline and thereby defeat the purpose of a statute of repose."  Id. (internal citations omitted).

§181 has no tolling provision whatsoever.  Therefore, as set forth above, the 1985 deadline cannot be tolled for any reason(s).  Any claim Plaintiff had regarding the alleged misrepresentations (of which his attorneys were made aware of in 1983) against MetLife expired at the end of the repose period, in 1985.  Moreover, Mr. Dimon's knowledge of the alleged misrepresentations (when he knew or should have known of his cause of action) is irrelevant as to MetLife.  He failed to commence his action in or before 1985 and, therefore, his causes of action against MetLife, to use the term quoted in <u>Rudenauer</u> is "abolished" it its entirety.

MetLife requests the Court reconsider its denial in part of MetLife's Motion for Summary Judgment and that it apply §181's Statute of Repose limitations period to Plaintiff's claims against MetLife.  Application of the §181 Statute of Repose would render as a matter of law that all Plaintiff's claims against MetLife are time-barred because they were not brought against MetLife in or before 1985, two years after Dimon's lawyers became aware of any alleged misrepresentation that may have resulted in Dimon's misunderstanding of the terms of the Annuity.

## **CLARIFICATION**

MetLife respectfully requests that this Court clarify for the record the bases for not allowing in its entirety MetLife's Motion for Summary Judgment.  As a preliminary

- 6 -

issue, MetLife seeks clarification of the Court's statement: "what Kemper's responsibility to Dimon were under the original contract between Kemper (<u>then Charter Security</u>) and The Jenny C. Co." *Emphasis added.* It is unclear if the Court mistakenly referred to "Charter Security" when it intended to refer to "American Motorists Insurance Company," a company that traded under Kemper's name. It is undisputed on the Summary Judgment record that Kemper and Charter Security are separate and unaffiliated entities. Charter Security Life Insurance Company was *not at all involved in the underlying lawsuit,* but was simply contracted to provide an Annuity purchased by Kemper.

Clarification is also needed on the issue of which theory and what limitations period was applied to Count X and Count XI in deciding whether Summary Judgment was appropriate. MetLife assets that despite Plaintiff's denomination, Plaintiff's claims against MetLife are entirely based on the theory that Charter Security Life Insurance Company allegedly misrepresented the terms of the Annuity issued to Plaintiff in 1983. As such §181's two year limitations period applies to all of Plaintiff's claims.

Last and most importantly, MetLife seeks clarification as to whether this Court considered the Statute of Repose contained in § 181. It is MetLife's contention that the Statute of Repose is applicable to Plaintiff's claims against MetLife. Since the Statute of Repose can not be tolled, Plaintiff's claims against MetLife are deemed abolished because Plaintiff did not bring his claims in 1985, two years after his attorneys were made aware of any alleged misrepresentations that may have occurred and were clarified in 1983.

*WHEREFORE*, Metropolitan Life Insurance Company respectfully requests this Honorable Court reconsider (and allow in its entirety Metropolitan Life Insurance Company's Motion for Summary Judgment) or in the alternative clarify its position with respect to this Court's September 26, 2007 Order, which, denied in part and allowed in part MetLife's Motion for Summary Judgment .

## REQUEST FOR ORAL ARGUMENT

A short oral argument will be necessary and helpful for the Court in determining if Reconsideration and/or Clarification is needed in this matter.

METROPOLITAN LIFE INSURANCE COMPANY,
By its Attorneys,

  /s/ Peter M. LeBlanc
James J. Ciapciak, BBO # 552328
Peter M. LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7402

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on October 9, 2007.

  /s/ Peter M. LeBlanc
Peter M. LeBlanc