## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENNIS DIMON | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11073-NG |
| | ) | |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, KEMPER | ) | |
| INSURANCE COMPANY, | ) | |
| MORGAN STANLEY DW, INC., | ) | |
| MICHAEL B. LATTI, LATTI | ) | |
| ASSOCIATES, LATTI & ANDERSON | ) | |
| LLP, | ) | |
| Defendants | ) | |

### MOTION OF DEFENDANT KEMPER INSURANCE COMPANY
### FOR LEAVE TO FILE A RESPONSE TO
### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
### SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
### MOTION FOR SUMMARY JUDGMENT

Defendant Kemper Insurance Company ("Kemper") hereby respectfully requests leave of

this Honorable Court under Local Rule Civ. P. 7.1(B)(3) to file a response to *Defendant*

*Metropolitan Life Insurance Company's Supplemental Brief in Support of its Motion for*

*Summary Judgment (the "Brief").* Kemper requests that this Court allow five days from the time

of the allowance of this Motion for Kemper to file a response to the Brief. (A copy of the

proposed response that Kemper would intend to file is attached hereto for the Court's reference.)

Kemper respectfully requests the Court's leave to file the proposed response inasmuch as

the Brief contains errors of law and fact, and Kemper would file the proposed response in order

to address and correct certain of those errors. Kemper believes permitting it the opportunity to

file the proposed response will further assist this Honorable Court in resolving the issues

presented by this case and the parties' respective Motions for Summary Judgment.

WHEREFORE, Kemper hereby moves this Honorable Court to grant it permission to file

a response to *Defendant Metropolitan Life Insurance Company's Supplemental Brief in Support*

*of its Motion for Summary Judgment.* Kemper has attached its proposed response and would file

the same within five days of the Court's order granting leave to file.

Respectfully submitted,

KEMPER INSURANCE COMPANY

by its attorneys,


_____/s/ Kevin L. Golden_____
DRINKER BIDDLE & REATH LLP
Timothy O'Driscoll (Admitted Pro Hac Vice)
Kevin L. Golden (Admitted Pro Hac Vice)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700


Local Counsel
Kevin S. Murphy (BBO #638335)
Anthony B. Fioravanti (BBO #662843)
YURKO SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

Dated: October 29, 2007

## **Certification of Service**

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on October 29, 2007.

/s/ Kevin L. Golden
Kevin L. Golden

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON | ) |
| Plaintiff | ) |
| | ) |
| v. | )    Civil Action No. 05-11073-NG |
| | ) |
| METROPOLITAN LIFE | ) |
| INSURANCE COMPANY, KEMPER | ) |
| INSURANCE COMPANY, | ) |
| MORGAN STANLEY DW, INC., | ) |
| MICHAEL B. LATTI, LATTI | ) |
| ASSOCIATES, LATTI & ANDERSON | ) |
| LLP, | ) |
| Defendants | ) |
| | ) |

---

**DEFENDANT KEMPER INSURANCE COMPANY'S RESPONSE
TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

---

Kemper hereby files this response to the supplemental brief submitted by MetLife in support of its motion for summary judgment, in order to call to the Court's attention two of the more significant errors contained in MetLife's supplemental brief.

I.      <u>The Evidence Is Uncontroverted That MetLife Issued A Lifetime Annuity.</u>

In its supplemental brief, MetLife repeatedly asserts that the Annuity issued by MetLife was for "20 years certain, with no lifetime component." <u>See, e.g.,</u> MetLife's supplemental brief at p. 2. However, the record contains no support whatsoever for that assertion. Rather, the documentary and testimonial evidence unequivocally demonstrates that MetLife issued a lifetime Annuity.

