**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
)
**DENNIS DIMON,**                                    )
                                                     )
        **Plaintiff,**                  )
                                                     )
**VS.**                                              )
                                                     )          **C. A. No:  05-11073-NG**
**METROPOLITAN LIFE**                                )
**INSURANCE COMPANY, KEMPER**                        )
**INSURANCE COMPANY,**                               )
**MORGAN STANLEY DW, INC.,**                         )
**MICHAEL B. LATTI, LATTI**                          )
**ASSOCIATES, and LATTI &**                          )
**ANDERSON LLP,**                                    )
                                                     )
        **Defendants.**                 )
_____)

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
MOTION FOR RECONSIDERATION**

        Defendant, Metropolitan Life Insurance Company ("MetLife") respectfully

requests this Honorable Court reconsider its Order on Kemper Insurance Company's

Motion for Leave to Respond to MetLife's Supplemental Brief (hereinafter "Motion for

Leave"), issued today, October 31, 2007 (hereinafter "Order").

        Specifically, MetLife requests that the Court reconsider whether the Motion for

Leave was properly filed.  Our telephone call with Mrs. Gaudet this morning confirmed

that the Letter from counsel to Mrs. Gaudet dated October 30, 2007 (attached hereto as

Exhibit "A") was not considered by the Court prior to allowing the Motion for Leave.

That letter confirms that counsel for Kemper did not comply with Local Rule 7.1 and that

they failed to hold the required conference with counsel.  Thus the Motion should have

been rejected by the Court.  Also attached to this Motion is a proposed Opposition to

Motion for Leave that MetLife would have filed had counsel conferred in compliance with Local Rule 7.1, which he did not.  *See* <u>Exhibit "B"</u>.

***WHEREFORE***, Metropolitan Life Insurance Company respectfully requests this Honorable Court reconsider this Court's October 31, 2007 Order, which allowed Kemper's Motion for Leave.

<div style="margin-left:40%">

METROPOLITAN LIFE INSURANCE COMPANY,
By its Attorneys,

  /s/ Peter M. LeBlanc
James J. Ciapciak, BBO #: 552328
Peter M. LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7402

</div>

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATION</u>

I hereby certify that on October 31, 2007, I contacted counsel for Dennis Dimon and Kemper Insurance Company and we conferred and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

  /s/ Peter M. LeBlanc
Peter M. LeBlanc

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on October 31, 2007.

  /s/ Peter M. LeBlanc
Peter M. LeBlanc

CIAPCIAK
&
ASSOCIATES, P.C.
ATTORNEYS AT LAW

BOSTON, MA OFFICE
(617) 951-2727

RHODE ISLAND OFFICE
(401) 996-7401

99 Access Road
Norwood, MA 02062
Tel (781) 255-7401
Fax (781) 255-7402

October 30, 2007

**VIA FACSIMILE (617)748-9096**

Clerk Jennifer Gaudet
United States District Court
District of Massachusetts
1 Court House Way
Boston, MA 02210
Attn: The Court Clerk

　　　　　**Re:**　**Dimon v. MetLife _et. al._**
　　　　　　　　　**U.S.D.C. – Mass. C. A No: 05 11073 NG**

Dear Mrs. Gaudet:

　　　　We represent Metropolitan Life Insurance Company ("MetLife") in the above captioned action.

　　　　On October 29, 2007, Kemper Insurance Company (hereinafter "Kemper") filed the _Motion of Defendant Kemper Insurance Company For Leave to File a Response to Defendant Metropolitan Life Insurance Company's Supplemental Brief in Support of its Motion for Summary Judgment_ (hereinafter "Motion for Leave").

　　　　Although Kemper cited to Local Rule 7.1(B)(3), Kemper's counsel failed to include the Certification required by Local Rule 7.1(A)(2) certifying that counsel have conferred in a an effort to resolve or narrow the issues. <u>In fact, no prior notice was received by MetLife's counsel and no Local Rule 7.1 conference was held</u>. Had Kemper conferred about an assent to its Motion for Leave, counsel would have recommended that MetLife give its assent to Kemper's request to file a Reply if MetLife were allowed the opportunity to file a Sur-Reply.

