UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON<br>    Plaintiff<br><br>v.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY, KEMPER<br>INSURANCE COMPANY,<br>MORGAN STANLEY DW, INC.,<br>MICHAEL B. LATTI, LATTI<br>ASSOCIATES, LATTI & ANDERSON<br>LLP,<br>    Defendants | Civil Action No. 05-11073-NG |

**DEFENDANT KEMPER INSURANCE COMPANY'S RESPONSE
IN OPPOSITION TO DEFENDANT METROPOLITAN LIFE INSURANCE
COMPANY'S MOTION FOR RECONSIDERATION**

Defendant, Kemper Insurance Company ("Kemper") hereby files this brief response in opposition to the motion for reconsideration filed by Defendant Metropolitan Life Insurance Company ("MetLife").

**I.    Factual Background**

On October 29, 2007, Kemper filed a request for leave to file a response to MetLife's supplemental brief, with Kemper's proposed response attached thereto. Kemper filed its request in accordance with the Court's procedure for filing a response where a briefing schedule has not been formally provided by either rule or previous order of Court, as confirmed with the Courtroom Clerk by Kemper's counsel.

- 2 -

On October 31, 2007, the Court entered an order granting Kemper's request for leave to file a response to MetLife's supplemental brief. On October 31, 2007, in accordance with the Court's directive, Kemper filed its response to MetLife's supplemental brief.

Apparently, on October 30, 2007, MetLife's counsel had faxed a letter to the Court that stated MetLife's opposition to Kemper's request for leave. Although the letter states that copies were faxed to "*All* Counsel of Record," Kemper's lead counsel of record, Timothy O'Driscoll, was not faxed a copy of the letter.[1]

On October 31, 2007, MetLife filed a motion for reconsideration of the Court's order granting Kemper's request for leave.

## II.    Argument

In its motion for reconsideration, MetLife argues that Kemper's request for leave should have been denied because the request did not comply with Local Rule 7.1(A)(2). This argument is without merit.

Local Rule 7.1(A)(2) provides that counsel must "certify that they have conferred and have attempted in good faith to resolve or narrow the issue" before filing a motion. See L.R. 7.1(A)(2). Obviously, the purpose of Local Rule 7.1(A)(2) is for counsel to resolve or narrow issues if possible, so as to preclude the need for or lessen the extent of motion practice and the resultant expenditure of judicial resources.

Local Rule 7.1(A)(2) is wholly inapplicable under the circumstances. Pursuant to the Court's procedures, Kemper would have needed to request leave of court to file a response to MetLife's supplemental brief regardless of what MetLife's position (or any other party's

---

[1]    The only copy of the letter served upon *any* counsel for Kemper was addressed in the facsimile cover sheet to Matthew Welnicki, who withdrew his appearance in this case months ago.

position) was with respect to Kemper's request for leave. Stated another way, the only "issue" involved was Kemper's request for leave, and that issue could not possibly have been resolved or narrowed by conference with the other parties' counsel; rather, only the Court could have granted or denied that request.

As such, Local Rule 7.1(A)(2) could not have had any possible impact on Kemper's request for leave, and is therefore wholly inapplicable under the circumstances.

### III. Conclusion

For these reasons, Kemper respectfully requests that the Court deny MetLife's motion for reconsideration.

Respectfully submitted,

KEMPER INSURANCE COMPANY

by its attorneys,

      /s/ Kevin S. Murphy
Kevin S. Murphy (BBO #638335)
Anthony B. Fioravanti (BBO #662843)
YURKO SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

Of Counsel
DRINKER BIDDLE & REATH LLP
Timothy O'Driscoll (Admitted Pro Hac Vice)
Kevin L. Golden (Admitted Pro Hac Vice)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Dated: October 31, 2007

- 4 -

**Certification of Service**

    I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on October 31, 2007.

                                                        /s/ Kevin S. Murphy
                                                        Kevin S. Murphy