UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENNIS DIMON,<br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY, KEMPER<br>INSURANCE COMPANY, and<br>MICHAEL B. LATTI, LATTI<br>ASSOCIATES, LATTI & ANDERSON<br>LLP,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-11073 NG |

**PLAINTIFF, DENNIS DIMON'S, OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION**

Plaintiff, Dennis Dimon ("Dimon"), hereby opposes Kemper Insurance Company's ("Kemper") motion for reconsideration (Documents 112, 113) and respectfully requests that this court not consider it for **lack of jurisdiction** to do so.

*In the alternative*, Dimon respectfully requests that this court deny Kemper's motion for the reasons set forth in its January 31, 2008 Order (Document 111) and the additional reasons *briefly* set forth below.

Dimon offers the following in support of his motion:

**I.   FACTS**

- This Court denied Metropolitan Life's motion for reconsideration (Document No. 93) on January 31, 2008.

- Kemper filed *another* motion for reconsideration on February 14, 2008.

1

**II.    LAW AND ARGUMENT**

Kemper's Untimely Motion for Reconsideration is a "Nullity"

"A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Fed.R.Civ.P. 59(e).  Pursuant to Rule 59(e), Kemper was required to file their motion on Monday February 11, 2008 (because the tenth day *after* entry of judgment was a Sunday).

Rule 59(e)'s 10-day time limit is "mandatory."  *See* Morris v. Unum Life Ins. Co. of America, 430 F.3d 500, 502 (1st. Cir. 2005) *citing to* Fed.R.Civ.P. 6(b)(2) (A court "must not extend the time to act" under Rule 59(e)).  This "leaves the district court with 'no power or discretion to modify it.'"  *See* Vargas v. Gonzalez, 975 F.2d 916, 917 (1st Cir. 1992).

Therefore, pursuant to our First Circuit's law, Kemper's "untimely motion for reconsideration is [] a nullity, at least for purposes of Rule 59(e)" (Id. *citing to* Flint v. Howard, 464 F.2d 1084, 1086 (1st Cir. 1972) *citing to* Jusino v. Morales & Tio, 139 F.2d 946 (1st Cir. 1944)) and, as such, "**the district court [is] without jurisdiction to grant it**."  Morris, 430 F.3d at 502 (emphasis added).

Kemper's Second Motion for Reconsideration Fails to Find the Requisite "Manifest Error of Law"

"As a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."  *See* Global Naps, Inc**.** v. Verizon New England, Inc., 489 F.3d 13 (1st Cir. 2007) *citing to* Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) *and* Marie v.

2

<u>Allied Home Mortgage Corp.</u>, 402 F.3d 1, 7 n. 2 (1st Cir. 2005).  An appellate review of the this court's denial of such a motion would be for "abuse of discretion."  <u>Palmer</u>, 465 F.3d at 30.

In the motion at bar, Kemper fails to 1) identify any manifest errors of law, 2) identify any newly discovered evidence, or 3) identify any "other" narrow situations.  Instead, Kemper's second motion for reconsideration is merely their attempt to "rehash arguments previously advanced" at summary judgment (Document No.s 57-59, *filed over a year ago* on January 2, 2007) and take the forbidden "second bite at the apple."  *See* <u>Roger Edwards, LLC v. Fiddes & Son Ltd.</u>, 437 F.3d 140, 142 (1st Cir. 2006) (Affirming the magistrate judge's denial where prior arguments were simply being "rehashed").  Where Kemper argued, *inter alia*, 1) the statute of limitations and 2) the evidence at bar in their January 2007 motion for summary judgment, and where they make the same arguments here, they are simply "rehashing" the same arguments they made last year cloaked in unsupported "manifest error."

<u>Kemper Ratified the Negotiation with MetLife by Paying the Premium</u>

Regardless of who acted as agent for whom, Kemper legally ratified the deal that was struck by the broker with MetLife when they paid MetLife for the annuity that they signed for.

<u>Kemper's Obligation was to Establish a Life Annuity</u>

Contrary to Kemper's assertion that they only had to "pay the premiums" necessary to establish the annuity, <u>the settlement release that they drafted</u> bound them to the obligation to establish a life annuity – not simply drop the money and run.  The terms of the release were not ambiguous and Kemper is bound by their agreement.

**CONCLUSION**

Dimon respectfully requests that this court not consider Kemper's motion for reconsideration for **lack of jurisdiction** to do so.

*In the alternative*, Dimon respectfully requests that this court deny Kemper's motion for the reasons set forth in its January 31, 2008 Order (Document 111) and the additional reasons *briefly* set forth *supra*.

Respectfully submitted,

  /s/Brian Keane_____
DAVID B. KAPLAN, B.B.O. No. 258540
BRIAN KEANE, B.B.O. No. 656717
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

> I hereby certify that a true copy of the above document was served upon each attorney of record by ECF on March 6, 2008.
>
>   /s/Brian Keane_____

Dated: March 6, 2008