UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON )<br>    Plaintiff )<br>)<br>v. )<br>)<br>METROPOLITAN LIFE )<br>INSURANCE COMPANY, KEMPER )<br>INSURANCE COMPANY, )<br>MORGAN STANLEY DW, INC., )<br>MICHAEL B. LATTI, LATTI )<br>ASSOCIATES, LATTI & ANDERSON )<br>LLP, )<br>    Defendants )<br>) | Civil Action No. 05-11073-NG |

**DEFENDANT, KEMPER INSURANCE COMPANY'S RENEWED REQUEST FOR ORAL ARGUMENT ON ITS MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 31, 2008 MEMORANDUM AND ORDER**

Defendant, Kemper Insurance Company ("Kemper") hereby respectfully renews its pending request for oral argument on Kemper's Motion for Reconsideration (the "Motion") of the Court's January 31, 2008 Memorandum and Order (the "Order"), which request Kemper formally made in its Motion pursuant to L.R. 7.1(d). Kemper renews its pending request because no oral argument has yet been scheduled, and Kemper strongly believes that a brief oral argument - on the following two dispositive issues presented by Kemper's Motion - will greatly assist the Court in making its determination as to Kemper's Motion:

First, the date of accrual of Plaintiff's alleged cause of action against Kemper cannot be deemed "indeterminate" until the resolution of whether Kemper actually breached the General Release (see Order at 16-17); if the question of when Plaintiff's alleged cause of action against Kemper accrued were dependant upon a determination as to whether Kemper actually breached, then the statute of limitations would be rendered purposeless. Rather, Plaintiff's alleged cause of

action against Kemper necessarily accrued as a matter of law in 1983. Even assuming (all evidence to the contrary) that Kemper breached the General Release by failing to apply properly for the Annuity, such failure would have occurred in 1983. See T&N PLC v. Fred S. James & Co., 29 F.3d 57, 58-60 (2nd Cir. 1994) (Where defendant had contract with plaintiff to secure insurance policies containing certain terms, and plaintiff did not file suit until it learned that the policies allegedly did not contain the correct terms, plaintiff's suit was time-barred because its alleged cause of action accrued when the allegedly deficient policies were applied for and issued 8 years earlier.).

Second, no genuine issue of material fact exists as to the terms of the Annuity issued by MetLife. The unambiguous terms of the Annuity demonstrate that it is a lifetime annuity, and the terms of the Annuity therefore must be decided as a matter of law, and without reference to any extrinsic evidence regarding MetLife's alleged intent when it issued the Annuity. See, e.g., Hunt, Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2nd Cir. 1989). In addition, MetLife's purported "contract reformation" theory (which is, of course, premised on the assumption that the Annuity is a lifetime annuity) lacks any merit as a matter of law on several grounds, including that any claim based on such purported theory plainly would be time-barred. See Wallace v. 600 Partners Co., 658 N.E.2d 715, 717 (N.Y. 1995) (reformation claim time-barred because statute of limitations began to run at the time of the alleged "scrivener's error").

**WHEREFORE,** Kemper respectfully renews its pending request for a brief oral argument, at a time of the Court's convenience, on these two dispositive issues presented by Kemper's Motion.

Respectfully submitted,

KEMPER INSURANCE COMPANY

by its attorneys,

/s/ Kevin L. Golden
-----
DRINKER BIDDLE & REATH LLP
Timothy O'Driscoll (Admitted Pro Hac Vice)
Kevin L. Golden (Admitted Pro Hac Vice)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Local Counsel
Kevin S. Murphy (BBO #638335)
Anthony B. Fioravanti (BBO #664823)
YURKO SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

Certification Pursuant To Local Rule 7.1

The above-signed certifies that the parties have conferred in good faith in an attempt to resolve the issues raised herein in order to resolve or narrow the issues. Such conferences were held by telephone on March 24, 2008.

Dated: March 24, 2008

**Certification of Service**

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on March 24, 2008.

                                                     /s/ Kevin L. Golden
                                                     Kevin L. Golden