# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS DIMON,<br>    Plaintiff<br><br>VS.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY and<br>KEMPER INSURANCE COMPANY,<br><br>    Defendants. | C. A. No: 05-11073 NG |

**LEAVE TO FILE GRANTED ON MARCH 11, 2008**

**SUR-REPLY OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY IN RESPONSE TO DEFENDANT KEMPER INSURANCE COMPANY'S REPLY TO OPPOSITIONS TO KEMPER INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

Defendant Metropolitan Life Insurance Company (hereinafter "MetLife") hereby files its Sur-Reply to Kemper's Reply to the Oppositions filed by Plaintiff Dennis Dimon and MetLife to Kemper's Motion for Reconsideration of the Court's January 31, 2008 Memorandum and Order ("Order"). For the reasons stated herein and in the prior pleadings, MetLife respectfully requests the Court deny the Motion for Reconsideration as Kemper has failed to show that it is entitled to the relief requested.

Kemper has not demonstrated that the considerable genuine issues of material fact can be resolved such that it would be entitled to Summary Judgment. The version of the Application cited to by Kemper does not contain any words or phrases that would allow a finder of fact to conclude that Kemper purchased a lifetime Annuity.

Regardless of whether the Court applies the Rule 59 or Rule 60(b) to Kemper's Motion for Reconsideration the result is the same. Kemper's Motion is baseless and should be denied.

A prerequisite for requesting reconsideration under Rule 59(e) is that there is a judgment to alter or amend. There is no judgment, as that term is defined under Rule 54, that can be altered or amended. Rule 54 states: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Kemper has not, and could not, argue that it can at this time appeal the denial of its Motion for Summary Judgment. For these reasons, application of Rule 59(e) and its "manifest error of law" standard is not appropriate. Assuming arguendo that Rule 59(e) should apply, the Court did not commit a "manifest error of law" in determining that the factual issues represented to the Court were both disputed and genuine. It is undisputed that Kemper did not present any new evidence upon which it could rely to support its Motion for Reconsideration. In fact, Kemper admits that the issue of whether it meets its responsibilities under the General Release has not been resolved. It admits that it had a duty to establish a lifetime Annuity for Mr. Dimon. It is undisputed that Mr. Dimon did not receive the benefit of a lifetime Annuity. The disputed, material issues of fact presented by this case do not allow summary judgment in Kemper's favor and, therefore, the Court did not commit an error of law in deciding to deny Kemper's Motion for Summary Judgment.

Kemper's Motion is a Rule 60(b)(1) Motion for Relief from Judgment or Order. The grounds for the Motion are most likely "(1) mistake, inadvertence, surprise, or excusable neglect." However, Kemper has failed to state what mistake or other event occurred which would require the Court to reconsider its prior Order. As the First Circuit

set forth in Hoult v. Hoult: "The gravamen of defendant's argument is that the district court wrongly decided a point of law. *This is not grounds for relief under Rule 60(b).*" 57 F.3d 1, 5 (1st Cir. 1995) (emphasis added). In Silk v. Sandoval, the First Circuit stated:

> We neither understand the basis for this interpretation, nor sympathize with it. If the court merely wrongly decides a point of law, that is not inadvertence, surprise, or excusable neglect. Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances.

435 F.2d 1266, 1267-1968 (1st Cir. 1971), *cert. denied*, 402 U.S. 1012, 91 S. Ct. 2189, 29 L. Ed. 2d 435, 1971 U.S. LEXIS 1858 (1971). Kemper's failure to identify the circumstances that give rise to the requested reconsideration is fatal to its Motion.

WHEREFORE, MetLife respectfully requests that the Court deny Kemper's Motion for Reconsideration.

Respectfully submitted:

For the Defendant,
**Metropolitan Life Insurance Company,**

/s/ James J. Ciapciak
James J. Ciapciak #552328
Peter LeBlanc #645305
Ciapciak & Associates
99 Access Road
Norwood MA 02062
(781) 255-7401

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on March 25, 2008 via the ECF system.

/s/ James J. Ciapciak
James J. Ciapciak