UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON )<br>      Plaintiff )<br> )<br>v. )<br> )<br>METROPOLITAN LIFE )<br>INSURANCE COMPANY, KEMPER )<br>INSURANCE COMPANY, )<br>MORGAN STANLEY DW, INC., )<br>MICHAEL B. LATTI, LATTI )<br>ASSOCIATES, LATTI & ANDERSON )<br>LLP, )<br>      Defendants )<br> ) | Civil Action No. 05-11073-NG |

**UNOPPOSED MOTION OF DEFENDANT, KEMPER INSURANCE COMPANY FOR LEAVE TO FILE RESPONSE TO DEFENDANT, METROPOLITAN LIFE INSURANCE COMPANY'S AND PLAINTIFF'S SUR-REPLIES TO THE MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 31, 2008 MEMORANDUM AND ORDER**

Defendant, Kemper Insurance Company ("Kemper"), pursuant to L.R. 7.1(b)(3), hereby files this unopposed motion for leave to file a brief Response to Defendant, Metropolitan Life Insurance Company's and Plaintiff's Sur-Replies to Kemper's Motion for Reconsideration of the Court's January 31, 2008 Memorandum and Order. Kemper seeks leave in order to make two points in response to the arguments raised in the Sur-Replies, each of which points compels the conclusion that Kemper's Motion for Reconsideration should be granted.

Counsel for both Plaintiff and Defendant, Metropolitan Life Insurance Company have represented that they do not oppose this motion. Kemper attaches hereto as Exhibit "A" the brief Response that Kemper hereby moves for leave to file, as required by CM/ECF Administrative

Procedure "O" ("…the party must attach electronically to the motion seeking leave a copy of the document which the party proposes to file.").

WHEREFORE, Kemper respectfully requests that the Court grant Kemper's unopposed motion for leave to file the brief Response attached hereto as Exhibit "A."

Respectfully submitted,

KEMPER INSURANCE COMPANY

by its attorneys,

_____/s/ Kevin L. Golden_____
Timothy O'Driscoll (Admitted Pro Hac Vice)
Kevin L. Golden (Admitted Pro Hac Vice)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Local Counsel
Kevin S. Murphy (BBO #638335)
Anthony B. Fioravanti (BBO #664823)
YURKO SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603
(617) 723-6900

Certification Pursuant To Local Rule 7.1

The above-signed certifies that the parties have conferred in good faith in an attempt to resolve the issue raised herein in order to resolve or narrow the issue. Such conference was held by telephone on April 1, 2008. During said conference, counsel for Plaintiff and MetLife stated that they do not oppose this motion.

Dated: April 1, 2008

## Certification of Service

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on April 1, 2008.

                                          /s/ Kevin L. Golden
                                          Kevin L. Golden

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON<br>Plaintiff<br><br>v.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY, KEMPER<br>INSURANCE COMPANY,<br>MORGAN STANLEY DW, INC.,<br>MICHAEL B. LATTI, LATTI<br>ASSOCIATES, LATTI & ANDERSON<br>LLP,<br>Defendants | Civil Action No. 05-11073-NG |

**PROPOSED RESPONSE OF DEFENDANT, KEMPER INSURANCE COMPANY TO DEFENDANT, METROPOLITAN LIFE INSURANCE COMPANY'S AND PLAINTIFF'S SUR-REPLIES TO THE MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 31, 2008 MEMORANDUM AND ORDER**

Kemper hereby files this brief Response to MetLife's and Plaintiff's Sur-Replies to Kemper's Motion for Reconsideration (the "Motion") of the Court's January 31, 2008 Memorandum and Order (the "Order"), in order to make two points in response to the Sur-Replies, each of which points compels the conclusion that the Motion should be granted.[1]

**I.    The Date Of Accrual Of Plaintiff's Alleged Cause Of Action Against Kemper Cannot Be Deemed "Uncertain" Until The Resolution Of Whether Kemper Actually Breached.**

Contrary to the assertion at page 1 of Plaintiff's Sur-Reply, the date of accrual of Plaintiff's alleged cause of action against Kemper cannot be deemed "uncertain" until the resolution of whether Kemper actually breached the General Release. The very purpose of the

---

[1] Kemper will not endeavor to correct herein all of the errors of law contained in the Sur-Replies.

statute of limitations is to protect litigants from defending on the merits against alleged causes of action that accrued prior to the limitation period.[2] If the question of <u>when</u> Plaintiff's alleged cause of action against Kemper accrued were dependant upon a determination as to <u>whether</u> Kemper actually breached, then the statute of limitations would be rendered purposeless, and Kemper would be unjustifiably deprived of the statute's protection.

