# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **DENNIS DIMON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | C. A. No: 05-11073-NG |
| **METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY, and** ) | |
| **KEMPER INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## METROPOLITAN LIFE INSURANCE COMPANY'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO KEMPER'S RESPONSE

Defendant, Metropolitan Life Insurance Company ("MetLife"), respectfully requests leave of this Honorable Court to file a Reply to Defendant Kemper Insurance Company ("Kemper")'s Response to MetLife's and Plaintiff's Sur-Replies to Kemper's Motion for Reconsideration. MetLife makes its request pursuant to Local Rule 7.1(B)(3). Attached as Exhibit "A" to the Motion is a copy of the Reply to Defendant Kemper Insurance Company ("Kemper")'s Response to MetLife's and Plaintiff's Sur-Replies to Kemper's Motion for Reconsideration MetLife intends to file should leave be granted. All parties have agreed to not oppose this Motion.

Kemper's Response contains both factual and legal misstatements that should be corrected before the Court takes action on Kemper's Motion for Reconsideration.

- 2 -

WHEREFORE, MetLife respectfully requests that this Honorable Court grant it leave to file the attached Reply to Kemper's Response to MetLife's and Plaintiff's Sur-Replies to Kemper's Motion for Reconsideration. If leave is granted, MetLife will file the Response on the terms and conditions mandated by the Court.

        Defendant,
        Metropolitan Life Insurance Company
        By its Attorneys,


        /s/ James J. Ciapciak
        James J. Ciapciak, BBO # 552328
        Peter LeBlanc, BBO # 645305
        CIAPCIAK & ASSOCIATES, P.C.
        99 Access Road
        Norwood, MA 02062
        (781) 255-7401

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on April 1, 2008, I conferred with counsel for Dennis Dimon and Kemper Insurance Company and attempted in good faith to resolve or narrow the issues pursuant to L.R. 7.1(A)(2).

        /s/ James J. Ciapciak
        James J. Ciapciak

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on April 3, 2008.

        /s/ James J. Ciapciak
        James J. Ciapciak

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS DIMON,<br>    Plaintiff<br><br>VS.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY and<br>KEMPER INSURANCE COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  C. A. No: 05-11073 NG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**METROPOLITAN LIFE INSURANCE COMPANY'S REPLY TO DEFENDANT
KEMPER INSURANCE COMPANY'S RESPONSE TO SUR-REPLIES
<u>REGARDING KEMPER'S MOTION FOR RECONSIDERATION</u>**

    Defendant Metropolitan Life Insurance Company (hereinafter "MetLife") hereby files its Reply to Kemper's Response to the Sur-Replies filed by Plaintiff Dennis Dimon and MetLife to <u>Kemper's Motion for Reconsideration</u> of the Court's January 31, 2008 Memorandum and Order denying Kemper's dispositive Motion. For the reasons stated herein and in the prior pleadings, MetLife respectfully requests the Court deny the Motion for Reconsideration as Kemper has failed to show that it is entitled to the relief requested.

    Kemper's continued insistence that there are no genuine issues of material fact completely ignores the evidence in the Summary Judgment record. It is hotly debated between the parties what impact, if any, the Annuity issued in error should have in this case. It cannot be established as a matter of law that the terms of the Annuity issued due to the clerical error can be imposed on MetLife.

- 2 -

Further, the defenses asserted by MetLife were not ripe until the claim was ripe. Either the Court was correct in that Plaintiff's claim for breach of contact is still viable and, therefore MetLife is entitled to a defense based upon the clerical error, or both Plaintiff's claim and MetLife's defenses have expired.

WHEREFORE, MetLife respectfully requests that the Court deny Kemper's Motion for Reconsideration.

Respectfully submitted:

For the defendant,
**Metropolitan Life Insurance Company**

/s/ James J. Ciapciak\_
James J. Ciapciak #552328
Peter LeBlanc #645305
Ciapciak & Associates
99 Access Road
Norwood MA 02062
(781) 255-7401

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served upon Counsel of Record on April 3, 2008 via the ECF system.

__/s/ James J. Ciapciak
James J. Ciapciak