## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **DENNIS DIMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | **C. A. No:  05-11073 NG** |
| **METROPOLITAN LIFE** | ) | |
| **INSURANCE COMPANY, KEMPER** | ) | |
| **INSURANCE COMPANY,** | ) | |
| **MORGAN STANLEY DW, INC.,** | ) | |
| **MICHAEL B. LATTI, LATTI** | ) | |
| **ASSOCIATES, and LATTI &** | ) | |
| **ANDERSON LLP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

### METROPOLITAN LIFE INSURANCE COMPANY'S
### MOTION IN LIMINE
### TO DEEM ADMITTED DATES OF NOTICE TO PARTIES

### ORAL HEARING REQUESTED

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves for an Order deeming admitted the dates that Charter Security Life Insurance Company (New York) (hereinafter "Charter")[1] provided notice to Plaintiff, Dennis Dimon, American Motorists Insurance Company (now Kemper), Dean Witter Reynolds (now Morgan Stanley), and Plaintiff's prior counsel, Latti Associates, that the Annuity purchased in 1983 was in fact a twenty-year certain Annuity.

### FACTS

1.    In a letter dated <u>July 14, 1983</u>, Barbara Boehm of Charter wrote to Kurt Snyder of
Dean Witter Reynolds asserting that a clerical error had been made in that the

---

[1] Not to be confused with Charter Security Life Insurance Company (*New Jersey*).

term of the annuity had been "incorrectly typed as 240 months certain and life thereafter instead of 240 months only." Exhibit "A".

2. The <u>July 14, 1983</u> letter from Barbara Boehm to Kurt Snyder states that "[a]s outlined in our telephone conversation …" indicating that there was at least one communication regarding the clerical error prior to July 14, 1983. <u>Id.</u>

3. On <u>August 12, 1983</u>, John Noe, on behalf of American Motorists Insurance Company, sent a letter to Robert Foley of Dean Witter Reynolds. Exhibit "B". John Noe's August 12, 1983 letter was carbon copied to Barbara Boehm of Charter and Roger Hughes of Latti Associates. <u>Id.</u> The address used on the various correspondences between Charter, American Motorists and Dean Witter Reynolds between <u>July 14, 1983 and October 14, 198</u>3 was the correct address for Latti Associates during the relevant time period. <u>Deposition of Michael B. Latti,</u> Exhibit "C" at 32:16-18.

4. In <u>September of 1999</u>, Katherine Dimon ("Mrs. Dimon"), on behalf of her husband, Dennis Dimon, contacted MetLife seeking information on the terms of the Annuity. Exhibit "D" at 10:3-18.

5. On <u>September 24, 1999</u>, MetLife wrote a letter in response to Mrs. Dimon's inquiry confirming that Dennis Dimon would receive "monthly payments until the final payment on 5/5/2003." Exhibit "E."

6. In 1999, Dennis Dimon's bank notified him and Mrs. Dimon that the Annuity was only for twenty years certain, not for life. Exhibit "F" at 67:24 – 68:2.

The Honorable Court found that Mr. Dimon was on notice of the dispute between Kemper and MetLife regarding the Annuity when his attorneys were copied on a letter from John

Noe at AMIC to Robert A. Foley at Dean Witter Reynolds in 1983.  See *January 31, 2008 Memorandum and Order* at 5.

**WHEREFORE**, Metropolitan Life Insurance Company prays that this Court issue an Order deeming admitted that:

     1.     By no later than July 14, 1983, Charter notified Dean Witter Reynolds, the Broker retained by Plaintiff's attorneys, that Charter considered the Annuity to be for twenty years certain and not for life;

     2.     By no later than August 12, 1983, American Motorists Insurance Company (now Kemper Insurance Company) was aware that Charter did not consider the Annuity to be a lifetime Annuity;

     3.     Latti Associates was informed by John Noe on August 12, 1983 that Charter did not consider the Annuity to be a lifetime Annuity; and

     4.     By September 1999, Plaintiff had personally received notification from more than one source that Charter did not consider the Annuity to be a lifetime Annuity.

## REQUEST FOR ORAL ARGUMENT

MetLife respectfully requests that, pursuant to Local Rule 7.1(D), the Court schedule this matter for oral argument.  Oral argument will assist the Court in making its decision on MetLife's Motion.

