**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                    )
**DENNIS DIMON,**                                   )
                                                    )
        **Plaintiff,**                )
                                                    )
**VS.**                                             )
                                                    )    **C. A. No:  05-11073 NG**
**METROPOLITAN LIFE**                               )
**INSURANCE COMPANY, KEMPER**                       )
**INSURANCE COMPANY,**                              )
**MORGAN STANLEY DW, INC.,**                        )
**MICHAEL B. LATTI, LATTI**                         )
**ASSOCIATES, and LATTI &**                         )
**ANDERSON LLP,**                                   )
                                                    )
        **Defendants.**              )
_____)

**METROPOLITAN LIFE INSURANCE COMPANY'S**
**MOTION IN LIMINE**
**TO APPLY THE JONES ACT ONLY TO KEMPER INSURANCE COMPANY**

**ORAL HEARING REQUESTED**

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves for an

Order that the Jones Act may be applied _only_ to Kemper Insurance Company ("Kemper").

On or about January 29, 2008 Attorney Timothy O'Driscoll, counsel for Kemper, made

an open court admission that Kemper "stood in the shoes" of Jenny C. Inc.  *See* Affidavit of

Attorney Peter LeBlanc attached as Exhibit "A".  American Motorists Insurance Company (now

part of "The Kemper Group") was the excess liability insurance carrier for Jenny C., Inc.,

defendant in *Dennis J. Dimon v. Jenny C., Inc.*, C.A. No. 81-0063 (USDC RI), and was

responsible for any damages that Mr. Dimon proved against the Jenny C., Inc. from any verdict

or settlement.

Given the fact that Plaintiff's claims against Kemper are those that he would have had against Jenny C., Inc., and that clearly Jenny C., Inc. was subject to the Jones Act, the Jones Act must apply to Plaintiff's claims against Kemper.

MetLife and its predecessor, Charter Security Life Insurance Company (New York), were not a party to the *Dennis J. Dimon v. Jenny C., Inc.*, C.A. No. 81-0063 (USDC RI) and had no obligations to Mr. Dimon beyond paying the benefits of a 20 year certain annuity that Kemper's predecessor applied and paid for, and thus MetLife is not subject to the Jones Act.

***WHEREFORE*,** Metropolitan Life Insurance Company prays that at the Trial of this matter this Court issue an Order deeming admitted that the Jones Act applies *only* to Kemper Insurance Company.


## REQUEST FOR ORAL ARGUMENT

MetLife respectfully requests pursuant to Local Rule 7.1(D) that the Court schedule this matter for oral argument. Oral argument will assist the Court in making its decision on MetLife's Motion.

2

Respectfully submitted by:        Defendant,

METROPOLITAN LIFE INSURANCE
COMPANY,

By its Attorneys,


  /s/ James J. Ciapciak          
James J. Ciapciak, BBO # 552328
Peter M. LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7402


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 12, 2008.

  /s/ James J. Ciapciak          
James J. Ciapciak

A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS DIMON,** )<br><br>**Plaintiff,** )<br><br>**VS.** )<br><br>**METROPOLITAN LIFE**<br>**INSURANCE COMPANY, KEMPER**<br>**INSURANCE COMPANY,**<br>**MORGAN STANLEY DW, INC.,**<br>**MICHAEL B. LATTI, LATTI**<br>**ASSOCIATES, and LATTI &**<br>**ANDERSON LLP,** )<br><br>**Defendants.** ) | **C. A. No:  05-11073 NG** |

## AFFIDAVIT OF PETER M. LEBLANC

I, Peter M. LeBlanc, upon oath, hereby depose and say:

1.    I am employed by Ciapciak & Associates, P.C. in an associate attorney position.

2.    This Affidavit is filed in support of Metropolitan Life Insurance Company's Motion In Limine To Deem Admitted That Kemper Insurance Company Stands In The Shoes Of Jenny "C.", Inc.

3.    I attended the Court Conference on January 28, 2008.  This conference was also attended by James J. Ciapciak, Esq.; Timothy O'Driscoll, Esq.; and Brian Keane, Esq.

4.    During this Conference, Kemper Insurance Company's attorney of record, Mr. O'Driscoll stated that his client stood in the place of the Jenny "C.", Inc.

SUBSCRIBED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY, THIS /2 DAY OF MAY, 2008

_____
Peter M. LeBlanc