UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **DENNIS DIMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | |
| ) | C. A. No: 05-11073 NG |
| **METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY, KEMPER** ) | |
| **INSURANCE COMPANY,** ) | |
| **MORGAN STANLEY DW, INC.,** ) | |
| **MICHAEL B. LATTI, LATTI** ) | |
| **ASSOCIATES, and LATTI &** ) | |
| **ANDERSON LLP,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**METROPOLITAN LIFE INSURANCE COMPANY'S MOTION IN LIMINE
TO PRECLUDE EVIDENCE OR TESTIMONY OF
<u>ANY ALLEGED MISREPRESENTATIONS</u>**

<u>**ORAL HEARING REQUESTED**</u>

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves for an Order excluding any evidence or testimony at trial regarding any alleged intentional or knowing misrepresentations by MetLife or Charter Security Life Insurance Company, New York ("Charter")[1] with regard to the alleged annuity because Plaintiff's misrepresentation claims against MetLife/Charter were dismissed by this Court on Summary Judgment.

**I. FACTS**

It has been suggested during the recent pretrial litigation phase of this case that MetLife allegedly knew Plaintiff was seeking a lifetime Annuity, knowingly issued a misleading proposal

---

[1] Not to be confused with Charter Security Life Insurance Company of *New Jersey*.

and issued the lifetime Annuity, and then tried to change the product. One or more of the parties to this suit may seek to submit evidence of intentional or knowing misrepresentations by MetLife or Charter. However, any such testimony or evidence with respect to alleged misrepresentations by MetLife are improper and highly prejudicial as the Plaintiff's count for misrepresentation against MetLife was dismissed by the Court.

In 1983, American Motorists Insurance Company (now part of "The Kemper Group"), applied for an "Immediate Annuity 20 year certain" and paid for a 20 year certain Annuity. It is undisputed that due to a clerical error, a Supplementary Agreement issued inadvertently stating that the payments were to last for 240 months "and life thereafter." MetLife corrected the clerical error almost immediately after issuing the Annuity and notified Plaintiff's agents by July 14, 1983. The letter to Dean Witter Reynolds is attached hereto as Exhibit "A." The Supplementary Agreement that MetLife issued after the error was discovered was consistent with the terms set forth in the Annuity Application signed by Plaintiff and Kemper in 1983. The Annuity called for MetLife to pay $1,450.45 per month during the first year increasing annually at a rate of 3% compounded annually for 240 months. (Exhibit "B.")

No evidence has been produced to support any intentional or knowing misrepresentation by MetLife. MetLife promptly issued a corrected annuity without the lifetime payment provision and noted that Kemper only applied for and only paid for 20 years. This correction was made known to Plaintiff and Kemper in 1983, and this Court already ruled that Plaintiff and Kemper had actual notice in 1983. MetLife consistently and openly has maintained that the annuity was only for 20 years. However, MetLife anticipates that Plaintiff's counsel and/or Kemper may attempt to argue or imply that the Supplementary Agreement with the clerical error was issued because of intentional or knowing acts, or by misrepresentations, which not only is inaccurate,

but also is wrong, and this Court's Summary Judgment ruling on the misrepresentation claims precludes any such evidence at Trial.

Plaintiff or Kemper also may argue or imply that these alleged misrepresentations induced them to purchase the annuity, or they may attempt to introduce evidence merely to disparage MetLife. The probative value of such evidence would be greatly outweighed by the prejudice to MetLife. It is not disputed that this Court dismissed Plaintiff's Count of Misrepresentation against MetLife. <u>Plaintiff has but one claim against MetLife – breach of contract</u>. There are no cross-claims against MetLife. Therefore, alleged known or intentional misrepresentations are not elements of Plaintiff's case and the submission of evidence to show such conduct would serve no purpose but to unfairly bias the trier of fact against MetLife.[2]

While Plaintiff may be allowed to testify as to what he recalls was filled in on the Application at the time <u>he</u> signed consistent with his deposition testimony, his counsel must be precluded at trial from stating, without factual evidence, who may have been responsible for any alleged changes to the Annuity Application. Nor should plaintiff be allowed to argue or speculate that the issuance of the first or the corrected Supplementary Agreement was done for any improper motive based upon alleged misrepresentation. If Plaintiff is allowed to assert or imply that any alleged changes were made with knowledge or intent to induce Plaintiff to purchase the wrong Annuity through misrepresentations, Plaintiff's misrepresentation claim will be resurrected despite this Court's finding that the statutes of repose and limitations bars Plaintiff's claims.

---

[2] MetLife acknowledges that such evidence might also be offered for the limited purpose of demonstrating the bias of a witness. However, due to the likely prejudice that such evidence would cause MetLife, the party offering any such evidence ought to seek Court approval prior to attempting to place it in evidence. Outside of this limited exception, this evidence serves no legitimate purpose and must be prohibited to prevent unfair bias and undue prejudice against MetLife.

*WHEREFORE*, Metropolitan Life Insurance Company prays that this Court issue an Order excluding any evidence at the Trial that MetLife intentionally or knowingly misrepresented the terms of the Annuity.

**REQUEST FOR ORAL ARGUMENT**

MetLife respectfully requests that, pursuant to Local Rule 7.1(D), the Court schedule this matter for oral argument. Oral argument will assist the Court in making its decision on MetLife's Motion.

Respectfully submitted by:                    Defendant,

                                              METROPOLITAN LIFE INSURANCE
                                              COMPANY,

                                              By its Attorneys,


                                              ___/s/ James J. Ciapciak_____
                                              James J. Ciapciak, BBO # 552328
                                              Peter M. LeBlanc, BBO # 645302
                                              CIAPCIAK & ASSOCIATES, P.C.
                                              99 Access Road
                                              Norwood, MA  02062
                                              Tel:  (781) 255-7401
                                              Fax:  (781) 255-7402


**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 12,  2008.


                                              ___Peter M. LeBlanc_____
                                              Peter M. LeBlanc

4

A



**Charter Security Life**

Charter Security Life Insurance Company, New York
720 Fifth Avenue
New York, New York 10019
Telephone 212-397-2350

CERTIFIED MAIL RETURN RECEIPT REQUESTED

July 14, 1983

Mr. Kurt Snyder
Dean Witter Reynolds
111 E. Onondaga Street
Syracuse, New York  13202

RE: Dennis Dimon
    Policy #83A08153
    NSC 1126

Dear Kurt:

As outlined in our telephone conversation, due to a clerical error the option indicated on the above supplementary contract for Dennis Dimon was incorrectly typed as 240 months certain and life thereafter instead of 240 months only.

Enclosed is a new contract correctly stating the option elected. Please be advised that the former contract mailed to Robert Foley is null and void. I would appreciate it if you will return that contract to my attention.

Thank you for your cooperation and again, my apologies for this oversight

Sincerely,

Barbara Boehm, Vice President
Policyowner Service Department

BAB:aw

Enc.



EXHIBIT 3

000021