## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS DIMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | |
| ) | C. A. No: 05-11073 NG |
| **METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY, KEMPER** ) | |
| **INSURANCE COMPANY,** ) | |
| **MORGAN STANLEY DW, INC.,** ) | |
| **MICHAEL B. LATTI, LATTI** ) | |
| **ASSOCIATES, and LATTI &** ) | |
| **ANDERSON LLP,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### METROPOLITAN LIFE INSURANCE COMPANY'S
### MOTION IN LIMINE
### TO FILE CLAIMS AND ADD THE JENNY C., INC., *IF*
### KEMPER INSURANCE COMPANY'S DAMAGES ARE LIMITED

### ORAL HEARING REQUESTED

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves to add claims against Jenny C., Inc., if Kemper Insurance Company's ("Kemper") damages are limited.

Throughout the procedural history of this case Kemper has represented that as a successor in interest to American MotoristS Insurance Company, for purposes of this litigation, it is subject to and possessor of the same duties and rights as Jenny C., Inc. In fact, on or about January 28, 2008 Attorney Timothy O'Driscoll, counsel for Kemper, made an open court admission that Kemper "stood in the shoes" of Jenny C., Inc. *See* Affidavit of Attorney Peter LeBlanc attached as Exhibit "A".

Now, on the eve of trial, Kemper has sought to limit its damages in this case to $48,673.67.  *See Joint Pre-Trial Memorandum*, at 18.  If Kemper is allowed to limit its damages under the policy it insured Jenny C., Inc. in 1983, <u>after admitting in open Court that it "stands in the shoes" of Jenny C., Inc.</u>, then Plaintiff and MetLife ought to be allowed to amend to add Jenny C., Inc. as a Defendant.  After all, Jenny C., Inc. was liable for the damages to Plaintiff is 1983 and the settlement was arranged by Kemper.

**WHEREFORE**, Metropolitan Life Insurance Company prays that if this Court allows Kemper Insurance Company to limit its damages, this Court then Allow Plaintiff and MetLife to amend and add claims against Jenny C., Inc.

## REQUEST FOR ORAL ARGUMENT

MetLife respectfully requests pursuant to Local Rule 7.1(D) that the Court schedule this matter for oral argument.  Oral argument will assist the Court in making its decision on MetLife's Motion.

Respectfully submitted by:

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By its Attorneys,

  /s/ James J. Ciapciak
James J. Ciapciak, BBO # 552328
Peter M. LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7402

3

## CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 13, 2008.

                                                            /s/ James J. Ciapciak

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON,<br><br>      Plaintiff,<br><br>VS.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, KEMPER INSURANCE COMPANY, MORGAN STANLEY DW, INC., MICHAEL B. LATTI, LATTI ASSOCIATES, and LATTI & ANDERSON LLP,<br><br>      Defendants. | C. A. No: 05-11073 NG |

### AFFIDAVIT OF PETER M. LEBLANC

I, Peter M. LeBlanc, upon oath, hereby depose and say:

1. I am employed by Ciapciak & Associates, P.C. in an associate attorney position.

2. This Affidavit is filed in support of Metropolitan Life Insurance Company's Motion In Limine To Deem Admitted That Kemper Insurance Company Stands In The Shoes Of Jenny "C.", Inc.

3. I attended the Court Conference on January 28, 2008. This conference was also attended by James J. Ciapciak, Esq.; Timothy O'Driscoll, Esq.; and Brian Keane, Esq.

4. During this Conference, Kemper Insurance Company's attorney of record, Mr. O'Driscoll stated that his client stood in the place of the Jenny "C.", Inc.

SUBSCRIBED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 12 DAY OF MAY, 2008

_____
Peter M. LeBlanc