# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS DIMON,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **VS.** ) <br> ) <br> **METROPOLITAN LIFE** ) <br> **INSURANCE COMPANY, KEMPER** ) <br> **INSURANCE COMPANY,** ) <br> **MORGAN STANLEY DW, INC.,** ) <br> **MICHAEL B. LATTI, LATTI** ) <br> **ASSOCIATES, and LATTI &** ) <br> **ANDERSON LLP,** ) <br> ) <br>     **Defendants.** ) <br> ) | C. A. No: 05-11073 NG |

## METROPOLITAN LIFE INSURANCE COMPANY'S
## MOTION IN LIMINE
## TO DEEM ADMITTED THAT IT WAS NOT A PARTY AND HAD NO INVOLVEMENT WITH THE 1983 ACTION

## ORAL HEARING REQUESTED

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves for an Order deeming admitted that neither Charter nor MetLife was a party to, nor had any involvement with, the underlying *Dennis J. Dimon v. Jenny C., Inc.*, C.A. No. 81-0063 (USDC RI) action.

The alleged 20 year, "life thereafter" Annuity was part of the relief Mr. Dimon has asserted that he is entitled to under a Seaman's Release (hereinafter "Seaman's Release") which he signed. There has been no evidence presented by any party that MetLife, or its predecessor, Charter Security Life Insurance Company (New York) (hereinafter "Charter" or "MetLife"), had any involvement or knowledge of the Seaman's Release or any of the proceedings in the *Dimon*

*v. Jenny "C.", Inc.* matter when considering the Application submitted by Kemper. There is no evidence that the information set forth in the Seamen's Release was available to MetLife during the application process and before the clerical error was discovered.

MetLife had no knowledge of the pre-settlement negotiations between Mr. Dimon, Kemper, Morgan Stanley and Latti Associates (herein after "Parties to the underlying claim"). All the information in the *Dimon v. Jenny "C.", Inc.* litigation, that settlement and the terms of the proposed annuity were known only to the Parties to the underlying claim. However, MetLife had no knowledge of the terms agreed to between the Parties to the underlying claim when it received the Application and prior to its discovery of the clerical error.

Further, the assertions made contemporaneously with the events in question, i.e. that a clerical error was made, that the information on the Supplementary Agreement was incorrect, etc., constitute undisputed evidence that MetLife had no involvement or knowledge of the *Dennis J. Dimon v. Jenny C., Inc.*, C.A. No. 81-0063 (USDC RI) matter beyond receiving the application submitted by Kemper.

**WHEREFORE**, Metropolitan Life Insurance Company prays that at the Trial of this matter this Court issue an Order deeming admitted the fact that that it was not a party and had to involvement with the underlying *Dennis J. Dimon v. Jenny C., Inc.*, C.A. No. 81-0063 (USDC RI) action.

### REQUEST FOR ORAL ARGUMENT

MetLife respectfully requests pursuant to Local Rule 7.1(D) that the Court schedule this matter for oral argument. Oral argument will assist the Court in making its decision on

MetLife's Motion.

| | |
|---|---|
| Respectfully submitted by: | Defendant, |
| | METROPOLITAN LIFE INSURANCE COMPANY, |
| | By its Attorneys, |
| |   /s/ James J. Ciapciak<br>James J. Ciapciak, BBO # 552328<br>Peter M. LeBlanc, BBO # 645302<br>CIAPCIAK & ASSOCIATES, P.C.<br>99 Access Road<br>Norwood, MA  02062<br>Tel:  (781) 255-7401<br>Fax:  (781) 255-7402 |

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 13, 2008.

                                                    /s/ James J. Ciapciak