# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS DIMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | C. A. No: 05-11073 NG |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY, KEMPER ) | |
| INSURANCE COMPANY, ) | |
| MORGAN STANLEY DW, INC., ) | |
| MICHAEL B. LATTI, LATTI ) | |
| ASSOCIATES, and LATTI & ) | |
| ANDERSON LLP, ) | |
| ) | |
| Defendants. ) | |

## METROPOLITAN LIFE INSURANCE COMPANY'S
## MOTION IN LIMINE
## TO PRECLUDE DOCUMENTS AND/OR TESTIMONY BY KEMPER

### ORAL HEARING REQUESTED

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves for an Order to preclude from evidence certain testimony and documents that Kemper may intend to use at trial.

During discovery, MetLife noticed Kemper Insurance Company's ("Kemper") deposition pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6). This was after Kemper had sufficient time to respond to Requests for Production of Documents. Kemper did not produce any documents until just before its 30(b)(6) deposition. MetLife had no opportunity to review these documents prior to Kemper's deposition. Further, when MetLife presented these

documents to Kemper's witness, the witness refused to provide any <u>substantive</u> answers regarding these documents. Therefore these documents must be precluded from evidence.

Further and more specifically, MetLife seeks preclusion from evidence of the following documents:

- **A copy of a settlement sheet prepared on or about April 19, 1983, by Latti & Associates**.

This document has not been authenticated and contains inadmissible hearsay and is also irrelevant.

- **A copy of a proposal for a life annuity, dated April 8, 1983, prepared by Charter Security Life Insurance Company (New Jersey)**

This document has not been authenticated, contains inadmissible hearsay, is incomplete and is also irrelevant. This document appears to be prepared by Dean Witter Reynolds and contains a proposal by Charter Security Life Insurance Company of *New Jersey*, which is not Charter Security Insurance Company of *New York*. <u>See</u> MetLife's separate Motion in Limine on this document, submitted with this motion.

- **A copy of correspondence, dated August 12, 1983, from John L. Noe to Mr. Robert A. Foley.**

This document is inadmissible as it contains hearsay within hearsay and is also irrelevant.

- **A copy of correspondence, dated October 10, 1983, from John L. Noe to Mr. Robert Ligouri.**

This document is inadmissible as it contains hearsay within hearsay and is also irrelevant.

- **A copy of correspondence, dated October 12, 1983, from John L. Noe to Ms. Barbara Boehm.**

This document cannot be authenticated because, *inter alia,* the fact that the October 12, 1983 letter refers to correspondence dated October 14, 1983. This proposed exhibit should not be

2

allowed into evidence as it is clearly unreliable in that it refers to a date subsequent to the date on the proposed exhibit.

- **A copy of a memorandum, dated April 18, 1983, from John L. Noe to Klaus Lemhoefer.**

This document is inadmissible as it contains hearsay within hearsay and is also irrelevant.

- **A copy of correspondence, dated May 3, 1983, from W. Slater Allen, Jr. to Mr. Jesus LaTorre.**

This document is inadmissible as it contains hearsay within hearsay and is also irrelevant.

- **A copy of a memorandum, dated November 8, 1983, from John L. Noe to Klaus Lemhoefer.**

This document is inadmissible as it contains hearsay within hearsay and is also irrelevant.

- **A copy of a memorandum dated August 26, 1983, from Mary Gracie to R.W. Bonoher.**

This document was never produced during discovery.

*WHEREFORE,* Metropolitan Life Insurance Company prays that this Court issue an Order to preclude from evidence these documents and any testimony related to the substance or existence of these documents.

### REQUEST FOR ORAL ARGUMENT

MetLife respectfully requests that, pursuant to Local Rule 7.1(D), the Court schedule this matter for oral argument. Oral argument will assist the Court in making its decision on MetLife's Motion.

Respectfully submitted by:        Defendant,

                                  METROPOLITAN LIFE INSURANCE
                                  COMPANY,

                                  By its Attorneys,

                                   /s/ James J. Ciapciak
                                  James J. Ciapciak, BBO # 552328
                                  Peter M. LeBlanc, BBO # 645302
                                  CIAPCIAK & ASSOCIATES, P.C.
                                  99 Access Road
                                  Norwood, MA  02062
                                  Tel:  (781) 255-7401
                                  Fax:  (781) 255-7402

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 13, 2008.

                                   /s/ James J. Ciapciak