## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **DENNIS DIMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | |
| ) | **C. A. No:  05-11073 NG** |
| **METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY, KEMPER** ) | |
| **INSURANCE COMPANY,** ) | |
| **MORGAN STANLEY DW, INC.,** ) | |
| **MICHAEL B. LATTI, LATTI** ) | |
| **ASSOCIATES, and LATTI &** ) | |
| **ANDERSON  LLP,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## METROPOLITAN LIFE INSURANCE COMPANY'S
## MOTION IN LIMINE
## REGARDING MORGAN STANLEY D.W., INC. AND THE LATTI DEFENDANTS

## ORAL HEARING REQUESTED

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves to

reinstate its rights for indemnification and contribution from Morgan Stanley D.W., Inc.

("Morgan Stanley"), Michal B. Latti, Latti Associates, and Latti & Anderson, LLP (collectively

referred as the "Latti Defendants").

Although MetLife and Kemper Insurance Company ("Kemper") are the remaining

defendants at trial, it is undisputed that these defendants are not the only ones with potential

liability in this case.  To the contrary, MetLife's position is that if its found liable, at all, its

potential liability is superseded by the acts and/or omissions of Morgan Stanley and the Latti

Defendants.  As such, MetLife has actual and valid claims for indemnification and contribution against these Morgan Stanley and the Latti Defendants.

Morgan Stanley was dismissed by Plaintiff and the Court denied MetLife's Motion to Amend Answer to Add Cross Claims against Morgan Stanley.  MetLife asserts that the absence of Morgan Stanley, the agent that arranged for the annuity at issue and was paid the commission on the product, was improper, and has and will cause MetLife prejudice at trial as the jury will not have a key player in the transaction from 1983.

The Latti Defendants were improperly dismissed by the Court solely because the claims against the Latti Defendants, allegedly, were not ripe.  However, this Court noted that the Latti Defendants knew in 1983 that the Annuity issued by Charter Security Life Insurance Company (New York) was a 20 Year Certain annuity without a lifetime provision.  The Latti Defendants liability for its malpractice is clear.  They failed to act in 1983 in not protecting Mr. Dimon's interests and failing to ensure that Mr. Dimon got what was agreed to in the underlying case that was settled and negotiated by Latti and its agents.  Given that Latti failed to ensure that Mr. Dimon, Latti's client, got what Latti negotiated for him, there is liability, and the fact that Mr. Dimon had to file a lawsuit has caused him damages both mentally and financially.  Even if damages were required for the claim to be ripe, the claim is ripe.  There are present time damages, even without Kemper and MetLife's potential liability.   The absence at trial of Latti, Mr. Dimon's attorneys who failed to correct the error in 1983 caused by its agents and Kemper, has and will cause MetLife prejudice at trial.

To avoid a virtually certain, subsequent civil action,[1] MetLife respectfully requests that its Cross claims against Morgan Stanley and/or the Latti Defendants be reinstated. *See* Intended Drafts of MetLife's Claims against Morgan Stanley D.W., Inc., Michal B. Latti, Latti Associates, and Latti & Anderson, LLP attached as Exhibit "A".

*WHEREFORE,* Metropolitan Life Insurance Company prays that this Court issue an Order to allow MetLife to reinstate its claims for indemnification and contribution from Morgan Stanley D.W., Inc., Michal B. Latti, Latti Associates, and Latti & Anderson, LLP.

## REQUEST FOR ORAL ARGUMENT

MetLife respectfully requests pursuant to Local Rule 7.1(D) that the Court schedule this matter for oral argument.   Oral argument will assist the Court in making its decision on MetLife's Motion.


Respectfully submitted by:                    Defendant,

                                          METROPOLITAN LIFE INSURANCE
                                          COMPANY,

                                          By its Attorneys,


                                            /s/ James J. Ciapciak
                                          James J. Ciapciak, BBO # 552328
                                          Peter M. LeBlanc, BBO # 645302
                                          CIAPCIAK & ASSOCIATES, P.C.
                                          99 Access Road
                                          Norwood, MA  02062
                                          Tel:  (781) 255-7401
                                          Fax:  (781) 255-7402

---

[1] If Plaintiff does not prevail, or is not made whole in the present action by MetLife and/or Kemper, the Latti Defendants cannot avoid liability for their malpractice actions.   If MetLife receives an adverse judgment, its claims against Morgan Stanley and the Latti Defendants for contribution and indemnification will be reinstituted.

