UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DENNIS DIMON,

        Plaintiff,

VS.

        C. A. No: 05-11073 NG

METROPOLITAN LIFE
INSURANCE COMPANY, KEMPER
INSURANCE COMPANY,
MORGAN STANLEY DW, INC.,
MICHAEL B. LATTI, LATTI
ASSOCIATES, and LATTI &
ANDERSON LLP,

        Defendants.

## METROPOLITAN LIFE INSURANCE COMPANY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DAMAGES AGAINST METLIFE

### ORAL HEARING REQUESTED

Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife"), moves for an Order precluding Plaintiff from presenting any documents, testimony or other evidence regarding damages against MetLife at trial. Any such evidence, without expert testimony, is entirely speculative.

Plaintiff's sole remaining claim against MetLife is based on an alleged breach of contract regarding an annuity that Kemper Insurance Company ("Kemper") applied and paid for, and which was negotiated by Plaintiff's counsel (at the time Michal B. Latti, of Latti & Anderson, LLP, successor in interest to Latti Associates), through Morgan Stanley D.W., Inc, (successor in interest to Dean Witter Reynolds.)

No annuity has been produced to which Plaintiff can point at in order to prove his damages. MetLife's position is that it paid to Mr. Dimon the benefits of an annuity that Kemper applied for and that Kemper paid for: a 20 year certain annuity was all that $175,000.00 could purchase at the monthly amount that Mr. Dimon received.

Plaintiff has submitted no evidence as to what $175,000.00 would have purchased in the form of an annuity in 1983. The only testimony on the subject from someone who looked at what that amount would buy is from Barbara Fasman, who testified that $175,000.00 would not have been enough to get what Mr. Dimon received in monthly payments beyond a 20 year certain annuity. A 20 year certain annuity, *at that monthly amount*, according to the only testimony on record, would have cost much more. Plaintiff has no expert on this subject of damages, nor has he produced any evidence regarding his life expectancy in 1983 or now in 2008 from which a jury could even begin to speculate what his damages were or are now. Having identified no expert, Plaintiff cannot prove his damages.

The only evidence in the record as to what $175,000.00 could purchase in 1983 beyond Ms. Fasman's testimony is an April 18, 1983 Memorandum produced by Kemper that corroborates Ms. Fasman's testimony. It is from J. L. Noe to Klaus Lemhoefer, both of whom were Kemper employees. A copy of this memorandum is attached as Exhibit "A" (produced by Kemper as document number K-0102).

Exhibit "A" is very clear in that Kemper, a company that operated in the annuity industry, presented four alternative offers to Attorney Latti (Mr. Dimon's attorneys at the time), to provide **$1,100.00** per month for life, 20 year certain with 3% compounded annually added annually. Based on quotations from Maglsdorf, a Kemper employee, the best cost for such an Annuity would be **$180,863.00**. *See* Exhibit "A", ¶ 2. When Plaintiff's counsel, Latti, inquired

2

about the cost of monthly benefits in the amount of **$1,450.00** per month for life. Kemper's own employees confirmed that Kemper "checked with two brokers and was **unable to come anywhere near th[at] pay-out for $175,000[.00] cost**." Id. [Emphasis added].

Since Plaintiff intentionally has opted *not* to identify any expert witness to prove his damages, the only evidence presented is that Plaintiff only could have received either: A) *$1,100.00 for 20 years certain and life thereafter* for a cost of $180,863.00; or B) *$1,450.00 for 20 years certain* for a cost of 175,000.00. He received the latter, which is what was applied for by Kemper and paid for by Kemper. He received the benefit of the bargain for what Kemper paid. While Mr. Dimon may look to Kemper for the "plus life" portion of what he negotiated in his settlement, Kemper did not apply for or buy any such product from MetLife. As such, Plaintiff has no damages against MetLife.

It is not disputed that Plaintiff received an annuity issued by MetLife a total of **$467,689.62** in payments starting at $1,450.45 per month with 3% compounded annually added annually for 20 years. *See* Excel Spreadsheet of Payments Starting in the Amount of $1,450.45 per Month attached as Exhibit "B". Had Plaintiff and/or his counsel, in 1983, opted for the *lifetime* annuity starting with payments in the amount of $1,100.00, **as quoted by Kemper in the memorandum**, Plaintiff would only have received **$354,688.94** in payments over the 20 year certain period. *See* Excel Spreadsheet of Payments Starting in the Amount of $1,100.00 per Month attached as Exhibit "C".

