UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DENNIS DIMON,<br>Plaintiff, | )<br>)<br>)<br>) |  |
| vs. | ) | CIVIL ACTION NO. 05-11073 NG |
| METROPOLITAN LIFE<br>INSURANCE COMPANY and KEMPER<br>INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |  |
| Defendants. | )<br>) |  |

**PLAINTIFF'S MOTION IN LIMINE**
**ORAL HEARING REQUESTED**

The Plaintiff objects to the admissibility of the following purported letters identified as exhibits by MetLife in the Final Pretrial Memorandum:

i. A copy of correspondence, dated September 24, 1999, from Teresa Thorp to Dennis Dimon;

j. A copy of correspondence, dated July 9, 2003, from Sandy Franklin to Dennis Dimon; and

k. A copy of an additional correspondence, dated July 9, 2003, from Sandy Franklin to Dennis Dimon

on the grounds that they cannot be authenticated, they constitute inadmissible hearsay, and their irrelevance and immateriality will only serve to mislead the jury.

**Authenticity**

Though the purported letters meet the requisite age to be an ancient document, none can be proven to "come from proper custody" and, because they are not on letterhead and

1

presumably very recently output from a printer, none of the letters can be proven "free of a suspicious appearance."  *See* Moore's Federal Rules Pamphlet, <u>Part 2: Federal Rules of Evidence</u>, § 803.6[16], 822 (2008) *citing to* Fed.R.Evid. 901(b)(8); *see also* Moore's at § 901.6 *citing to* <u>Chavez v. Thomas & Betts Corp.</u>, 396 F.3d 1088, 1101 (10th Cir. 2005) (documents **bearing defendant's letterhead** that defendant produced during discovery bear their own sufficient evidence of their authenticity).

Typed words on white paper are not enough.  If they were, then the courts would be plagued by a flood of such self-serving documents and the court's evidentiary gate-keeping role would be detrimentally diminished.  Since, *contrary* to <u>Chavez</u>, *supra*, MetLife's purported letters do not appear on letterhead and because they bear no other marks that lend to their authenticity, they should be excluded.

**<u>Hearsay</u>**

The three purported letters also constitute hearsay under Rule 801, and are therefore inadmissible under Rule 802.  *See* Fed.R.Evid. 801-802.  These letters were purportedly written by MetLife employees Teresa Thorp and Sandy Franklin, in 1999 and 2003.  The Plaintiff believes that MetLife intends to offer these letters, if authenticated, to prove the truth of the matter asserted therein; namely, that the Annuity was allegedly only payable for twenty years certain and not for life.  As such, the letters are hearsay and should be precluded.

| | |
|---|---|
| Respectfully submitted,<br>Dennis Dimon,<br>By his attorneys,<br><br>  /s/Brian Keane_____<br>DAVID B. KAPLAN, B.B.O. No. 258540<br>BRIAN KEANE, B.B.O. No. 656717<br>THE KAPLAN/BOND GROUP<br>88 Black Falcon Avenue, Suite 301<br>Boston, MA 02210<br>(617) 261-0080 | I hereby certify that a true copy of the above document was served upon each attorney of record by ECF on May 14, 2008.<br><br>  /s/Brian Keane_____ |

May 14, 2008