The relevant background on this point is that during settlement of the Underlying Action, Plaintiff's lawyers advised Kemper that they were able to purchase, for a premium of $175,000, an annuity that would pay out a stream of periodic payments as follows: $1,450 per month for life, with a 3 % increase compounded annually, and 20 years certain.[1] Plaintiff's lawyers had obtained this annuity quote from Charter Security (which is now known as MetLife) through their broker.[2] Specifically, on April 8, 1983, MetLife had prepared a proposal of a "life annuity 20 year certain" that provided for "$1,450.45 per month for the first year [to] increase 3% per year[.]" See Latti Dep. at ex. 3, p. 3.

On May 4, 1983, an annuity application from MetLife was signed by Kemper; the annuity application required an annuity premium in the amount of $175,000. See Mensie Dep. at ex. 2. As payment for the annuity premium and in settlement of the Underlying Action, Kemper issued the Settlement Check, made payable to MetLife in the amount of $175,000, and Kemper's counsel delivered the Settlement Check to Plaintiff's lawyer.[3]

MetLife accepted the annuity premium, and on June 17, 1983, MetLife signed, issued, and delivered the lifetime Annuity. See Mensie Dep. at ex. 11. On June 6, 1983, MetLife had begun making monthly payments to Plaintiff in accordance with the terms of the lifetime Annuity.[4]

---

[1] See Mensie Dep. at ex. 5 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit D); Guardian Hrg. at 7:23-8:20 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit B).

[2] See Mensie Dep. at ex. 6; Latti Dep. at 71:2-11, and at ex. 3, p. 3 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit C).

[3] See the Settlement Check (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit E); May 3, 1983 Correspondence (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit F).

[4] This process was consistent with the typical annuity application process, wherein the annuity issuer relays a quote based upon a given premium cost, the annuity issuer's application reflecting the premium cost is signed by the

(continued...)

It is indisputable that MetLife issued a lifetime Annuity. On this incontrovertible point, the lifetime Annuity speaks for itself.

At the top of page one, centered and in bold print, the Annuity expressly provides that it has been issued under "**Option 2. Life Income**." See Mensie Dep. at ex. 11, p. 1 (emphasis in original). In the first paragraph on page one, the Annuity further provides that it is a "Lifetime Annuity" and that "[MetLife] will pay a lifetime monthly income to the Annuitant if living on the Annuity Date." Id. (emphasis added). In the second paragraph on page one, the Annuity further provides that "[MetLife] will make the first monthly payment on the Annuity Date; payments after the first will be on that same date of the month as long as the Annuitant lives." Id. (emphasis added).

The Annuity further provides, as its second to last page, a "Supplementary Agreement" that confirms the exact monthly payments to be made to Plaintiff. Id. at ex. 11, Supplementary Agreement. Under the column heading entitled "Manner of Payment," MetLife specifies that MetLife will make monthly payments to Plaintiff in the amount of "$1,450.45 each, increasing 3% annually, commencing June 6, 1983, for a period of 240 months certain and life thereafter." Id. (emphasis added).

The evidence is simply indisputable that MetLife issued a lifetime Annuity.[5]

## II.    MetLife's Attempted Reliance On A Modified Version Of The Annuity Application Is Unavailing.

---

(..continued)
annuity owner, the premium check and the application are submitted to the annuity issuer (directly or through a broker), and the annuity issuer issues the annuity. See Mensie Dep. at 90:18-91:5.

[5] Indeed, MetLife admitted that it had issued a lifetime Annuity when it subsequently attempted to change the terms of the lifetime Annuity to provide for less than lifetime payments. See Fasman Dep. at ex. 3, 5 and 8 (attached to Kemper's Memorandum of Law in Support of Its Motion for Summary Judgment as Exhibit G). Kemper, of course, refused to agree to any change whatsoever in the terms of the lifetime Annuity. Id. at ex. 4, 6, and 7.

In its supplemental brief, MetLife attempts to rely on a modified version of the annuity application in purported support of MetLife's assertion that the lifetime Annuity was somehow not payable for life. See, e.g., MetLife's supplemental brief at p. 3. However, MetLife's attempted reliance on this document is unavailing, for at least three separate and independent reasons.