　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　James J. Ciapciak

　　　　　　　　　　　　　　　James J. Ciapciak

cc:　All Counsel of Record

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS DIMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | |
| ) | **C. A. No:  05-11073-NG** |
| **METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY, KEMPER** ) | |
| **INSURANCE COMPANY,** ) | |
| **MORGAN STANLEY DW, INC.,** ) | |
| **MICHAEL B. LATTI, LATTI** ) | |
| **ASSOCIATES, and LATTI &** ) | |
| **ANDERSON LLP,** ) | |
| ) | |
| **Defendants.** ) | |

### OPPOSITION TO KEMPER'S MOTION FOR LEAVE TO FILE A RESPONSE TO METLIFE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, Metropolitan Life Insurance Company ("MetLife"), hereby opposes

Defendant Kemper Insurance Company's (hereinafter "Kemper") Motion for Leave.[1]

### ARGUMENT

The basis for this Opposition is that Kemper <u>failed to comply with Local Rule 7.1</u>

by filing its Motion without first conducting the required conference.  As important,

Kemper has no standing to file a proposed Response as MetLife did not bring any claim

against Kemper.  For these reasons, *inter alia*, MetLife respectfully requests that the

---

[1] The complete title of Kemper's Motion is: Motion of Defendant Kemper Insurance Company for Leave to File a Response to Defendant Metropolitan Life Insurance Company's Supplemental Brief in Support of its Motion for Summary Judgment.  MetLife will refer to this pleading as Kemper's "Motion for Leave".

Court deny Kemper's Motion for Leave and reject the proposed Response attached to the Motion for Leave.

### A.    <u>Kemper Failed to Comply with Local Rule 7.1</u>

Kemper's counsel failed to comply with the filing requirements of Local Rule 7.1(A)(2) in that they did not conduct a conference between counsel and, consequently, could not certify that they "attempted in good faith to resolve or narrow the issue." *See* <u>Local Rule 7.1(A)(2)</u>.  Because Local Rule 7.1(A)(2) makes certification that a conference was held a prerequisite to filing a motion, Kemper's Motion for Leave should be rejected until Kemper complies with the Certification requirement.

### B.    <u>Kemper Lacks Standing to Respond to MetLife's Supplemental Brief</u>

Kemper seeks to respond to a Supplemental Brief filed by MetLife in response to this Court's Order dated September 26, 2007.  The Supplemental Brief was filed in support of MetLife's Motion for Summary Judgment.  MetLife was seeking Summary Judgment on Plaintiff's claims <u>against MetLife</u>.  <u>MetLife never argued</u> in its Motion for Summary Judgment, the Memorandum in Support nor the Supplemental Brief <u>that Plaintiff's claims against Kemper were valid or that Kemper's Motion for Summary Judgment should be denied</u>.  Kemper's unilateral attack on MetLife is not supported by the facts or evidence, and because Kemper does not have standing to respond to a pleading directed to another party, its Motion for Leave should be denied.

### <u>CONCLUSION</u>

MetLife respectfully requests the Court deny Kemper's Motion for Leave for the reasons stated above.  If the Court does consider the Motion for Leave and grants the requested relief then MetLife respectfully requests that the Court allow it the opportunity

to respond to the Reply sought by Kemper.  Kemper mischaracterizes the facts and

evidence in its Reply such that MetLife would be prejudiced if it were not allowed the

opportunity to directly address the allegations made in Kemper's Response.

<div style="text-align:right">

Defendant,
Metropolitan Life Insurance
Company
By its Attorneys,


_____
James J. Ciapciak, BBO # 552328
Peter LeBlanc, BBO # 645305
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(781) 255-7401

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on October 31, 2007.

   /s/ Peter LeBlanc
Peter LeBlanc