Rather, any alleged wrongful conduct on the part of Kemper could only have occurred in 1983, since that was the last time (prior to the filing of this lawsuit in 2005) that Kemper had any involvement whatsoever with the General Release, the Annuity, or anything else related to the subject matter of this lawsuit. Even assuming (all evidence to the contrary) that Kemper breached the General Release by failing to apply properly for the Annuity, such failure would have necessarily occurred in 1983. See <u>T&N PLC v. Fred S. James & Co.</u>, 29 F.3d 57, 58-60 (2nd Cir. 1994) (applying New York law) (where defendant had contract with plaintiff to secure insurance policies containing certain terms, and plaintiff did not file suit until it learned that the policies allegedly did not contain the correct terms, plaintiff's suit was time-barred because its alleged cause of action accrued when the allegedly deficient policies were applied for and issued eight years earlier); <u>St. George Hotel Assocs. v. Shurkin</u>, 12 A.D.3d 359, 786 N.Y.S.2d 56, 57 (N.Y. App. Div. 2004) (where plaintiff claimed that defendant breached their contract by allegedly failing to secure the correct type of insurance policy, plaintiff's breach of contract claim accrued when the allegedly incorrect policy was procured from and issued by the third-party issuer); <u>Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc.</u>, 29 Mass. App. Ct. 215, 221-23, 560 N.E.2d 122, 126-27 (1990) (same).

---

[2] <u>See, e.g.</u>, <u>Am. Pipe & Constr. Co. v. Utah</u>, 414 U.S. 538, 554 (1974) (the theory behind the statute of limitations is "that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.").

In the instant case, as in T&N, St. George Hotel, and Int'l Mobiles, Plaintiff has claimed that Kemper breached a contract (i.e., the General Release) by allegedly failing to secure the correct annuity policy. Plaintiff's alleged cause of action against Kemper therefore accrued when the allegedly deficient annuity policy was applied for and issued in 1983.

II.  **The Annuity Issued By MetLife Is A Lifetime Annuity As A Matter Of Law, And It Cannot Be "Reformed."**

Notwithstanding MetLife's suggestion at page 1 of its Sur-Reply that "genuine issues of material fact" exist, it is well established that "[t]he responsibility of construing the language of an insurance contract is a question of law for the trial judge, and then for the reviewing court." Fed. Ins. Co. v. Raytheon Co., 426 F.3d 491, 497 (1st Cir. 2005). And with respect to the language of the Annuity, MetLife does not and cannot dispute that the clear terms of the Annuity issued by MetLife demonstrate that it is a lifetime annuity. Indeed, if the Annuity were not a lifetime annuity, MetLife would have had no reason to attempt to change the Annuity's terms in 1983.

Rather, MetLife argues that the Annuity should now be "reformed" because MetLife allegedly did not intend to issue a lifetime annuity. However, because the terms of the Annuity are clear, reference to extrinsic evidence regarding MetLife's alleged intent when it issued the Annuity is impermissible. See, e.g., Hunt, Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277-78 (2nd Cir. 1989). Moreover, MetLife could not now attempt to "reform" the Annuity, because (among other reasons) any contract reformation claim clearly would be time-barred as a matter of law. See Wallace v. 600 Partners Co., 86 N.Y.2d 543, 547, 658 N.E.2d 715, 717 (N.Y.

1995) (contract reformation claim time-barred because statute of limitations began to run at the time of the alleged "scrivener's error").[3]

For each of the two separate and independent reasons set forth above, it is respectfully submitted that Kemper's Motion should be granted and Plaintiff's claim against Kemper dismissed.

> Respectfully submitted,
>
> KEMPER INSURANCE COMPANY
>
> by its attorneys,
>
> _____/s/ Kevin L. Golden_____
> Timothy O'Driscoll (Admitted Pro Hac Vice)
> Kevin L. Golden (Admitted Pro Hac Vice)
> DRINKER BIDDLE & REATH LLP
> One Logan Square
> 18th & Cherry Streets
> Philadelphia, PA 19103-6996
> (215) 988-2700
>
> Local Counsel
> Kevin S. Murphy (BBO #638335)
> Anthony B. Fioravanti (BBO #664823)
> YURKO SALVESEN & REMZ, P.C.
> One Washington Mall, 11th Floor
> Boston, MA 02108-2603
> (617) 723-6900

Dated:

---

[3] While "[i]n the absence of a claim for reformation, courts may as a matter of interpretation carry out the intention of a contract by transposing, rejecting, or supplying words to make the meaning of the contract more clear, such an approach is appropriate only in those limited instances where some absurdity has been identified or the contract would otherwise be unenforceable either in whole or in part." See Wallace, 86 N.Y.2d at 547-48, 658 N.E.2d at 717. Clearly, no such limited circumstance exists here, where MetLife's alleged "scrivener's error" is the Annuity's clear provisions that MetLife will make the lifetime payments at issue. To alter those provisions would not constitute "supplying words to make the meaning of the contract more clear"; rather, it would constitute re-writing the contract so as to completely change the responsibilities of the parties. See id. Moreover, the Annuity as written is obviously not "unenforceable" nor does it create an "absurdity." See id.