Respectfully submitted by:         Defendant,

METROPOLITAN LIFE INSURANCE
COMPANY,

By its Attorneys,

/s/ James J. Ciapciak_____
James J. Ciapciak, BBO # 552328
Peter M. LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7402

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 12, 2008.

_____Peter M. LeBlanc_____
Peter M. LeBlanc

A



**Charter
Security
Life**

Charter Security Life Insurance Company (New York)
720 Fifth Avenue
New York, New York 10019
Telephone 212-397-2350

CERTIFIED MAIL RETURN RECEIPT REQUESTED

July 14, 1983

Mr. Kurt Snyder
Dean Witter Reynolds
111 E. Onondaga Street
Syracuse, New York  13202

RE: Dennis Dimon
Policy #83A08153
NSC 1126

Dear Kurt:

As outlined in our telephone conversation, due to a clerical error the option indicated on the above supplementary contract for Dennis Dimon was incorrectly typed as 240 months certain and life thereafter instead of 240 months only.

Enclosed is a new contract correctly stating the option elected.  Please be advised that the former contract mailed to Robert Foley is null and void.  I would appreciate it if you will return that contract to my attention.

Thank you for your cooperation and again, my apologies for this oversight

Sincerely,

Barbara Boehm, Vice Presiden
Policyowner Service Department

BAB:aw

Enc.



EXHIBIT

_5_

000021

B



Lumbermens Mutual Casualty Company • American Motorists Insurance Company
American Manufacturers Mutual Insurance Company • American Protection Insurance Company

Long Grove, IL 60049 · 312 540-2000

August 12, 1983

Mr. Robert A. Foley
Dean Witter Reynolds, Inc.
One Boston Place
Boston, Massachusetts  02108

Dear Mr. Foley:

DENNIS DIMON
CHARTER SECURITY POLICY NO: 83 A 08153
OUR FILE NO: 399 LM 106125-Z

I received the replacement policy issued by Charter
Security Life Insurance Company (New York) changing
the terms of the annuity from 240 months certain and
life thereafter to 240 months certain only.

I am advised by Mr. Hughes of Lattie Associates that your
quotation was to provide an annuity which would pay
$1,450.45 per month for the first year increasing annually
at a rate of 3% compounded annually for 240 months certain
and life thereafter for a single premium of $175,000.
This was the benefit to be provided under the terms of a
general release and settlement agreement approved by
Judge Pettine of the United States District Court for the
District of Rhode Island.

The agreed upon premium was paid and a policy issued which
is now in the files of the contract owner, American Motorists
Insurance Company, providing benefits required by the release,
settlement agreement and court order.  I consider the original
annuity contract valid and enforceable and will retain it
in our files.



EXHIBIT



RECEIVED
AUG 17 1983
B. BOEHM

000002



Mr. Robert A. Foley
August 12, 1983
- 2 -

I intended to return the replacement contract issued by
Barbara Boehm of Charter Security, but it was lost with
my briefcase on August 11, 1983.

Very truly yours,

AMERICAN MOTORISTS INSURANCE COMPANY

John L. Noe
Home Office Claim

JLN:bw

cc:  Ms. Barbara Boehm
     Vice President
     Charter Security Life Insurance Company
     (New York)
     720 Fifth Avenue
     New York City, New York  10019

     Mr. Roger Hughes
     Lattie Associates, Attorneys
     30-31 Union Wharf
     Boston, MA  02109

C

1

VOLUME:   I
PAGES:   1 through 123
EXHIBITS:  See Index


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11073 WGY


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
DENNIS DIMON,                    )
                    Plaintiff,   )
                                 )
      VS.                        )
                                 )
METROPOLITAN LIFE INSURANCE      )
COMPANY, KEMPER INSURANCE        )
COMPANY, MORGAN STANLEY DW       )
INC., MICHAEL B. LATTI,          )        **ORIGINAL**
LATTI ASSOCIATES, and            )
LATTI & ANDERSON LLP,            )
                    Defendants.  )
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*




**DEPOSITION OF MICHAEL B. LATTI,** a witness
called on behalf of the Defendant, taken pursuant
to the Provisions of the Federal Rules of Civil
Procedure, before Julie A. Healey, a Certified
Shorthand Reporter, Registered Professional
Reporter, and Notary Public in and for the
Commonwealth of Massachusetts, at the offices of
Ciapciak & Associates, P.C., 99 Access Road,
Norwood, Massachusetts, on July 25, 2006,
commencing at 11:08 a.m.