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 13, 2008.

                                       /s/ James J. Ciapciak

A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br>     Plaintiff, <br><br> Vs. <br><br> MORGAN STANLEY DW, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C. A. No: |

## COMPLAINT

Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by

counsel, as and for its Complaint against Defendant, Morgan Stanley DW, Inc. ("Morgan

Stanley"), alleges at all material times as follows:

### JURISDICTION

1.     Jurisdiction is proper pursuant to 28 U.S.C., sec. 1332(a).  Venue is proper

in the District Court of Massachusetts pursuant to 28 U.S.C., sec. 1391(c).

### PARTIES

2.     MetLife at all relevant times hereinafter mentioned, was and still is, an

insurance company organized and existing under and by virtue of the laws of the State of

New York with its principal place of business located in New York.

3.     Morgan Stanley is a brokerage company with a principal place of business

in New York and regularly conducts business in the Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

4.     In 1981, Dennis Dimon ("Mr. Dimon") was severely injured while serving

as a member of the crew aboard the F/V Jenny C., resulting in the loss of his eye.

5.     On or about February 4, 1983, following a trial, a jury awarded Mr.

Dimon $710,000.00 for his injuries against the defendant, Jenny C., Inc.

6.     Mr. Dimon was represented at all times for the trial and subsequent

settlement by Latti Associates, operated under the authority of Michael B. Latti.

7.     Latti & Anderson, LLP is the successor in interest to Latti Associates.

8.     Upon information and belief, following the verdict, the parties entered into

a settlement agreement, approved by the United States District Court for the District of

Rhode Island and a *guardian ad litem* appointed by the Court, which would allegedly

provide Mr. Dimon with a lump sum payment of $250,000.00 and an annuity for the life

of Mr. Dimon.  The annuity would pay Mr. Dimon a set amount (beginning at $1,450.45)

each month with the amount increasing by three (3) percent each year.

9.     Upon information and belief, prior to settlement, the court appointed

Leonard Decof, Esquire as *guardian ad litem* to review the settlement and report to the

Court.

10.    The *guardian ad litem* was appointed by the Court due to Mr. Dimon's

inability to read or understand the settlement contract and was an extra measure by the

Court to protect Mr. Dimon even though he had separate counsel through Latti

Associates.

11.    American Motorists Insurance Company, now Kemper Insurance

Company (hereinafter collectively "Kemper") applied for a twenty-year certain annuity.

12.    Defendant, Dean Witter Reynolds, Inc., now Morgan Stanley (hereinafter

collectively "Morgan Stanley"), brokered the annuity purchase.

13.    Charter Security Life Insurance Company (NY) now MetLife (hereinafter

collectively "MetLife") provided the annuity beginning June 5, 1983.

14.    Morgan Stanley acted as broker and at the behest of Mr. Dimon's counsel,

Latti Associates.

15.    Morgan Stanley negotiated, arranged for and "sold" the annuity to Kemper

for the benefit of Mr. Dimon.

16.    Morgan Stanley is listed as the agent on the annuity.

17.    Morgan Stanley took a commission and got paid for issuing the annuity.

18.    In July 1983, MetLife telephoned Morgan Stanley and informed them that

a clerical error had been made on the annuity contract and that the contract should have

read 240 months (20 years) rather than for life with guarantee of twenty (20) years.

19.    On or about July 14, 1983, MetLife wrote Morgan Stanley and informed

them that a clerical error had been made on the annuity contract and that the contract

should have read for 240 months (20 years) rather than for life with a guarantee of twenty

(20) years.

20.    In exchanged correspondence between Morgan Stanley, MetLife and

Kemper, the clerical error as described in Paragraph 18, was addressed.

21.    A Supplementary Contract correcting the clerical error to comply with

what was applied and paid for was forwarded to Morgan Stanley, Kemper and Mr.

Dimon's counsel, Latti Associates.

22.    On or about May 20, 2005, Mr. Dimon filed a Complaint against Michael

B. Latti, Latti Associates, Latti & Anderson, LLP, Metropolitan Life Insurance Company,

Kemper Insurance Company, and Morgan Stanley DW, Inc. (C.A. No. 05-11073) with

this Court alleging, *inter alia*, that he was not advised of this correction.