Without calculating the net present value of the different payment options (which an expert witness or an actuary would need to do before Plaintiff may even assert these lesser

3

damage amounts), Plaintiff received over **$113,000.00** in payments during a 20 year period, more that he would had received had Plaintiff's attorneys purchased a life time annuity.[1]

In order to prove <u>any</u> damages, Plaintiff needs an expert witness, who need to present testimony as Plaintiff's life expectancy in 1983 <u>and</u> about the annuity costs in 1983, as well as now. Having failed to identify any expert at all, Plaintiff cannot prove future damages. Plaintiff intentionally failed to identify an expert for a reason. The best Plaintiff can do is obtain a verdict against Kemper for what he negotiated in the Seaman's Release, or somehow a verdict against MetLife, which must then be reduced by the net present value of the excess $113,000.00 that Plaintiff received over the 20 year certain period. More likely, as a matter of law, Plaintiff is entirely precluded from proving *any* damages against MetLife (and possibly Kemper) as he already received from MetLife the benefit of the bargain of what the $175,000.00 paid to MetLife by Kemper for a 20 Year Certain annuity. Even in equity, Plaintiff received the benefit of what $175,000.00 could buy in 1983, and cannot otherwise prove any damages at trial.

***WHEREFORE***, Metropolitan Life Insurance Company prays that this Court issue an Order precluding Plaintiff from presenting any documents, testimony or other statements regarding damages against MetLife.

## REQUEST FOR ORAL ARGUMENT

MetLife respectfully requests that, pursuant to Local Rule 7.1(D), the Court schedule this matter for oral argument. Oral argument will assist the Court in making its decision on

---

[1] Subtracting the approximate amount of $162,000.00 that Plaintiff could possibly, but not likely, prove at trial, Plaintiff's damages are caped out at $48,000.00.

MetLife's Motion.

Respectfully submitted by:

Defendant,

METROPOLITAN LIFE INSURANCE COMPANY,

By its Attorneys,

/s/ James J. Ciapciak
James J. Ciapciak, BBO # 552328
Peter M. LeBlanc, BBO # 645302
CIAPCIAK & ASSOCIATES, P.C.
99 Access Road
Norwood, MA  02062
Tel:  (781) 255-7401
Fax:  (781) 255-7402

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed via the ECF system and will be served electronically through that system upon Counsel of Record on May 14, 2008.

/s/ James J. Ciapciak
James J. Ciapciak

cc: Mary Graci, Ocean Marine Claim, New York City
    T. J. Donohue, Tech. Claim, Long Grove, B-8
    John Kimberly, Tech. Claim, Long Grove, B-8
    R. W. Boncher, Tech. Claim, Long Grove, B-8



Date 4-18-83

To Klaus Lemhoefer, Div. Claim, Summit

From J. L. Noe, Tech. Claim, Long Grove, B-8

Previous Comm.

Regarding 399 LM 106125-Z
DIMON VERSUS JENNY C., INC.

J. LaTORRE   APR 21 1983

Assigned to negotiate settlement within our $400,000 policy limit, I met with plaintiff's attorneys Hughes and Latti at Latti Associates, Boston, Massachusetts. Structured settlement negotiations were undertaken resulting in settlement at $250,000 cash plus $175,000 to be applied toward purchase of an annuity to provide plaintiff a monthly income for life, 20 years certain with 3% compounded annually added annually. Primary carrier Home Insurance will contribute the remainder of their policy limit toward the cash portion. They have not been billed for legal services and expense of their trial counsel. To date, they have paid $1,340 maintenance, $12,829.61 medical bills, $4,032.95 legal and survey expense through mid-January for a total of $18,202.56. After remaining legal expense is paid, they should be able to contribute approximately $75,000 toward the settlement.