First, the application is immaterial in light of the fact that MetLife actually signed, issued and delivered a lifetime Annuity, and made monthly payments in accordance therewith. See Section I, supra. Because MetLife actually signed, issued and delivered a lifetime Annuity, and made monthly payments in accordance therewith, MetLife cannot be heard to argue subsequently that a lifetime Annuity somehow was not applied for.

Second, even assuming that the application were somehow material under the circumstances, the handwriting on the modified application upon which MetLife now attempts to rely was added by MetLife after the original application had been submitted by Kemper; the original application signed by Kemper did not contain the handwriting upon which MetLife now attempts to rely.[6]

Finally, and in any event, the handwriting on the modified application upon which MetLife now attempts to rely is entirely consistent with the lifetime Annuity that MetLife actually issued. In this regard, the lifetime Annuity speaks for itself. At the top of page one, centered and in bold print, the Annuity expressly provides that it has been issued under "**Option 2. Life Income**". See Mensie Dep. at ex. 11, p. 1 (emphasis in original). "**Option 2. Life Income**" is defined, on page eight of the Annuity, as falling into one of the following categories: "Life Annuity"; "With Certain Period"; or "With Installment Refund". Id. at ex. 11, p. 8

---

[6] See Fasman Dep. at ex. 6; Mensie Dep. at 80:17-82:1, 85:19-22, and at ex. 2.

(emphasis added). "With Certain Period" is defined as follows: "Equal monthly payments for five, ten, or twenty years (the certain period), as elected, and thereafter for the remaining lifetime of the payee." Id. The handwriting inserted by MetLife in box 14 of the modified application says "20 yr certain." Id. at ex. 3. That handwriting is entirely consistent with the "With Certain Period" election under "**Option 2.  Life Income**", which provides for an elective certain period of payments ("five, ten or twenty years"), to be followed by payments "for the remaining lifetime of the payee." Id. at ex. 11, p. 8.[7]

Therefore, even assuming - contrary to law and fact - that the modified application to which MetLife now points is somehow material under the circumstances, the modified application is in any event entirely consistent with the lifetime Annuity that MetLife in fact issued.

## III.    Conclusion

For the reasons set forth in Kemper's memorandum of law in support of its motion for summary judgment, Kemper's response to Plaintiff's memorandum of law in support of his motion for summary judgment, Kemper's supplemental brief in support of its motion for summary judgment, and the foregoing, Kemper respectfully requests that the Court grant Kemper's motion for summary judgment and dismiss Plaintiff's breach of contract claim against Kemper.

---

[7] While the lifetime Annuity speaks for itself in this regard, the uncontroverted testimonial evidence is to the same effect.  For example, under questioning from Plaintiff's counsel, Mr. William Mensie (Kemper's witness under F.R.C.P. 30(b)(6)) testified that the lifetime Annuity was issued under "Option 2, Life Income" and "With Certain Period," which provides for a life income with certain period. See Mensie Dep. at 245:3-246:2.  Under questioning from MetLife's counsel, Mr. Mensie testified that the modified application upon which MetLife now attempts to rely elected a certain period of 20 years and for life thereafter. Id. at 255:22-256:14.  Likewise, under questioning from the Latti Defendants' counsel, Mr. Mensie testified that the modified application upon which MetLife now attempts to rely is consistent with the lifetime Annuity and was for a lifetime annuity with a 20 year certain period. Id. at 275:5-20.

Respectfully submitted,

KEMPER INSURANCE COMPANY

by its attorneys,

_____/s/ Kevin L. Golden_____
DRINKER BIDDLE & REATH LLP
Timothy O'Driscoll (Admitted Pro Hac Vice)
Kevin L. Golden (Admitted Pro Hac Vice)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Local Counsel
Kevin S. Murphy (BBO #638335)
Anthony B. Fioravanti (BBO #662843)
YURKO SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(D), counsel for Kemper respectfully requests that the Court allow oral argument on the issues present in the supplemental briefs ordered by the court. Counsel believes that oral argument may assist the Court in making its determination on the remaining issues.

Dated: October 29, 2007