COPLEY COURT REPORTING
101 Tremont Street
Boston, Massachusetts 02108

32

1          A.     Correct.

2          Q.     Okay, and in fact in this period of time

3     after your back surgery in April of 1983, you had

4     at least two meetings or two meetings that you

5     recollect with Mr. Dimon?

6          A.     Yes.

7          Q.     Is that correct?

8          A.     Yes.

9          Q.     Okay.  Now, do you recall if you came to

10     the office that day or those days just to meet

11     with Mr. Dimon or were you there generally

12     working?

13          A.     Yeah, I came to the office lying down in

14     a special car, and I think I stood most of the

15     meeting with Dennis Dimon.

16          Q.     In 1983, what was the mailing address for

17     Latti Associates?

18          A.     I would say 30-31 Union Wharf, Boston.

19          Q.     During that period of time, do you recall

20     if anything would have alerted you to a problem

21     with receiving mail at Latti Associates?

22          A.     In what month?

23          Q.     In 1983?

24          A.     I don't know whether it was '83.  We

33

1    moved from 95 Commercial Wharf I believe in '82,

2    and we had a problem with the mail.  We put in

3    cards of transfer of address with the post office.

4    We failed to get certain notification of hearings

5    and trials in the Federal Court.

6         We showed that we never got at the time

7    the notification.  We had a means of docketing the

8    mail and what was received, and that was vacant,

9    so, we never got certain hearings and trial dates,

10   and we never appeared and we were defaulted.

11        By showing that, that we never got

12   notice, they were removed, the defaults, and

13   restored.  That was during '82, and I don't

14   remember if it was also '83.

15   Q.   And was the reason you didn't get notice

16   that they mailed it to your old address instead of

17   your current address?

18   A.   It came back to the center.  I do not

19   remember whether they were addressed to 30-31 that

20   we received it or it was addressed to 95

21   Commercial Wharf, I don't remember.

22        We showed we never got mail in the

23   Federal Court and because, I'm not sure, I don't

24   remember and I remember we tried to clear it up

D

ORIGINAL

VOLUME: 1
PAGES: 1 - 94
EXHIBITS: See Index

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
********************************************
DENNIS DIMON,                         )
                          Plaintiff, )
                                      )
            vs.                       )
                                      )        C.A. No.
METROPOLITAN LIFE INSURANCE COMPANY,  )     05-11073 WGY
KEMPER INSURANCE COMPANY, MORGAN      )
STANLEY DW, INC., MICHAEL B. LATTI,   )
LATTI ASSOCIATES and LATTI & ANDERSON,)
LLP,                                  )
                         Defendants.  )
********************************************
```

DEPOSITION of KATHERINE DIMON, a Witness called by and on
behalf of the Defendants, taken pursuant to the applicable
Federal Rules of Civil Procedure, before Vincent Martino,
a Notary Public within and for the Comm. Of Massachusetts,
held at the Law Offices of Ciapciak & Associates, PC, 99
Access Road, Norwood, MA 02062 on Monday, August 7, 2006,
commencing at 11:30 a.m.

COPLEY COURT REPORTING
101 Tremont Street
Boston, Masssachusetts 02108
(617) 423-5841

1    on the above contract?

2       A.    Yes.

3       Q.    Did you ever call MetLife or Charter Security on

4    behalf of Mr. Dimon?

5       A.    Yes, I did.

6       Q.    Did he ask you to make those calls?

7       A.    Yes.

8       Q.    He authorized you to speak on his behalf when you

9    made those calls?

10      A.    Yes.

11      Q.    Do you recall why you called them prior to

12   September 24, 1999?

13      A.    Yes.

14      Q.    Why did you call them?

15      A.    Because there was a problem. The bank called us and

16   they told us that the life insurance that we were using for

17   collateral to get the loan said that it would end in 2003.

18   That's it.

19      Q.    Okay. When you say the bank, you are referring to

20   Citizens Bank?

21      A.    No, I'm talking about Newport Federal.

22      Q.    Who are they?

23      A.    That was the first bank we had, then we had

24   Citizens Bank.

25      Q.    Did Citizens Bank acquire Newport Federal?

E

Best Quality

September 24 1999


DENNIS DIMON
P O BOX 56
WEST KINGSTON RI 02892 0056

RE: CONTRACT # SCIW1126


Dear Mr. Dimon,

We received a call from Katheryn Dimon requesting information on the above contract. This contract was issued as a structured settlement on 5/5/1983. The owner of this contract is the American Motor Insurance Company. You receive monthly payments until the final payment on 5/5/2002. The monthly payments began on 6/5/1983 and increase 3% annually. This is programmed into the computer to increase 3% annually. I do not have specific payment amounts. To figure payments for the remaining years, increase the payment 3% each June 5.

If you have any questions, please call our Customer Service Center at 1-800-635-7775.

Sincerely,

*Teresa Thorp*

Teresa Thorp
Annuity Benefits

000033

F

ORIGINAL

VOLUME: 1
PAGES: 1 - 94
EXHIBITS: See Index

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*****************************************
DENNIS DIMON,                         )
                          Plaintiff, )
                                      )
        vs.                           )
                                      )          C.A. No.
METROPOLITAN LIFE INSURANCE COMPANY,  )    05-11073 WGY
KEMPER INSURANCE COMPANY, MORGAN      )
STANLEY DW, INC., MICHAEL B. LATTI,   )
LATTI ASSOCIATES and LATTI & ANDERSON,)
LLP,                                  )
                         Defendants.  )
*****************************************
```