23.    On May 5, 2003, MetLife made the final payment per the terms of the

annuity.

24.    Mr. Dimon alleged in his Complaint that upon the suspension of

payments, he attempted to contact his former lawyer at Latti Associates, now Latti &

Anderson, LLP, but was informed that no file existed and that the firm could not help

him.

25.    As a result of the suspension of payments, on May 20, 2005, Mr. Dimon

filed suit in this Court against Michael B. Latti, Latti Associates, Latti & Anderson, LLP,

Metropolitan Life Insurance Company, Kemper Insurance Company, and Morgan

Stanley DW, Inc. (C.A. No. 05-11073) alleging various counts of Breach of Fiduciary

Duty, Negligence, Breach of Contract, Negligent Misrepresentation against the

aforementioned defendants.

26.    On January 25, 2007, Morgan Stanley was dismissed from that case (C.A.

No. 05-11073) with prejudice by agreement with Mr. Dimon's present counsel and over

MetLife's objection.

27.    At the hearing on MetLife's Opposition to the Joint Motion to Dismiss

Morgan Stanley, this Court stated MetLife could bring claims against Morgan Stanley for

Indemnification and Contribution.

28.    To the extent that Mr. Dimon suffered financial loss, such loss and

damages were caused by the superseding, intervening, intentional acts of Morgan Stanley

and/or the negligent acts, conduct and/or omissions of Morgan Stanley.

4

**COUNT I**
**Contribution**

29.    MetLife hereby incorporates Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.    Mr. Dimon filed suit against MetLife alleging Breach of Contract and Negligent Misrepresentation.

31.    Mr. Dimon filed suit against Morgan Stanley alleging Breach of Contract and Breach of Fiduciary Duty.

32.    Mr. Dimon also alleged that he relied upon Morgan Stanley for advice, counsel, and information in order to make an informed decision prior to entering into any settlement agreement whereby Mr. Dimon would forfeit his rights to future compensation for his injuries and, that due to Morgan Stanley's breach, he has suffered financial loss.

33.    MetLife denies that it is liable to Mr. Dimon under any theory of liability alleged.

34.    Morgan Stanley by virtue of its acts, omissions and errors is jointly and severally liable for Mr. Dimon's financial loss.

35.    Morgan Stanley is liable to MetLife for contribution for any damages paid to Mr. Dimon.

WHEREFORE, Metropolitan Life Insurance Company demands that this Honorable Court enter judgment for contribution in its favor against the Defendant, Morgan Stanley and award damages suffered by MetLife including interest, costs, and fees incurred by MetLife in this action and such further relief as this Honorable Court deems just and proper.

## COUNT II
### Indemnification

36.    MetLife hereby incorporates Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    MetLife is without fault and, if Mr. Dimon was harmed as alleged, which MetLife denies, then such harm was caused by the breach, wrongful acts and/or omissions of Morgan Stanley.

38.    In the event that MetLife is adjudged to be liable to Mr. Dimon, which MetLife denies, Morgan Stanley is obligated to indemnify MetLife and hold it harmless against losses, costs and/or damages which MetLife may incur in defense of this action.

WHEREFORE, Metropolitan Life Insurance Company demands that this Honorable Court enter judgment in its favor requiring the Defendant, Morgan Stanley to indemnify MetLife and hold it harmless against any losses, costs and/or damages which MetLife may incur in defense of this action plus attorney's fees, costs of defense and such further relief as this Honorable Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Plaintiff,

METROPOLITAN LIFE INSURANCE
COMPANY,

By Its Attorneys,

Dated:_____

_____
James J. Ciapciak (#552328)
Peter M. LeBlanc, (#645302)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(p) 781-255-7401
(f) 781-255-7402

F:/JJC/Dimon/Pleadings/Complaint-MS.doc

7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br>    Plaintiff,<br><br>Vs.<br><br>MICHAEL B. LATTI, LATTI ASSOCIATES, LATTI & ANDERSON LLP,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C. A. No: _____

## COMPLAINT

Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by

counsel, as and for its Complaint against Defendants, MICHAL B. LATTI, LATTI

ASSOCIATES, LATTI & ANDERSON, LLC (collectively referred as "Latti

Defendants"), alleges as follows:

### JURISDICTION

1.      Jurisdiction is proper pursuant to 28 U.S.C., sec. 1332(a). Venue is proper

in the District Court of Massachusetts pursuant to 28 U.S.C., sec. 1391(c).