I conducted settlement negotiations on a basis of pay-outs and would not reveal our annuity costs. Plaintiff's attorney insisted that he be able to obtain competitive bidding. I presented four alternative offers, one of which was to provide $1,100 per month for life, 20 years certain with 3% compounded annually added annually. Based on quotations from Mangelsdorf cost would be $180,863. Plaintiff's attorney agreed that if I would pay $175,000 and agree to be nominal owner of the annuity he would place it with an A rated life insurance company from whom he would be able to purchase $1,450 per month for life, 20 years certain with 3% compounded annually added annually. I checked with two brokers and was unable to come anywhere near this pay-out for $175,000 cost. After consultation with Mr. Boncher, we agreed with the condition that we will not guarantee payments and plaintiff will have no recourse against defendants or carriers in the event of default by the life insurance company. That company will be Charter Life Insurance Company.

Throughout I have been in consultation with New York City counsel John Moore, Providence, Rhode Island counsel W. Slater Allen and Home Insurance Claims Representative John Falvey of their North Haven, Connecticut office. Mr. Moore and Mr. Allen have consulted and guidelines established to protect our rights

Klaus Lemhoefer
4-18-83
-2-

to bring an action against Home Insurance after settlement should we so desire. Mr. Lemhoefer will ask Mr. Moore to give us a report assessing our chances. The case will be set for hearing on the settlement and certified notice of that hearing given to Home Insurance.

I will attend to various details necessary to bring this case to conclusion including signing the application for the annuity, arranging for payment of the premium and delivery of my copy of the claim file to Mr. Moore. Thereafter, I will close my interest without further report.

JLN:es

K-0103

|         | Monthly Payment (Increased by 3% per year) | Total Payments by Year |
|---------|---------|---------|
| Year 1  | $1,450.45 | $17,405.40 |
| Year 2  | $1,493.96 | $17,927.56 |
| Year 3  | $1,538.78 | $18,465.39 |
| Year 4  | $1,584.95 | $19,019.35 |
| Year 5  | $1,632.49 | $19,589.93 |
| Year 6  | $1,681.47 | $20,177.63 |
| Year 7  | $1,731.91 | $20,782.96 |
| Year 8  | $1,783.87 | $21,406.45 |
| Year 9  | $1,837.39 | $22,048.64 |
| Year 10 | $1,892.51 | $22,710.10 |
| Year 11 | $1,949.28 | $23,391.40 |
| Year 12 | $2,007.76 | $24,093.14 |
| Year 13 | $2,067.99 | $24,815.94 |
| Year 14 | $2,130.03 | $25,560.42 |
| Year 15 | $2,193.94 | $26,327.23 |
| Year 16 | $2,259.75 | $27,117.05 |
| Year 17 | $2,327.55 | $27,930.56 |
| Year 18 | $2,397.37 | $28,768.47 |
| Year 19 | $2,469.29 | $29,631.53 |
| Year 20 | $2,543.37 | $30,520.47 |

Total Payments over 20 years
$467,689.62

|  | Monthly Payment (Increased by 3% per year) | Total Payments by Year |
|---|---|---|
| Year 1 | $1,100.00 | $13,200.00 |
| Year 2 | $1,133.00 | $13,596.00 |
| Year 3 | $1,166.99 | $14,003.88 |
| Year 4 | $1,202.00 | $14,424.00 |
| Year 5 | $1,238.06 | $14,856.72 |
| Year 6 | $1,275.20 | $15,302.42 |
| Year 7 | $1,313.46 | $15,761.49 |
| Year 8 | $1,352.86 | $16,234.34 |
| Year 9 | $1,393.45 | $16,721.37 |
| Year 10 | $1,435.25 | $17,223.01 |
| Year 11 | $1,478.31 | $17,739.70 |
| Year 12 | $1,522.66 | $18,271.89 |
| Year 13 | $1,568.34 | $18,820.04 |
| Year 14 | $1,615.39 | $19,384.65 |
| Year 15 | $1,663.85 | $19,966.18 |
| Year 16 | $1,713.76 | $20,565.17 |
| Year 17 | $1,765.18 | $21,182.12 |
| Year 18 | $1,818.13 | $21,817.59 |
| Year 19 | $1,872.68 | $22,472.12 |
| Year 20 | $1,928.86 | $23,146.28 |

Total Payments over 20 years
$354,688.94