DEPOSITION of KATHERINE DIMON, a Witness called by and on
behalf of the Defendants, taken pursuant to the applicable
Federal Rules of Civil Procedure, before Vincent Martino,
a Notary Public within and for the Comm. Of Massachusetts,
held at the Law Offices of Ciapciak & Associates, PC, 99
Access Road, Norwood, MA 02062 on Monday, August 7, 2006,
commencing at 11:30 a.m.

COPLEY COURT REPORTING
101 Tremont Street
Boston, Masssachusetts 02108
(617) 423-5841

1          A.    We refinanced.

2          Q.    So the loan you applied for in 2004 was a

3     refinance?

4          A.    Yes.

5          Q.    And who did you refinance with?

6          A.    The same bank, Citizens Bank.

7          Q.    So in 1999 when you purchased Holly Ridge, you used

8     Citizens Bank or a different bank?

9          A.    No, a different bank.

10         Q.    What bank was that?

11         A.    The one in Newport, Newport Federal.

12         Q.    Then you refinanced with Citizens Bank?

13         A.    Yes.

14         Q.    Then you refinanced a second time with Citizens

15    Bank?

16         A.    Yes.

17         Q.    So total for the Holly Ridge property, all of your

18    mortgage documents should either be with Newport Federal or

19    Citizens Bank?

20         A.    Yes.

21         Q.    And your recollection today is that you still have

22    some of those documents?

23         A.    Yes.

24         Q.    Now was it Newport Federal who called you and

25    alerted you sometime in 1999 or thereabouts that there was

1    a dispute or an issue with the collateral and the annuity?

2        A.    Yes.

3        Q.    That was prior to you receiving that letter of

4    September 24, 1999?

5        A.    I don't recall the dates.

6        Q.    Do you have access to any documents that would help

7    you recall the dates?

8        A.    Yes, I think so. I have a lot of problems getting

9    to them because I have to climb in the little cubbyhole

10   thing and I have a bad knee.

11       Q.    Do you know someone who could climb in there for

12   you?

13       A.    I have been trying.

14       Q.    Do you know who at Newport Federal you were dealing

15   with?

16       A.    Yes, Don -- I forgot what his last name was. It was

17   N-a-z-i-l or something like that. The first name was Don.

18       Q.    Do you know if that was short for Donald?

19       A.    Yes.

20       Q.    Do you ever go to Newport Federal any more?

21       A.    No.

22       Q.    But as far as you know they are still in business?

23       A.    They are, yes.

24       Q.    Do you know who from Newport Federal called you to

25   tell you about ---