### PARTIES

2.      MetLife at all relevant times hereinafter mentioned was and still is, an

insurance company organized and existing under and by virtue of the laws of the State of

New York with its principal place of business located in New York.

3.      Upon information and belief, Defendant Michael B. Latti is a resident of

the State of Maine and a lawyer licensed to practice law in the Commonwealth of

Massachusetts in 1983.

DRAFT

4.     Upon information and belief, Defendant Latti Associates was a firm created under the laws of the Commonwealth of Massachusetts by Michael B. Latti, with a principal place of business at 30-31 Union Wharf, Boston, Massachusetts.

5.     Upon information and belief, Defendant Latti & Anderson, LLP, is a law firm created under the laws of the Commonwealth of Massachusetts, with a principal place of business at 30-31 Union Wharf, Boston, Massachusetts.

6.     Upon information and belief, Defendant Latti & Anderson, LLP is the successor in interest to Latti Associates.

## FACTUAL ALLEGATIONS

7.     In 1981, Dennis Dimon ("Mr. Dimon") was severely injured while serving as a member of the crew aboard the F/V Jenny C., resulting in the loss of his eye and other injuries.

8.     On or about February 4, 1983, following a trial, a jury awarded Mr. Dimon $710,000.00 for his injuries against the defendant, Jenny C., Inc., the owner of the F/V Jenny C.

9.     Mr. Dimon was represented at all times for the trial and subsequent settlement by Latti Associates, operated under the authority of Michael B. Latti.

10.     Following the verdict, the parties to Dimon v. Jenny C. entered into a settlement agreement, approved by the United States District Court for the District of Rhode Island and a *guardian ad litem* appointed by the Court, which would allegedly provide Mr. Dimon with a lump sum payment of $250,000.00 and an Annuity for the life of Mr. Dimon. The Annuity would pay Mr. Dimon a set amount (beginning at $1,450.45) each month with the amount increasing by three (3) percent each year.

2

11.     Upon information and belief, prior to settlement, the court appointed

Leonard Decof, Esquire as *guardian ad litem* to review the settlement and report to the

Court.

12.     The *guardian ad litem* was appointed by the Court due to Mr. Dimon's

inability to read or understand the settlement contract and was an additional and

extraordinary measure by the Court to protect Mr. Dimon even though he had separate

counsel through Latti Associates.

13.     American Motorists Insurance Company, now Kemper Insurance

Company (hereinafter collectively "Kemper") applied for a twenty-year certain annuity.

14.     Dean Witter Reynolds, Inc., now Morgan Stanley (hereinafter collectively

"Morgan Stanley"), brokered the annuity purchase.

15.     Morgan Stanley acted as broker and at the behest and at the direction of

Mr. Dimon's counsel, Latti Associates.

16.     As counsel, Latti Associates owed a fiduciary duty to Mr. Dimon.

17.      On behalf of Latti Associates, Morgan Stanley negotiated, arranged for

and "sold" the annuity to Kemper for the benefit of Mr. Dimon.

18.     As an agent of Latti Associates, Morgan Stanley took a commission and

got paid for issuing the annuity.

19.     As Mr. Dimon's attorneys, Latti Associates took a fee for legal services

rendered to Mr. Dimon in the Dimon v. Jenny C. litigation and subsequent settlement.

20.     Charter Security Life Insurance Company (New York), now MetLife,

provided the Annuity beginning June 5, 1983.

3

21.    In July 1983, MetLife informed Morgan Stanley, Latti Associates' broker, that a clerical error had been made on the Supplemental Agreement and that the Supplemental Agreement should have read 240 months (20 years) rather than for life with a guarantee of twenty (20) years.

22.    The clerical error as described in Paragraph 21 was addressed in correspondence exchanged between Morgan Stanley, MetLife and Kemper during the time period between July and November, 1983.

23.    A corrected Supplementary Contract issued correcting the clerical error to comply with what was applied and paid for was forwarded to Morgan Stanley, Kemper and Mr. Dimon's counsel, Latti Associates.

24.    Having knowledge that the corrected Annuity issued to Mr. Dimon and in complete disregard of their fiduciary duties to Mr. Dimon, Latti Associates took no steps to protect their client's interest and, upon information and belief, failed to inform their client that the Annuity that was issued by MetLife was for only twenty (20) years certain, with no lifetime provision.

25.    On May 5, 2003, MetLife made the final payment per the terms of the annuity.

26.    On or about May 20, 2005, Mr. Dimon filed a Complaint against Michael B. Latti, Latti Associates, Latti & Anderson, LLP, Metropolitan Life Insurance Company, Kemper Insurance Company, and Morgan Stanley DW, Inc. (C.A. No. 05-11073) with this Court alleging, *inter alia*, that he was not advised of the dispute regarding the terms of the Annuity.

4

27.     Mr. Dimon alleged in his Complaint that upon the suspension of
payments, he attempted to contact his former lawyer at Latti Associates, now Latti &
Anderson, LLP, but was informed that no file existed and that the firm could not help
him.

28.     On September 26, 2007, Michael B. Latti, Latti Associates and Latti &
Anderson, LLP were dismissed **without prejudice** from Dennis Dimon v. MetLife *et al*
(C.A. No. 05-11073), because the Court found that Plaintiff, *at that time,* had failed to
state a claim upon which relief could be granted as damages caused by any negligence by
the Latti Defendants were not yet certain.

29.     To the extent that Mr. Dimon suffered financial loss, such loss and
damages were caused by the superseding, intervening, intentional or negligent acts of the
Latti Defendants and/or the negligent acts, conduct and/or omissions of their agent
Morgan Stanley.

<u>COUNT I</u>
**Contribution**

30.     MetLife hereby incorporates Paragraphs 1 through 29 of this Complaint as
if fully set forth herein.

31.     Mr. Dimon filed suit against MetLife alleging Breach of Contract and
Negligent Misrepresentation.

32.     Mr. Dimon filed suit against the Latti Defendants alleging Breach of
Contract, Breach of Fiduciary Duty and Negligence.

33.     Mr. Dimon also alleged that he relied upon his Counsel for advice,
guidance, and information in order to make an informed decision prior to entering into
any settlement agreement whereby Mr. Dimon would forfeit his rights to future

5

compensation for his injuries and, that due to the Latti Defendants acts or omissions, he

has suffered financial loss.

34.    MetLife denies that it is liable to Mr. Dimon under any theory of liability

alleged.

35.    The Latti Defendants by virtue of their acts, omissions and errors are DRAFT

jointly and severally liable for Mr. Dimon's financial loss.

36.    The Latti Defendants are liable to MetLife for contribution if any damages

are paid to Mr. Dimon.

WHEREFORE, Metropolitan Life Insurance Company demands that this

Honorable Court enter judgment for contribution in its favor against the Latti Defendants

and award damages suffered by MetLife including interest, costs, and fees incurred by

MetLife in this action and such further relief as this Honorable Court deems just and

proper.

## COUNT II
### Indemnification

37.    MetLife hereby incorporates Paragraphs 1 through 36 of this Complaint as

if fully set forth herein.

38.    MetLife is without fault and, if Mr. Dimon was harmed as alleged, which

MetLife denies, then such harm was caused by the breach, wrongful acts and/or

omissions of the Latti Defendants.

39.    In the event that MetLife is adjudged to be liable to Mr. Dimon, which

MetLife denies, the Latti Defendants are obligated to indemnify MetLife and hold it

harmless against losses, costs and/or damages which MetLife may incur in defense of this

action.

WHEREFORE, Metropolitan Life Insurance Company demands that this

Honorable Court enter judgment in its favor requiring the Latti Defendants to indemnify

MetLife and hold it harmless against any losses, costs and/or damages which MetLife

may incur in defense of this action plus attorney's fees, costs of defense and such further

relief as this Honorable Court may deem just and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Plaintiff,

METROPOLITAN LIFE INSURANCE
COMPANY,

By Its Attorneys,                    DRAFT

Dated:_____

_____
James J. Ciapciak (#552328)
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA 02062
(p) 781-255-7401
(f) 781-255-7402


F:/JJC/Dimon/Pleadings/Complaint-Latti.doc


7